Virginia R. Richard, Esq. (VR 6294)
Lana C. Marina, Esq. (LM 1667)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
Attorneys for Plaintiff
GOOGLE INC.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------)
GOOGLE INC.,　　　　　　　　　　　　　)
a Delaware corporation,　　　　　　　　　　)　　CV-05-1779 (TCP) (ETB)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
RICHARD WOLFE d/b/a　　　　　　　　　)
FROOGLES.COM,　　　　　　　　　　　　)
an individual,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　　　　)
---------------------------------------------------)

### PLAINTIFF'S REPLY TO COUNTERCLAIM

Plaintiff/Counter-Defendant, GOOGLE INC. ("Plaintiff" and/or "Counter-Defendant"), for its Reply to the Counterclaims filed by Defendant/Counter-Claimant, Richard Wolfe d/b/a froogles.com ("Defendant" and/or "Counter-Claimant"), alleges as follows:

### BACKGROUND FACTS

1. In response to the allegations set forth in Counterclaim ¶ 1, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.

2. In response to the allegations set forth in Counterclaim ¶ 2, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.

3. In response to the allegations set forth in Counterclaim ¶ 3, Counter-Defendant denies that Counterclaimant designed or owns the website www.froogle.com, as alleged by Counterclaimant.[1] Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Counterclaim ¶ 3 and, therefore, denies same.

4. In response to the allegations set forth in Counterclaim ¶ 4, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.

5. In response to the allegations set forth in Counterclaim ¶ 5, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.

6. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 6.

---

[1] Counter-Defendant affirmatively asserts that Counterclaimant's "Errata Sheet," filed on June 29, 2005, is neither a substitute for Counterclaimant's original Answer and Counterclaim nor an effective Amended Answer and Counterclaim and, therefore, the Answer and Counterclaim filed by Counterclaimant on June 24, 2005 is the operative pleading in this proceeding.

2

7. In response to the allegations set forth in Counterclaim ¶ 7, Counter-Defendant admits that Counterclaimant filed U.S. Application Serial No. 78/297,093 for the mark FROOGLES on September 8, 2003. Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 7.

8. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 8.

9. Counter-Defendant admits that it filed Application Serial No. 78/187,946 for the mark FROOGLE on November 22, 2002 and, therefore, Counter-Defendant is the senior applicant for the FROOGLE mark. Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 9.

10. In response to the allegations set forth in Counterclaim ¶ 10, Counter-Defendant denies that Counterclaimant owns any right whatsoever in the "trademark FROOGLE for Internet shopping related services."[2] The remaining allegations set forth in Counterclaim ¶ 10 consist solely of attorney argument and not facts and, therefore, no response thereto is required. To the extent that a response thereto is deemed required, Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 10.

11. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 11.

---

[2] Counter-Defendant affirmatively asserts that Counterclaimant's "Errata Sheet," filed on June 29, 2005, is neither a substitute for Counterclaimant's original Answer and Counterclaim nor an effective Amended Answer and Counterclaim and, therefore, the Answer and Counterclaim filed by Counterclaimant on June 24, 2005 is the operative pleading in this proceeding.

12. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 12.

13. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 13.

14. In response to the allegations set forth in Counterclaim ¶ 14, Counter-Defendant denies that the panel appointed by the National Arbitration Forum consisted solely of "two retired judges." Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 14 to the extent that such allegations are inconsistent with the cited decision.

15. In response to the allegations set forth in Counterclaim ¶ 15, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 15 to the extent that such allegations are inconsistent with the cited decision.

16. In response to the allegations set forth in Counterclaim ¶ 16, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 16 to the extent that such allegations are inconsistent with the cited decision.

17. In response to the allegations set forth in Counterclaim ¶ 17, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 17 to the extent that such allegations are inconsistent with the cited decision.

18. In response to the allegations set forth in Counterclaim ¶ 18, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 18 to the extent that such allegations are inconsistent with the cited decision.

## JURISDICTION AND VENUE

19. In response to the allegations set forth in Counterclaim ¶ 19, Counter-Defendant admits that 28 U.S.C. §§ 1331, 1338, and 1367(a) provide a basis for the exercise of jurisdiction, but denies that any action by Counter-Defendant provides the basis for the exercise of jurisdiction under any of the cited provisions.

20. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 20.

## COUNT I

### FALSE DESIGNATION OF ORIGIN

21. Counterclaimant repeats and realleges its responses to Counterclaim ¶¶ 1-20, as if fully set forth herein.

22. In response to the allegations set forth in Counterclaim ¶ 22, Counter-Defendant denies that it uses the "FROOGLES trademark." In further response to the allegations set forth in Counterclaim ¶ 22, Counter-Defendant admits that Counterclaimant purports to set forth a cause of action under 15 U.S.C. § 1125(a), but denies that any action by Counter-Defendant gives rise to any cause of action under the Lanham Act.

23. In response to the allegations set forth in Counterclaim ¶ 23, Counter-Defendant denies that it uses the "FROOGLES trademark." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 23.

24. In response to the allegations set forth in Counterclaim ¶ 24, Counter-Defendant denies that it uses the "FROOGLES trademark." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 24.

25. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 25.

26. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 26.

27. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 27.

## COUNT II

### REVERSE CONFUSION

28. Counter-Defendant repeats and realleges its responses to Counterclaim ¶¶ 1-27 as if fully set forth herein.

29. In response to the allegations set forth in Counterclaim ¶ 29, Counter-Defendant denies that it uses the "FROOGLES trademark." In response to the remaining allegations set forth in Counterclaim ¶ 29, Counter-Defendant admits that Counterclaimant purports to set forth a cause of action under 15 U.S.C. § 1125(a), but denies that any action by Counter-Defendant gives rise to any cause of action under the Lanham Act.

30. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 30.

31. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 31.

32. In response to the allegations set forth in Counterclaim ¶ 32, Counter-Defendant asserts that its Complaint speaks for itself and, therefore, Counter-Defendant denies the allegations set forth in Counterclaim ¶ 32 to the extent that they are inconsistent with the Complaint.

33. In response to the allegations set forth in Counterclaim ¶ 33, Counter-Defendant asserts that its Complaint speaks for itself and, therefore, Counter-Defendant denies the allegations set forth in Counterclaim ¶ 33 to the extent that they are inconsistent with the Complaint.

34. In response to the allegations set forth in Counterclaim ¶ 34, Counter-Defendant admits that Counterclaimant purports to offer internet search services under the mark FROOGLES, and that such services are identical to services offered by Counterclaimant under its world-famous GOOGLE names and marks. Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 34.

35. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 35.

36. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 36.

37. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 37.

38. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 38.

39. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 39.

40. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 40.

## COUNT III

## STATE UNFAIR COMPETITION

41. Counter-Defendant repeats and realleges its responses to Counterclaim ¶¶ 1-40 as if fully set forth herein.

42. Counter-Defendant admits that Counterclaimant purports to set forth a claim for unfair competition under the cited statute and that this Court may exercise jurisdiction over such claim, but denies that any action by Counter-Defendant gives rise to any cause of action under New York General Business Law § 360-l.

43. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 43.

44. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 44.

## COUNT IV

## NEW YORK COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

45. Counter-Defendant repeats and realleges its responses to Counterclaim ¶¶ 1-44 as if fully set forth herein.

46. Counter-Defendant admits that Counterclaimant purports to set forth a claim for common law trademark infringement and unfair competition under the common law of the State of New York, and that the Court may exercise jurisdiction over such claim, but denies that

any action by Counter-Defendant gives rise to any cause of action under the common law of the State of New York.

47. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 47.

48. In response to the allegations set forth in Counterclaim ¶ 48, Counter-Defendant denies that it uses the "trademark FROOGLES." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 48.

49. In response to the allegations set forth in Counterclaim ¶ 49, Counter-Defendant denies that Counterclaimant owns the "common law trademark FROOGLE," and in addition denies the remaining allegations set forth in Counterclaim ¶ 48.

50. In response to the allegations set forth in Counterclaim ¶ 50, Counter-Defendant denies that Counterclaimant owns the "common law trademarks in FROOGLE" and that he owns any "rights in the FROOGLE trademark." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 50.

51. In response to the allegations set forth in Counterclaim ¶ 51, Counter-Defendant denies that Counterclaimant owns the "common law trademark FROOGLE." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 51.

52. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 52.

53.  Counter-Defendant denies the allegations set forth in Counterclaim ¶ 53.

**WHEREFORE**, Plaintiff/Counter-Defendant prays:

(A)  That Defendant/Counter-Claimant's Counterclaims be dismissed in their entirety with prejudice;

(B)  That the relief sought in Plaintiff/Counter-Defendant's Complaint be granted;

(C)  That Plaintiff/Counter-Defendant be awarded costs and disbursements in this action, together with such other relief as the Court deems proper.

Dated: July 14, 2005          By:  _____
                                    Virginia R. Richard, Esq. (VR 6294)
                                    Lana C. Marina, Esq. (LM 1667)
                                    WINSTON & STRAWN LLP
                                    200 Park Avenue
                                    New York, New York 10166
                                    Telephone: (212) 294-6700
                                    Facsimile: (212) 294-4700

                                    Attorneys for Plaintiff
                                    GOOGLE INC.

OF COUNSEL:

Andrew P. Bridges, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Michael S. Kwun, Esq.
Rose Hagan, Esq.
GOOGLE INC.
1600 Amphitheatre Parkway
Mountain View, California 94043
Telephone: (650) 253-0000

## CERTIFICATE OF SERVICE

  I hereby certify that on July 14, 2005 a true and correct copy of the foregoing Reply to Counterclaims was duly served on counsel of record for Defendant by electronic mail and U.S. first class pre-paid mail in an envelope addressed as follows:

> Robert L. Powley, Esq. (rlpowley@powleylaw.com)
> Law Office of Robert L. Powley, P.C.
> 417 Canal Street, 4th Floor
> New York, New York 10013

_____
Denise Bolden