# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

VIRGINIA R. RICHARD
(212) 294-4639
vrichard@winston.com

October 17, 2005

**VIA ELECTRONIC CASE FILING**

The Honorable E. Thomas Boyle
United States Magistrate Judge
United States District Court for the Eastern District of New York
Long Island Courthouse
1044 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

        Re:     **Google Inc. v. Richard Wolfe d/b/a Froogles.com,**
                 **Civ. Action No. CV 05-1779 (TCP) (ETB) (E.D.N.Y.)**

Dear Judge Boyle:

        On behalf of Plaintiff, Google Inc., we join in Defendant Richard Wolfe's October 14, 2005 request for the Court's intervention regarding the terms of a protective order governing the production of confidential documents. We believe that it would be helpful for the Court to review both parties' draft protective orders. Attached hereto as Exhibit Nos. 1 and 2, respectively, are Google's proposed protective order and a redlined version showing Mr. Wolfe's suggested revisions thereto.

        As we advised counsel for Mr. Wolfe (see Exhibit No. 3), his suggested revisions are unacceptable in several respects. First, Mr. Wolfe seeks to limit the definition of CONFIDENTIAL - ATTORNEYS' EYES ONLY to the following categories of documents:

        "(1)     licensing agreements;

        (2)     information about new products that are in the planning stage or that the designating party plans to introduce but that are not yet offered for sale at retail;

        (3)     the designating party's current or future marketing or business plans for any of its products;

WINSTON & STRAWN LLP

The Honorable E. Thomas Boyle
October 17, 2005
Page 2

      (d) (sic)      information concerning the pricing of products, sale volumes and advertising expenditures; and

      (3) (sic)      consumer and marketing research and documents that refer or relate thereto (except those conducted specifically for this litigation)."

Under Mr. Wolfe's proposed definition, a vast number of documents would not be subject to the higher level of protection and would be freely available to him personally, including but not limited to documents relating to: Google's technological information, data, research and development; Google's research and development activities with respect to products and services which are not yet in the "planning stage" and are not subject to an imminent launch; Google's financial information; Google's competitive analyses; Google's trademark policing efforts; Google's branding strategies; Google's board of directors meeting minutes; Google's geographic expansion plans; Google's past marketing and business plans; Google's personnel files, and the like. In fact, Mr. Wolfe revised Google's definition of CONFIDENTIAL in paragraph 1(a) to include "proprietary data, proprietary business information, and/or research, development, personnel, commercial or financial information," all of which information would be freely available to Mr. Wolfe under the terms of the order.

Google, as a major public company, has a responsibility to its stockholders to exercise great care with respect to the disclosure of its proprietary information, accordingly, Google believes that the disclosing party should have the discretion to determine what records require a higher level of protection. Google's highly confidential proprietary information should not be pigeonholed by Mr. Wolfe's limited categories. As Mr. Wolfe is a direct competitor of Google, Google is concerned regarding the prospective disclosure to him of highly valuable business records which he could use to develop his own business or through inadvertence, disclose to others. The parties are equally well-served by providing that each may unilaterally determine what sensitive materials must be restricted to trial counsel of record.

As Mr. Wolfe is entitled to review documents designated as CONFIDENTIAL and is barred from receiving CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, Mr. Wolfe's insistence on an arbitrarily restricted definition of the latter term appears to be an attempt to provide Mr. Wolfe with access to Google's highly confidential business records. Mr. Wolfe has provided no explanation as to why he should be granted access to Google's sensitive business records for purposes of litigating this case. His trial counsel of record will have full access to all such materials for all purposes in this litigation.

Second, Mr. Wolfe has proposed that all attorneys for the receiving party be granted access to CONFIDENTIAL - ATTORNEYS' EYES ONLY materials, instead of limiting disclosure to the receiving party's trial counsel of record, as Google has proposed. Paragraph 4(A) of Google's proposed Protective Order restricts access to documents designated as CONFIDENTIAL to: (1) the receiving party's attorneys; (2) corporate officers and certain

**WINSTON & STRAWN** LLP

The Honorable E. Thomas Boyle
October 17, 2005
Page 3

employees; (3) expert witnesses; (4) court reporters; and (5) the Court and court personnel. Paragraph 4(B) of Google's proposed Order restricts access to documents designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY to: (1) trial counsel of record; (2) trial counsel's employees; (3) the persons identified in paragraph 4(A)(3), (4) and (5).

Mr. Wolfe's proposed revision would enable him to disseminate Google's most sensitive materials to all of his attorneys, whether or not they have anything to do with this case, and whether or not their identity has been disclosed to Google and this Court. Accordingly, Mr. Wolfe's tax or estate attorneys, his former counsel of record, business associates, and any family or friends who happen to be attorneys would be granted access to Google's CONFIDENTIAL - ATTORNEYS' EYES ONLY materials. Mr. Wolfe has provided no justification for demanding such broad access. Mr. Wolfe has at least four attorneys who have made appearances and currently represent him as trial counsel of record, all of whom would have full access to these materials for purposes of litigating this case. Google's proposed restriction of access to CONFIDENTIAL - ATTORNEYS' EYES ONLY materials to trial counsel of record is a standard and reasonable provision in a protective order, particularly in cases such as this involving a highly innovative technology company like Google.

Third, Mr. Wolfe's revisions frequently render Google's proposed order unintelligible.[1]

Fourth, Mr. Wolfe's new paragraph 6 was evidently cut and pasted from another order, as it does not employ the terminology used throughout Google's proposed order and is otherwise vague and ambiguous. Mr. Wolfe's counsel offered no explanation for its inclusion.

---

[1] See, e.g., Defendant's revisions to:

paragraph 1(a): "Information shall be designated as 'CONFIDENTIAL' only upon the good faith belief that the information falls within the scope of confidential information under the Federal Rules of Civil Procedure and the precedents thereto";

paragraph 4(a): "[A]ccess to and disclosure of CONFIDENTIAL (sic) shall be limited by the receiving party to . . . ";

paragraph 4(a)(2): "To the extent that either party hereto, after the date of execution hereof, designates any such employees who shall have access to CONFIDENTIAL (sic), the designating party shall identify such employees . . .. Each party hereto represents that every individual . . . given access to CONFIDENTIAL pursuant to the terms of this paragraph has been (or will be prior to receiving CONFIDENTIAL (sic)) informed of the terms of this Protective Order and has agreed (or will agree prior to receiving CONFIDENTIAL (sic)) to be bound by its terms and conditions. . ."; and

paragraph 4(b): "[A]ccess to the disclosure of CONFIDENTIAL - ATTORNEYS' EYES ONLY (sic) shall be limited by the receiving party to . . .".

There are many additional similar examples throughout Mr. Wolfe's proposed revision.

**WINSTON & STRAWN** LLP

The Honorable E. Thomas Boyle
October 17, 2005
Page 4

   Mr. Wolfe's counsel has refused to reconsider his proposed revisions in light of the foregoing arguments.  Accordingly, the parties have reached an impasse.  Google requests that its proposed Stipulated Protective Order in the form attached hereto as Exhibit 1 be entered by the Court.

              Very truly yours,

              ___S/_____
              Virginia R. Richard

Attachments
cc: R. Powley, Esq.