# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ----------------------------------------------------)<br>GOOGLE INC.,<br>a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD WOLFE d/b/a<br>FROOGLES.COM,<br>an individual,<br><br>    Defendant.<br>----------------------------------------------------) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV-05-1779 (TCP) (ETB)

## STIPULATED PROTECTIVE ORDER

As it may be necessary to take discovery in this case of information which is believed and asserted to be confidential and proprietary by the holder thereof, and since the parties hereto desire to obtain a Protective Order to prevent unnecessary dissemination of such information and to prevent disclosure thereof on the public record;

It is hereby ORDERED that the following provisions shall govern the handling of such confidential information and documents in this action:

1.    Any information obtained by one party from any other party pursuant to discovery in this district court proceeding may be used only in connection with this district court proceeding. For purposes of this Order, CONFIDENTIAL MATERIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY means information which is designated as follows:MATERIAL

a.    ~~means information which the designating party or non-party deems to constitute trade secrets or other confidential research, development or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials or devices.~~ For the purposes of this Stipulated Protective Order, the term "CONFIDENTIAL"    means information that the designating party deems to constitute confidential trade   secrets, proprietary data, proprietary business information, and/or research,        development, personnel, commercial or financial information that is not publicly   known and cannot be ascertained from an inspection of publicly available documents,    materials or devices. Information shall be designated as "CONFIDENTIAL" only    upon the good faith belief that the information falls within the scope of confidential information under the Federal Rules of Civil Procedure and the precedents thereto."

b.    ~~-~~For the purposes of this Stipulated Protective Order, the term "CONFIDENTIAL – ATTORNEYS' EYES ONLY" means information that the designating party deems to constitute or refer or relate to (1) licensing agreements; (2) information about new products that are in the planning stage or that the designating party plans to introduce but that are not yet offered for sale at retail; (3) the designating party's current or future marketing or business plans for any of its products; (d) information concerning the pricing of products, sale volumes and advertising expenditures; and (3) consumer and marketing research and documents that refer or relate thereto (except those conducted specifically for this litigation). In the event a party concludes that any document   or   information   outside   of   these   categories   should   be   deemed

"CONFIDENTIAL—ATTORNEYS' EYES ONLY", it shall mark such document as "CONFIDENTIAL—ATTORNEYS' EYES ONLY." If the receiving party objects to that designation, counsel shall confer by telephone to resolve the matter, and, if no agreement is reached, then the receiving party may seek relief from the Court.

Further to Paragraph 2, Iit shall be the duty of the person (party or non-party) who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof commences with such notice.

2.     This Order creates two (2) categories of confidentiality. Subject to the terms set forth below, the party which is producing information (a "producing party") which it deems to be confidential shall have the right to select and designate the confidentiality category it deems appropriate. The two (2) categories shall be distinguished by use of different designations. Documents and information within the higher confidentiality category may be, and hereinafter are, referred to as CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL. Documents within this category shall be limited to those documents which are extremely sensitive so that disclosure must be only to outside counsel and to those specified in Paragraph 4(B) below. Such documents shall be visibly marked with the designation "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or an equivalent designation. Documents and information within the lower confidentiality category may be, and hereinafter

3

are, referred to as CONFIDENTIAL ~~MATERIAL~~ and documents within this category shall be visibly marked with the designation "CONFIDENTIAL" or an equivalent designation.

3.      With respect to each confidentiality category, unless otherwise stated, this Order applies to, and the terms CONFIDENTIAL - ATTORNEYS' EYES ONLY ~~MATERIAL~~ and CONFIDENTIAL ~~MATERIAL~~ shall include, the following documents and information:

    (a)    all documents which have been designated by a party as within either such category;

    (b)    all copies, extracts, and complete or partial summaries prepared from such documents;

    (c)    those portions of the testimony of officers, directors, employees, representatives, agents, or expert witnesses of any party, and exhibits thereto, that disclose the contents of any such documents, copies, extracts, or summaries, or for which a separate designation of confidentiality is made at the taking of the deposition or pursuant to Paragraph 6 hereof;

    (d)    those portions of pleadings which disclose the content of any such documents or any such portions of testimony; and

4

(e)    all information contained in or obtained from any such documents or any such portions of testimony and pleadings (provided however, that the terms of this Order shall not apply to information which, although contained in protected documents, can be shown by any party to have been lawfully obtained by that party from a source other than the documents, testimony and pleadings covered by this Order and which is not otherwise subject to an obligation of confidentiality to the party originally making the designation of confidentiality).

4.    (A)    Except as otherwise permitted by this Order, access to and disclosure of CONFIDENTIAL MATERIAL shall be limited by the receiving party to:

(1)    Attorneys representing the parties hereto, including in-house counsel, and including employees (such as paralegals, secretaries, associates, clerical workers and practitioners) of those attorneys actively engaged in this litigation;

(2)    Duly elected and/or appointed corporate officers plus no more than four (4) employees of the respective parties who are actively engaged in assisting and/or advising outside counsel regarding the conduct of this litigation, together with secretaries reporting directly to them. To the extent that either party hereto, after the date of execution hereof, designates any such employees who shall have access to CONFIDENTIAL MATERIAL, the

5

designating party shall identify such employees, together with the titles, employment and responsibilities of each, in a supplemental filing with the Court, which shall be attached as an exhibit to this Order. Each party hereto represents that every individual (including corporate officers, identified employees and their respective secretaries) given access to CONFIDENTIAL MATERIAL pursuant to the terms of this paragraph has been (or will be prior to receiving CONFIDENTIAL MATERIAL) informed of the terms of this Protective Order and has agreed (or will agree prior to receiving CONFIDENTIAL MATERIAL) to be bound by its terms and conditions;

(3)    For each party, no more than three (3) other persons (in addition to those described in subparagraphs (1) and (2) above), who may be specifically designated as experts by the attorneys of record for each party or pursuant to order of the Court;

(4)    Court reporters and necessary support personnel of such court reporters retained in connection with depositions taken by any party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition;

(5)    The Court, the clerks of Court and other personnel at the federal district court which has jurisdiction of this matter to the extent necessary in hearings, or other proceedings, as exhibits or other materials for the Court's consideration.

(B)    Except as otherwise permitted by this Order, access to the disclosure of CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL shall be limited by the receiving party to:

(1)    trial counsel of record for such party;

(2) (2) attorneys, law clerks, paralegals, secretaries and clerical workers employed by such trial counsel; and

(3)    persons identified in paragraphs 4(A)(3), 4(A)(4) and 4(A)(5) above. The parties expressly agree that the persons identified in paragraphs 4(A)(1) and 4(A)(2) above shall not have access to any CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL. Such persons who are designated as experts pursuant to paragraph 4(A)(3) must be first designated to opposing counsel at least ten (10) days before disclosure of any CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL to such expert. If opposing counsel objects to the expert because of conflict of

7

interest, no such disclosure shall be made without first obtaining an order from the Court on notice.

Trial counsel of record shall have the responsibility, prior to disclosing CONFIDENTIAL MATERIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL to any other person permitted access pursuant to this paragraph, to take such steps as are necessary to ensure compliance by such person with the terms of this Order.

5.    Documents produced in the course of discovery herein which the producing party deems to contain confidential information within the meaning of this Order shall be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY by the producing party at the time of production, and copies of documents or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of production.

6.    In the event that an original copy of a document is designated "Confidential" or "Highly Confidential", and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "Confidential" or "Highly Confidential" if the receiving party is actually aware of such fact. In any event, after written notice has been received by the receiving party and the originals or copies previously not so designated are then so designated "Confidential" or "Highly Confidential", the receiving party shall be charged with maintaining the confidence.

-3-

67.    At any deposition session, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or when counsel for a person (party or non-party) deems that the answer to a question will result in the disclosure of confidential information of his or her client within the meaning of this Order, counsel, at his or her option, in lieu of taking other steps available under the Federal Rules of Civil Procedure in such situation, may direct that the question and answer be transcribed separately from the remainder of the deposition and be filed in a sealed envelope marked in the manner set forth in Paragraph 2 hereof. Further, any party shall have until ten (10) days after receipt of the deposition transcript within which to inform the other parties receiving a transcript which portions of the transcripts not already designated are to be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, and the right to make such additional designations shall be waived unless made within the ten (10) day period. Deposition transcripts will be treated by the parties as CONFIDENTIAL - ATTORNEYS' EYES ONLY until such designations are made or until the lapse of the ten (10) day period. When such a direction has been given, the testimony shall be disclosed only to those individuals allowed to receive such disclosure as specified in Paragraph 4 hereof, and the information contained therein shall not be used for any purpose other than for purposes of this proceeding. Persons other than the reporter, counsel, and such individuals as specified in Paragraph 4 hereof must leave the deposition room during the confidential portion of this deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

-3-

78.     All transcripts of depositions or portions thereof, including without limitation testimony adduced at deposition upon oral examination or upon written questions pursuant to Rules 30 and 31, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, answers to interrogatories pursuant to Rule 33 or portions thereof, and answers to requests for admissions pursuant to Rule 36 or portions thereof, exhibits, and other documents filed with the Court in this action which have previously thereto been designated as comprising or containing CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information or any pleading or memorandum purporting to reproduce or paraphrase such information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word(s) "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

> **CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.**
> **Filed pursuant to Protective Order by (name of filing Party). Not to be**
> **opened nor the contents of revealed except:**

> **(1) to the Court and then resealed,**

> **(2) by agreement of the Parties, or**

> **(3) by prior order of the Court.**

The party filing the documents shall serve notice upon all other parties that the above procedure is being invoked.

89. No person or party receiving any document or information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Protective Order shall disclose such to anyone not specified in Paragraph 4 hereof, nor use such for any purpose other than for the purposes of this action, without prior written consent of the designating party or further order of the Court.

109. Counsel for a non-designating party shall have the right to assert that any information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY is, in fact, in the public domain. Any information which, prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who is under no restriction with respect to the dissemination of such confidential information, or which after disclosure becomes public knowledge other than through an act or omission of a party receiving this information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, shall be deemed to be in the public domain. A non-designating party or person asserting that designated information is in the public domain shall, prior to any disclosure (outside of the parameters of this Order) of such information previously designated confidential, either obtain the approval, in writing, of the designating party, or the approval of the Court to make such disclosure. A similar procedure is provided if the non-designating party believes in good faith that an item should be downgraded from CONFIDENTIAL -

ATTORNEYS' EYES ONLY to CONFIDENTIAL. This Order shall be without prejudice to the right of a non-designating party or person to bring before the Court at any time the questions whether any particular information is or is not confidential (at either level) or whether disclosure at trial in open court is nevertheless necessary in the interest of justice.

110111.    This Protective Order is intended to provide a mechanism for the handling of confidential material and documents as to the disclosure or production of which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, or is not properly categorized, on any other ground it may deem appropriate, including, but not limited to, the attorney-client and work product privileges, and any party may move for relief from, or general or particular modification or, the mechanism for maintaining confidentiality herein set forth or the application of this Order in any particular circumstance.

1

112.    CONFIDENTIAL MATERIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL shall not be used for any purpose other than preparation for trial and trial of this action and any pretrial or post-trial proceeding in this action. This Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated

on the record by agreement of the parties or by order of the Court. This Protective Order may be amended by agreement of the parties in writing.

12.13. Because of the procedural complications resulting from designation of documents and testimony as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, the parties agree to exercise good faith in limiting those designations to matters in which there is a legitimate interest in confidentiality. However, should a dispute arise regarding the confidentiality designation of any information, and should counsel be unable to resolve such dispute, the party disputing the designation may move for a ruling by the Court on the ~~proprietary~~ propriety of the designation, setting forth the reasons for disputing the designation. Such motion should contain a representation that the parties have conferred and were unable to resolve the dispute. Thereupon the Court shall determine to what extent, if any, the document or documents in question are entitled to protection and no presumption of confidentiality or entitlement to the protection afforded by the terms of this Order shall rise merely because of the existence of this Order or by reason of the fact that a party has designated the document or documents at issue as falling within one of the categories of confidentiality provided for herein. Any dispute as to confidentiality shall not be grounds for delay of or for a refusal to permit discovery; provided, however, that during the pendency of the disputing party's motion, all the documents, testimony or pleadings with respect to which a dispute exists shall be deemed to have the level of confidentiality claimed by the producing party and shall be covered by the appropriate provisions of this Order. Any document or other material that was initially produced under a claim of confidentiality may be released for

-3-

disclosure or the level of confidentiality decreased subsequently by notice to that effect from the initially producing party or by order of the Court.

13 14.   Upon final termination of this action, including all appeals, all documents, testimony or pleadings within the terms of this Order, including all copies, extracts, and complete or partial summaries thereof, shall be either:

    (a)    returned to trial counsel for the party whose confidential material constituted or was included within such documents, testimony or pleadings, or

    (b)    destroyed with a representation such destruction is being made to such counsel.

14 15.   The failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  Neither the entry of this Order nor the production of documents, protected information, and material hereunder shall in any way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

15 16.   Any party knowing or believing that any other party is in violation of this Order may move the Court for an oOrder tto sShow Ceause seeking to hold that party in contempt and seeking such other relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the party alleged to be in violation of this Order shall discontinue the

performance of the acts complained of in the Order to Show Cause until the matter is ruled upon by the Court.

167.    If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client and/or work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and in control and shall immediately return the original and all copies to the producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

SO ORDERED THIS _____ day of _____, 2005.


_____
United States District Judge