# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

VIRGINIA R. RICHARD
(212) 294-4639
vrichard@winston.com

April 3, 2006

**VIA ELECTRONIC CASE FILING**

The Honorable E. Thomas Boyle
United States Magistrate Judge
United States District Court for the Eastern District of New York
Long Island Courthouse
1044 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

          Re:    Google Inc. v. Richard Wolfe d/b/a Froogles.com,
                 Civ. Action No. CV 05-1779 (TCP) (ETB) (E.D.N.Y.)

Dear Magistrate Judge Boyle:

       This firm represents Google Inc. in the above-referenced matter. We are responding to the March 30, 2006 letter of James Gibson on behalf of Defendant, Richard Wolfe, regarding Mr. Wolfe's request to depose Google's President and founder, Larry Page, Google's Vice President, Salar Kalamangar, and Google's Vice President, Jonathan Rosenberg. Google has advised counsel for Mr. Wolfe that it will be producing for deposition Craig Nevill-Manning and Debbie Jaffe, two Google employees who have direct personal knowledge of Google's development, launch, technological aspects, advertising and marketing, and day-to-day operation of its FROOGLE website, in view of the limited, if any, personal knowledge of the senior officers noticed by Mr. Wolfe.

       Although counsel for Mr. Wolfe has not responded to Google's proposed deposition dates for Mr. Nevill-Manning and Ms. Jaffe, counsel is apparently not satisfied with Google's offer and has involved the Court at this premature juncture, prior to Mr. Wolfe taking the depositions of Google's proferred witnesses or the deposition of any other Google employee in this case. Google addresses herein the misrepresentations and omissions in Mr. Gibson's letter.

**WINSTON & STRAWN** LLP

The Honorable E. Thomas Boyle
April 3, 2006
Page 2

      First, according to the Court's Order dated August 5, 2005, the discovery cut-off in this case is October 1, 2006, not April 15, 2006. Accordingly, Mr. Wolfe's purported urgency to depose Google's highest level of management is not well-grounded and his involvement of the Court at this time is not understood. Mr. Nevill-Manning is available for deposition in New York on April 11, and Ms. Jaffe is available for deposition in San Francisco on April 21, 2006. Mr. Wolfe's counsel's failure to respond to the witnesses' proposed deposition dates is resulting in scheduling conflicts, as the witnesses cannot keep their schedules open indefinitely.

      Second, Mr. Wolfe fails to advise the Court that he served no deposition notices from July 2005 until March 2006, and took no efforts to depose any representative or employee of Google until eight months into the discovery process. Having delayed for eight months, Mr. Wolfe's sudden urgency to depose Google's senior management is not understood. Mr. Wolfe did not inquire as to the availability of these individuals prior to serving his notices and unilaterally noticed their depositions for dates convenient to Mr. Wolfe's counsel.

      Third, Mr. Wolfe fails to advise the Court of the identity of the witnesses he seeks to depose, or the scope of their limited personal knowledge regarding the launch and operation of Google's FROOGLE website as set forth in Google's Initial Disclosures. Mr. Wolfe seeks to depose Google's highest level of senior management, including its President and founder, Larry Page, and two high-level senior officers, Salar Kalamangar and Jonathan Rosenberg. Mr. Wolfe did not articulate, either for the benefit of the Court or Google, the basis for his sudden purported need to depose these individuals.

      Mr. Wolfe's request to depose these individuals flies in the face of Google's Initial Disclosures. Attached hereto is a copy of Google's Initial Disclosures, dated July 29, 2005. In its Initial Disclosures, Google sought to describe precisely the scope of knowledge of the 29 individuals listed therein so that Mr. Wolfe could conserve the resources of both parties by deposing those employees who have firsthand personal knowledge of the claims and defenses in this proceeding.

      With respect to each of the three senior level officers that Mr. Wolfe has focused on, Google provided the same description of each individual's scope of knowledge, "Mr. [Page, Kalamangar and Rosenberg] *may* have knowledge relating to the launch and operation of Google's Froogle internet search and online shopping service, which would be limited to a high-level senior management perspective." (emphasis added) Google's Initial Disclosures make clear that Messrs. Page, Kalamangar and Rosenberg do not have firsthand personal knowledge regarding the development, launch and day-to-day operation of Google's FROOGLE website, and list approximately 20 other individuals with such knowledge.

      Google is a vast company, with business interests and litigations on a worldwide scope. Google has worked assiduously for weeks to identify the most appropriate individuals with a comprehensive scope of knowledge and to work with them to rearrange their schedules in

**WINSTON & STRAWN** LLP

The Honorable E. Thomas Boyle
April 3, 2006
Page 3

accordance with the timeframe demanded by Mr. Wolfe. It would seem that the most productive and cost-effective allocation of the parties' resources is for each party to depose the individuals with the most comprehensive scope of knowledge. If, after taking the depositions of Mr. Nevill-Manning and Ms. Jaffe, Mr. Wolfe is convinced that he needs to climb the corporate chain of command to obtain additional information regarding Google's FROOGLE website, Google will consider producing additional witnesses.

In view of Mr. Wolfe's failure to take a single deposition in this case, notwithstanding that discovery has been pending for nine (9) months, he has no grounds and has established no need to take the depositions of Google's President and senior Vice Presidents who do not have the knowledge of the claims and defenses in this case which Mr. Wolfe presumably seeks to discover.

Very truly yours,

*Virginia R. Richard /jc*

Virginia R. Richard

cc:   James Gibson, Esq. (counsel for Defendant)