Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Attorneys for Defendant/Counterclaimant
RICHARD WOLFE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------)
GOOGLE INC.,                                         :
a Delaware corporation,                              :         CV-05-1779 (TCP) (ETB)
                                                     :
      Plaintiff/Counter-Defendant,               :         Motion for Leave to Amend
                                                     :
      v.                                         :
                                                     :
RICHARD WOLFE d/b/a                                  :
FROOGLES.COM,                                        :
an individual,                                       :
                                                     :
      Defendant/Counterclaimant.                 :
-----------------------------------------------------)

### DEFENDANT/COUNTERCLAIMANT RICHARD WOLFE'S
### MOTION FOR LEAVE TO AMEND HIS ANSWER AND COUNTERCLAIMS

Relief Sought:

Defendant/Counterclaimant, Richard Wolfe (hereinafter "Mr. Wolfe"), moves the court for leave to file an amended Answer and Counterclaims, a copy of which is attached to this motion as Exhibit A.

Grounds for Relief:

Mr. Wolfe makes this motion because justice requires that Mr. Wolfe be given an opportunity to clarify the prayer for relief in his Answer and Counterclaims.

Dockets.Justia.com

<u>Supporting Papers</u>:

This motion is based on the pleadings and papers on file in this action, this motion, the attached Notice of Motion and Exhibit A the accompanying Memorandum of Law in Support of Defendant/Counterclaimant Richard Wolfe's Motion for Leave to Amend His Answer and Counterclaims, the Affirmation of James M. Gibson and whatever evidence and argument is presented at the hearing on this motion.


Dated:  July 14, 2006

James M. Gibson

Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile:  (212) 226-5058
Attorneys for Defendant/Counterclaimant,
RICHARD WOLFE

# EXHIBIT A

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5058
Attorneys for Defendant/Counterclaimant
RICHARD WOLFE d/b/a FROOGLES.COM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

----------------------------------------------------)
GOOGLE INC.,                                        :
a Delaware corporation,                             :          Civ. Action No. 2:05-cv-01779-TCP-ETB
                                                    :
     Plaintiff/Counter-Defendant,                 :          ECF
                                                    :
     v.                                           :
                                                    :          DEFENDANT'S FIRST AMENDED
RICHARD WOLFE d/b/a                                 :          ANSWER AND COUNTERCLAIMS
FROOGLES.COM,                                       :
an individual,                                      :
                                                    :
     Defendant/Counterclaimant.                   :
----------------------------------------------------)

Defendant/Counterclaimant Richard Wolfe d/b/a/ FROOGLES.COM (hereinafter "Defendant"), by and through its undersigned counsel, hereby answers Plaintiff/Counter-Defendant's (hereinafter "Plaintiff") Complaint as follows:

THE PARTIES

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 in the Complaint and, therefore, denies the same.

2.      Defendant admits the allegations set for in Paragraph 2 of the Complaint.

JURISDICTION AND VENUE

3.      Defendant admits that Plaintiff has brought this action under the statutes included in Paragraph 3 of the Complaint, however, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4.      Defendant admits that Plaintiff alleges that Plaintiff has brought this action against Defendant's use and ownership of the trademark FROOGLES and Defendant's website, www.froogles.com, however, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4 of the Complaint, and therefore denies the same.

5.      Defendant admits that Plaintiff alleges that Plaintiff is seeking declaratory relief, an injunction, and rectification of the register of the U.S. Patent and Trademark Office, however, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6.      Defendant admits that venue in the Eastern District of New York is proper. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 6 of the Complaint and, therefore, denies the same.

2

## FACTUAL BACKGROUND

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies the same.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies the same.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the same.

13.     Defendant admits that an alleged copy of an interview allegedly with Google's Sergey Brin is attached as Exhibit 1, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 13 of the Complaint and the material provided in Exhibit 1, and, therefore, denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies the same.

16.     Defendant admits that an alleged copy of Plaintiff's website and Press Center is attached as Exhibit 2, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and materials provided in Exhibit 2, and, therefore, denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies the same.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies the same.

21.    Defendant admits that an alleged copy of a page from 2003 Brand Keys Customer Loyalty Leaders is attached as Exhibit 3 of the Complaint, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint nor the page in Exhibit 3, and, therefore, denies the same.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies the same.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, denies the same.

24.    Defendant admits that the United States Patent and Trademark Office's on-line computer database identifies Plaintiff as the registrant of U.S. Trademark Registration Nos. 2,883,502 for "computer hardware; computer software for creating indexes of information, indexes of web sites and indexes of other information resources" which registered on September 14, 2004; and U.S. Trademark Registration No. 2,806,075 for "computer services, namely, providing software interfaces available over a network in order to create a personalized on-line information service; extraction and retrieval of information and data mining by means of global computer networks; creating indexes of information, indexes of web sites and indexes of other information sources in connection with global computer networks; providing information from searchable indexes and

databases of information, including text, electronic documents, databases, graphics and audio visual information, by means of global computer information networks in Class 42 and "providing electronic mail and workgroup communications services over computer networks; providing multiple user access to proprietary collections of information by means of global computer information networks" in Class 38, which registered on January 20, 2004, however, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25.    Defendant admits that alleged copies of the U.S. Patent and Trademark Office's on-line records for U.S. Registration Nos. 2,884,502 and 2,806,075 are attached as Exhibit 4 of the Complaint, however, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 25 of the Complaint and the copies in Exhibit 4, and therefore denies the same.

26.    Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, denies the same. Defendant further denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies the same.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, denies the same.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies the same.

32.    Defendant admits that an alleged copy of a page from Plaintiff's website is attached as Exhibit 5 of the Complaint, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and the copy in Exhibit 5, and therefore, denies the remaining allegations in Paragraph 32 of the Complaint.

33.    Defendant admits that an alleged copy of a page from Plaintiff's website is attached as Exhibit 6 of the Complaint, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and the copy in Exhibit 6, and therefore, denies the remaining allegations in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.    Defendant admits that the United States Patent and Trademark Office's on-line computer database identifies the filing date of Application Serial No. 78/187,946 to be November 22, 2002 for the services listed in Paragraph 35, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore denies the same.

36.    Defendant admits that the United States Patent and Trademark Office's on-line computer database indicates that Application Serial No. 78/187,946 was published for opposition on February 17, 2004, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore denies the same.

37.    Defendant admits the allegations set for in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies the same.

41.    Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45.    Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.    Defendant admits that the term "Mr. Froogles" has and is used on Defendant's website, www.froogles.com in a forum page. Defendant further admits that the following language appears on Defendant's website, "the froogles.com internet shopping guide and mall is designated to give the frugal shopper, access to free stuff, clearance and closeout areas, special discount offers, rebates, and coupons, and all around good deals at well

8

known and lesser known online stores, saving you time and money". Defendant, however, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint and therefore, denies the same.

49.    Defendant admits that its website, www.froogles.com offers a "search" tab that takes users to a search page located at www.froogles.com/search.htm, however, Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

50.    Defendant admits the allegations set for in Paragraph 50 of the Complaint.

51.    Defendant admits claiming a date of first use of the mark FROOGLES as of 2001, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, therefore denies the same.

52.    Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53.    Defendant admits the allegations set forth in Paragraph 53 of the Complaint.

54.    Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

55.    Defendant lacks knowledge or information sufficient to form a belief as to the definition of the statement "issued numerous statements to the public" and therefore denies the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57.    Defendant admits the allegations set for in Paragraph 57 of the Complaint.

58.    Defendant admits the allegations set for in Paragraph 58 of the Complaint

59.    Defendant admits that, on July 18, 2004, the three-member panel appointed by NAF found that the domain names "google" and "froogles" were "sufficiently different"

9

and "not confusingly similar." Defendant further admits that the majority of the panel concluded that Defendant's use of the name "froogles" was based on a bona fide offering of goods or services. Defendant further admits that a dissenting opinion was offered, although the argument was not found to be persuasive by a majority of the panel. Defendant denies the remaining allegations contained in Paragraph 59 of the Complaint.

## COUNT I

60.     Defendant reasserts its answers to Paragraphs 1 through 59 of the Complaint as though fully set forth herein.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, therefore, denies the same.

62.     Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, therefore, denies the same.

64.     Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.    Defendant admits the allegations set for in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 (a) – (c) of the Complaint in its entirety.

73.    Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations set forth in Paragraph 74 of the Complaint.


## COUNT II

75.    Defendant reasserts its answers to Paragraphs 1 through 74 of the Complaint as though fully set forth herein.

76.    Defendant denies the allegations contained in Paragraph 76 (a) – (d) of the Complaint in its entirety.

77.    Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and, therefore, denies the same.


## COUNT III

80.    Defendant reasserts its answers to Paragraphs 1 through 79 of the Complaint as though fully set forth herein.

81.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and, therefore, denies the same.

82.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and, therefore, denies the same.

83.    Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and, therefore, denies the same.

86.    Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87.    Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88.    Defendant denies the allegations set forth in Paragraph 88 of the Complaint.


<u>COUNT IV</u>

89.    Defendant reasserts its answers to Paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint and, therefore, denies the same.

91.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and, therefore, denies the same.

92.    Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

93.    Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94.    Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95.    Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96.    Defendant denies the allegations set forth in Paragraph 96 of the Complaint.


## COUNT V

97.    Defendant reasserts its answers to Paragraphs 1 through 96 of the Complaint as though fully set forth herein.

98.    Defendant denies the allegations contained in Paragraph 98 (a) – (d) of the Complaint in its entirety.

99.    Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

101.    Defendant admits that Plaintiff alleges that it has no adequate remedy at law, however, Defendant denies the allegations set forth in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations set forth in Paragraph 102 of the Complaint.


## COUNT VI

103.    Defendant reasserts its answers to Paragraphs 1 through 102 of the Complaint as though fully set forth herein.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the definition of the statement "issued numerous statements to the public" and therefore denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations set forth in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

110.    Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Defendant states:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's use of its mark, FROOGLES will not mistakenly be thought by the public to derive from the same source as Plaintiff's services, nor will such use be thought by the public to be a use by Plaintiff or with Plaintiff's authorization or approval.

### THIRD AFFIRMATIVE DEFENSE

Defendant's mark FROOGLES in its entirety is sufficiently distinctively different from Plaintiff's mark GOOGLE to avoid confusion, deception or mistake as to the source or sponsorship or association of Defendant's services.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's mark FROOGLES, when used in association with Defendant's services, is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff's mark GOOGLE, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe the alleged trademark rights or any other rights of Plaintiff in the mark GOOGLE.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's mark GOOGLE is not famous pursuant to Section 43(c) of the Lanham Act (15 U.S.C. § 1125).

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has not diluted, and does not dilute the asserted trademark rights of Plaintiff in the mark GOOGLE.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by its acquiescence of Defendant's use of the mark FROOGLES and the domain name, www.froogles.com

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred in whole or in part by laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by its unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions in connection with www.froogles.com and U. S. Application No. 78/297,093 for FROOGLES do not violate New York General Business Law Section 360-1, and does not constitute Unfair Competition under the common law of the State of New York.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no harm and/or irreparable harm.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that Defendant be awarded all costs of defense, including attorneys' fess as permitted by law, and that the Defendant be awarded any other relief that this Court deems just and equitable.

16

## DEFENDANT'S COUNTERCLAIMS

## BACKGROUND FACTS

1.   Richard Wolfe, (hereafter Mr. Wolfe) decided to launch a website from his home in September of 2000. Mr. Wolfe launched the website in order to develop a source of income after sustaining a disabling injury at work.

2.   On December 2, 2000, after learning that the domain name "frugal.com" was unavailable, Mr. Wolfe registered the domain name froogles.com with the intent of launching a shopping website and service. Mr. Wolfe selected the froogles.com domain name because it is phonetically similar to the word "frugal."

3.   Mr. Wolfe's design of the www.froogles.com website emphasizes the quality of being frugal. The recurring letters "o" in froogles.com are depicted as coins in order to convey a sense of cost savvy consumerism. Mr. Wolfe has not altered this aspect of the www.froogles.com website or the FROOGLES trademark since he has been in business. (A copy of the FROOGLES logo is attached hereto as Exhibit A).

4.   In October, 2001, Mr. Wolfe applied to register a website with Commission Junction Network, a company that pays commissions to website owners based upon the amount of traffic to and from their websites.

5.   On October 6, 2001, Mr. Wolfe was informed by Commission Junction Network that his website was approved for registration and that he would begin to earn commissions based upon froogles.com's website traffic.

6.   Mr. Wolfe's first date of use of the FROOGLES mark was at least as early as December 31, 2001.

7.    Mr. Wolfe filed for the trademark FROOGLES with the United States Patent and Trademark Office on September 8, 2003 (U.S. Application Serial No.: 78/297093). Mr. Wolfe's FROOGLES mark is a coined term, inherently distinctive and a strong mark.

8.    Mr. Wolfe's froogles.com website achieved a sizeable stream of traffic and generated a steady stream of revenue after its launch in 2001.

9.    Pursuant to Plaintiff's own filing with the United States Patent and Trademark Office for the trademark in FROOGLE (U.S. Application Serial No.: 78187946 filed on November 22, 2002), Plaintiff did not begin to use its mark in commerce until well after Defendant's first use the FROOGLES mark commenced.

10.    Since Mr. Wolfe's use of the mark in question clearly precedes Plaintiff's use, Mr Wolfe is the senior user of the FROOGLES mark and possesses superior right and title to the trademark FROOGLES for Internet shopping related services.

11.    When Plaintiff's application for the FROOGLE mark was published for opposition in the United States Patent and Trademark Office's Official Gazette (February 17, 2004), Mr. Wolfe filed a timely opposition on March 26, 2004, which was assigned United States Patent and Trademark Office Opposition Number 91159991, objecting to the registration of Plaintiff's FROOGLE mark.

12.    Subsequent to Mr. Wolfe filing his opposition to Plaintiff's trademark registration, Plaintiff initiated Uniform Domain Name Resolution Policy proceedings against Mr. Wolfe's use of the domain name froogles.com. These proceedings against Mr. Wolfe were initiated by Plaintiff on May 21, 2004 by way of a complaint submitted to National Arbitration Forum (Claim Number FA0405000275419).

13.     Plaintiff's claims were arbitrated by the National Arbitration Forum in accordance with Internet Corporation for Assigned Names and Numbers ("ICANN") guidelines.

14.     A majority panel of the National Arbitration Forum, consisting of two retired judges, one of whom was a U.S. Magistrate (Hon. Charles K. Kotter, Jr.) and the other a former Chief Judge of the 7th Judicial District Circuit of the State of Florida and Certified U.S. District Court Mediator of the Middle District of Florida (Hon. John J. Upchurch) held as follows in [relevant] part:

> The froogles.com domain name is not confusingly similar to Complainant's GOOGLE mark.  The dissimilar letters in the domain name are sufficiently different to make it distinguishable from Complainant's mark because the domain name creates an entirely singular meaning from the mark. (*See Entrepreneur Media, Inc. v. Smith*, 279 F. 3d 1135, 1147 (9th Cir. 2002) (Similarity of marks or lack thereof are context specific concepts.  In the Internet context, consumers are aware that domain names for different websites are quite often similar, because of the need for language economy, and that very small differences matter."); *see also Thomas Cook Holdings Ltd. V. Aydin*, D2000-0676 (WIPO Sept. 11, 2000).

15.     The majority panel further stated that Plaintiff "failed to provide evidence of Internet confusion and therefore [had] failed to fulfill its burden of proof."

16.     In ruling out "Internet confusion" the esteemed panel cited "examples of other companies using the "oogle" without the creation of confusion.

17.     Furthermore, the majority panel also concluded that the services offered by the froogles.com website is a "bonafide offering of goods and services."

18.     Moreover, the majority panel held that there was no showing of bad faith on Mr. Wolfe's part.

## JURISDICTION AND VENUE

19.    This cause of action involves federal questions under the Trademark Laws of the United States, 15 U.S.C. § 1151 et seq., the statutory laws of the State of New York relating to unfair competition, and the common law of the State of New York relating to trademark infringement and unfair competition, respectively.  Subject matter jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1121(a), and the Judicial Code of the United States, 28 U.S.C. §§ 1331, 1338(a) and (b).  The Court has supplemental jurisdiction over the state statutory and common law claims under 28 U.S.C. § 1367.

20.    Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b) because the substantial part of the events giving rise to the counterclaims occurred in this judicial district.

## COUNT I.

### FALSE DESIGNATION OF ORIGIN

21.    Mr. Wolfe repeats and realleges the allegations contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.    This is a claim arising under the Trademark Laws of the United States, Lanham Act Section 43(a), 15 U.S.C. § 1125(a), for Plaintiff's unauthorized use of the FROOGLES trademark.

23.    Plaintiff's aforesaid acts constitute the use in commerce of a false designation of origin, or false representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of the services provided under the FROOGLES trademark.

24.  Plaintiff's aforesaid acts constitute the use in commerce of a false designation of origin or false representation, which misrepresents the nature, characteristics, and quality of services provided under the FROOGLES trademark.

25.  Plaintiff's aforesaid acts constitute a knowing, willful and deliberate violation of 15 U.S.C. § 1125(a).

26.  As a result of Plaintiff's intentional use of a confusingly similar trademark and a false designation of origin, description and representation associated therewith, Richard Wolfe is being and will continue to be irreparably injured by the loss of goodwill and by the ongoing loss of customers, sales and traffic to his www.froogles.com website.

27.  Mr. Wolfe has no adequate remedy at law.

## COUNT II.

## REVERSE CONFUSION

28.  Mr. Wolfe repeats and realleges the allegations contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.  This is a claim arising under the Trademark Laws of the United States, Lanham Act Section 43(a), 15 U.S.C. § 1125(a), for Plaintiff's unauthorized use of the FROOGLES trademark.

30.  Mr. Wolfe owns common law trademark rights in FROOGLES throughout the United States and in the State of New York.

31.  As set forth above Mr. Wolfe is the senior user of the FROOGLES trademark for Internet shopping related services.

32.   By Plaintiff's own admission (*see* Plaintiff's Complaint, paragraphs 7,11, 12,13, 16, 17, 20, 21), Plaintiff is a large and powerful company, "with market capitalization of $36 billion, greater than the market capitalization of either general Motors or AT&T."

33.   By Plaintiff's own admission, (See Plaintiff's Complaint, paragraphs 9-36), Plaintiff uses the Froogle term to identify itself as "a shopping [web]site and service;" and distinguishes these services from other services offered by Plaintiff.

34.   Upon information and belief, Plaintiff provides services under the FROOGLE mark that are virtually identical to those provided by Mr. Wolfe under the FROOGLES trademark, even though Mr. Wolfe is the senior user of the FROOGLES mark.

35.   Upon information and belief, Plaintiff knowingly, willfully and deliberately swamped the market, and as a result, the reputation of the www.froogles.com website with a relatively much larger advertising campaign.

36.   Plaintiff's knowing, willful and deliberate use of its mark has resulted in a loss in the value of Mr. Wolfe's trademark rights in and to the FROOGLES mark, its product identity, corporate identity, control over its goodwill and reputation, and ability to move into new markets.

37.   Furthermore, Plaintiff's knowing, willful and deliberate use of the FROOGLE mark has created the misimpression that Plaintiff is the source of the goods and services provided by Mr. Wolfe.

38.   Plaintiff's knowing, willful and deliberate use of its mark leads consumers to consider Mr. Wolfe the unauthorized infringer; and Plaintiff's use of FROOGLE mark in such manner injures the reputation and impairs the goodwill of the services offered under Mr. Wolfe's FROOGLES common law trademark.

39.   Plaintiff's FROOGLE mark and www.froogle.com website have usurped the business identity of the smaller froogles.com, even though senior trademark rights vest in Mr. Wolfe's FROOGLES common law trademark.

40.   By saturating the market with a trademark similar or identical to that of the smaller senior user, Plaintiff's conduct has resulted in reverse confusion.

## COUNT III.

### STATE UNFAIR COMPETITION

41.   Mr. Wolfe incorporates by reference the allegations set forth in paragraphs 1 through 40 of this Complaint with the same force and effect as if set forth herein in their entirety.

42.   This is a claim for unfair competition arising under New York General Business Law § 360-l.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim which is so related to the other claims in this action that are within the original jurisdiction of this Court that they form part of the same case or controversy.

43.   Plaintiff's conduct and acts alleged above constitute a likelihood of  injury to froogles.com's business reputation and will continue to do so unless such acts are enjoined by this Court.

44.   Mr. Wolfe has been irreparably injured by the Defendant's aforesaid acts and has no adequate remedy at law.

## COUNT IV.

## NEW YORK COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

45.    Mr. Wolfe incorporates by reference the allegations set forth in paragraphs 1 through 44 of this Complaint with the same force and effect as if set forth herein in their entirety.

46.    This is a claim for New York common law trademark infringement and unfair competition under the laws of the State of New York. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over these claims which are so related to the other claims in this action that are within the original jurisdiction of this Court that they form part of the same case or controversy.

47.    Mr. Wolfe owns common law trademark rights in FROOGLES throughout the United States and in the State of New York.

48.    Plaintiff's unauthorized use of Richard Wolfe's common law trademark FROOGLES is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive persons into the erroneous belief that Plaintiff's services emanates from, are associated with, authorized or sponsored by froogles.com and/or Richard Wolfe or that it is connected in some way thereto.

49.    Plaintiff's acts and conduct set forth above constitute willful infringement of Richard Wolfe's common law trademark FROOGLES and willful unfair competition with Richard Wolfe.

50.    Plaintiff's unauthorized use of Richard Wolfe's common law trademarks in FROOGLES trades on the goodwill that has developed in these trademarks and such

24

acts violate Richard Wolfe's rights in the FROOGLE trademark and damages the goodwill represented thereby.

51.    Plaintiff's' aforesaid acts constitute knowing, willful and deliberate infringement of Richard Wolfe's common law trademark FROOGLES and have damaged Richard Wolfe; and, unless enjoined, will further impair or destroy the value of Richard Wolfe's common law trademark and the goodwill associated therewith.

52.    Plaintiff's aforesaid acts are in violation of New York common law and Plaintiff's are liable to Mr. Wolfe for damages and attorneys' fees. Plaintiff's acts have caused and will continue to cause further irreparable injury to Mr. Wolfe if Plaintiff is not restrained by this Court from further violations of Mr. Wolfe's rights.

53.    Mr. Wolfe has been irreparably injured by Plaintiff's aforesaid acts and has no adequate remedy at law.


## JURY DEMAND

Mr. Wolfe hereby demands a jury trial on all issues so triable.


## PRAYER FOR RELIEF

WHEREFORE, having fully responded to every allegation in the Complaint, Defendant respectfully requests that:

1. Judgment be entered against Plaintiff dismissing all causes of action set forth in the Complaint with prejudice;

2. Plaintiff be permanently enjoined from using the mark FROOGLE and the domain name, www.froogle.com; or any mark that is confusingly similar thereto;

25

to

3.  Plaintiff be permanently enjoined from any conduct that is likely to cause confusion, deception or mistake, or to injure Defendant's business reputation;

4.  Plaintiff be permanently enjoined from any conduct likely to enable Plaintiff to benefit from the good will and reputation of Defendant;

5.  The Court issue an order declaring that Defendant is the senior user of the mark FROOGLES and the domain name, froogles.com; and that Plaintiff's FROOGLE mark has infringed Defendant's FROOGLES mark;

6.  The Court issue an order declaring that Defendant has not infringed any right of Plaintiff;

7.  The Court order that the domain name www. froogle.com be transferred and/or assigned to Defendant;

8.  The Court award Defendant recovery of corrective advertising expenses incurred to counteract the public confusion resulting from Plaintiff's knowing, willful, deliberate and wrongful conduct;

9.  Defendant be awarded all costs, including attorneys' fees, resulting from the action in this Court; and for such other and further relief as the Court deems just and proper;

10.  The Court issue an order directing the U.S. Patent and Trademark Office to sustain the opposition filed by Defendant against Plaintiff's U.S. Application Serial No. 78/187,946 to register FROOGLE; to grant registration of Defendant's mark FROOGLES, U.S. Application Serial No. 78/297,093; and to refuse registration of FROOGLE to Plaintiff pursuant to its U.S. Application Serial No. 78/187,946;

11.   Defendant be awarded all of Plaintiff's profits derived from its use of infringing trademark pursuant to 15 U.S.C. § 1117(a); and further award to Defendant damages as a result of Plaintiff's willful infringement in an amount to be determined by an accounting if necessary;

12.   Defendant be awarded three times the profits or damages calculated and awarded under 15 U.S.C. § 1117(a) resulting from Plaintiff's willful infringement;

13.   That Plaintiff make a full report to this Court of its compliance with the foregoing within fifteen (15) days of the entry of judgment; and

14.   The Court grant such other relief as is deemed just and proper.

Respectfully submitted,

By: _____                    July 14, 2006
       Robert L. Powley, Esq. (RP7674)
       James M. Gibson, Esq. (JG9234)
       Attorneys for Defendant/Counterclaimant,
       Richard Wolfe, d/b/a FROOGLES.COM

Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Phone: 212-226-5054
Fax:    212-226-5085

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Motion, Defendant/Counterclaimant Richard Wolfe's Motion For Leave To Amend His Answer And Counterclaims Pursuant To Fed. R. Civ. P. 15 (with First Amended Answer and Counterclaims attached as Exhibit A), Memorandum of Law in Support of Defendant/Counterclaimant Richard Wolfe's Motion For Leave To Amend His Answer And Counterclaims Pursuant To Fed. R. Civ. P. 15, and Affirmation of James M. Gibson were duly served on counsel for Plaintiff by email and U.S. first class pre-paid mail in an envelope addressed on this 14th day of July as follows:

Andrew P. Bridges (abrides@winston.com)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile:  (415) 591-1400

Virginia R. Richard (vrichard@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Plaintiff,
GOOGLE INC.

James M. Gibson

Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Attorneys for Defendant,
RICHARD WOLFE