Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5058
Attorneys for Defendant/Counterclaimant
RICHARD WOLFE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
GOOGLE INC.,                                            :
a Delaware corporation,                                 :     CV-05-1779 (TCP) (ETB)
                                                        :
      Plaintiff/Counter-Defendant,                       :
                                                        :
v.                                                      :
                                                        :
RICHARD WOLFE d/b/a                                     :
FROOGLES.COM,                                           :
an individual,                                          :
                                                        :
      Defendant/Counterclaimant.                         :
-------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT/COUNTERCLAIMANT RICHARD WOLFE'S
MOTION FOR LEAVE TO AMEND HIS ANSWER
AND COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 15

# TABLE OF AUTHORITIES

**Case(s):**                                                                 **Page(s):**

Calloway v. Marvel Entertainment Group,
110 F.R.D. 45 (S.D.N.Y. 1986) ..................................................................3

Eickhorst v. E.F. Hutton Group, Inc.,
763 F Supp. 1196 (S.D.N.Y. 1990) ............................................................3

Foman v. Davis,
371 U.S. 178 (1962) ............................................................................2, 5

Intersource, Inc. v. Kidder Peabody & Co.,
1992 U.S. Dist. LEXIS 17740 (S.D.N.Y.) ..................................................2

Richardson Greenshields Securities, Inc., v. Lau, et al.,
825 F.2d 647 (2d Cir. 1987) ......................................................................3

RX For Fleas, Inc. v. Zarro,
1994 U.S. Dist. LEXIS 11107 (S.D.N.Y.) ..................................................3

S.S. Silberblatt, Inc. v. East Harlem Pilot Block –
Bldg. 1 Housing Dev. Fund Co.,
608 F.2d 28, 42 (2d Cir. 1979) ..................................................................2

State Teachers Retirement Bd. v. Fluor Corp.,
654 F.2d 843 (2d Cir. 1981) ......................................................................3

Strauss v. Douglas Aircraft Co.,
404 F.2d 1152 (2d Cir. 1968) ..................................................................2, 4

Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau,
786 F.2d 101 (2nd Cir. 1986) ..................................................................2, 4

United States. v. Webb,
655 F.2d 977, at 980 (9th Cir. 1981) ..........................................................2

Weiner v. Unumprovident Corp., The Paul Revere Life Ins. Co.
and New England Life Ins. Co.,
2002 U.S. Dist. LEXIS 17828 (S.D.N.Y.) ................................................. 5

**Federal Statute(s):**

Fed. R. Civ. P. 15..........................................................................................1

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT/COUNTERCLAIMANT RICHARD WOLFE'S
MOTION FOR LEAVE TO AMEND HIS ANSWER
AND COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 15

Pursuant to Fed. R. Civ. P. 15, Defendant-Counterclaimant Richard Wolfe (hereinafter "Mr. Wolfe"), hereby requests leave of Court to amend his Answer and Counterclaims solely to clarify his prayer for relief, namely, to make clear that if successful in this lawsuit Mr. Wolfe is entitled to damages. Granting Mr. Wolfe's amendment of his Answer and Counterclaims will not prejudice Plaintiff/Counter-Defendant Google, Inc. (hereinafter "Google"), Mr. Wolfe has good cause for bringing this motion, his claim is valid and not futile, and he brings this motion in good faith. Mr. Wolfe sought the consent of Google before filing this motion, but to date Google has not definitively responded to his request.

### A. Amendment of Pleadings Should Be Freely Granted by the Court

Pursuant to Fed. R. Civ. P. 15, leave of Court to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court has indicated that leave to amend should be freely granted such that decisions are made on the merits, rather than on the pleadings or technicalities. Foman v. Davis, 371 U.S. 178, at 182 (1962); Intersource, Inc. v. Kidder Peabody & Co., 1992 U.S. Dist. LEXIS 17740 (S.D.N.Y.), citing, United States. v. Webb, 655 F.2d 977, at 980 (9th Cir. 1981).

1

As such, in the absence of any apparent or declared reason,[1] "leave sought should be freely given." Id.

Accordingly, the Second Circuit has repeatedly held that if the moving party "has at least colorable grounds for relief, justice does so require [that leave shall be freely given] unless the moving party is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." S.S. Silberblatt, Inc. v. East Harlem Pilot Block -- Bldg. 1 Housing Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979) (citing, Foman v. Davis, 371 U.S. 178, 182, (1962). Tokio Marine & Fire Ins. Co., 786 F.2d at 103; Fluor, 654 F.2d at 856 (2d Cir. 1986); Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1157-58 (2d Cir. 1968); Calloway v. Marvel Entertainment Group, 110 F.R.D. 45, 48 (S.D.N.Y. 1986). Unless there is a good reason to deny a motion to amend, failure to grant it is an abuse of discretion. See RX For Fleas, Inc. v. Zarro, 1994 U.S. Dist. LEXIS 11107, citing Eickhorst v. E.F. Hutton Group, Inc., 763 F Supp. 1196, 1203-4 (S.D.N.Y. 1990) Furthermore, mere delay "does not provide a basis for the district court to deny the right to amend" in the absence of a showing of bad faith or undue prejudice. Richardson Greenshields Securities, Inc., v. Lau, et al., 825 F.2d 647, at 653 (2d Cir. 1987), quoting, State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843 at 856 (2d Cir. 1981).

Mr. Wolfe is cognizant of the Scheduling Order set forth in this matter pursuant to Fed. R. Civ. P. 16 (b), and submits that granting this motion will not in any way alter the existing Scheduling Order.

---

[1] Courts have denied motions to amend pleadings for reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. Mr. Wolfe has not brought this Motion for any improper purpose, reason, and/or motive listed above or otherwise.

2

### B. Granting Mr. Wolfe's Motion and Amendment Will Not Unfairly Prejudice Google in Any Manner

In view of the facts and circumstances surrounding this matter, Google will not be unfairly prejudiced in any way should this Court grant Mr. Wolfe's motion to amend his Answer and Counterclaims. Mr. Wolfe is simply looking for the Court to allow him to amend his prayer for relief to clarify his claim for damages should he prevail at trial. Mr. Wolfe's original Complaint already requests that "[t]he Court grant such other relief as is deemed just and proper." Def. Ans. Prayer For Relief, P. 27 Para. 12.

Mr. Wolfe does not seek to add any new claim which might delay this proceeding or otherwise unfairly prejudice Google, and no new discovery will be required if Mr. Wolfe's Motion is granted.

In determining what constitutes prejudice, Courts in this Circuit consider the following factors: (i) whether the non-movant will be required to expend significant additional resources to conduct discovery and prepare for trial; and (ii) whether the amendment will significantly delay the resolution of the dispute. Tokio Marine and Fire Ins. Co. v. Employers Ins. of Wasau., 786 F.2d 101, at 103 (2d Cir. 1986); Strauss v. Douglas Aircraft, Co., 404 F.2d 1152, at 1157-1158 (2d Cir. 1968).

This amendment will not require either party to expend any new significant resources to conduct discovery. On the contrary, Mr. Wolfe (sole owner of the website froogle.com and owner of the FROOGLES mark at issue in this lawsuit) has already been deposed and his testimony regarding damages is already of record.[2] In addition,

---

[2] Although Mr. Wolfe does not anticipate Google requiring additional discovery regarding the issue of damages, if necessary, Mr. Wolfe will be made available for

3

Google's counsel has already requested and received available documents regarding damages as well as Mr. Wolfe's business finances. In short, Google already has testimony and documents relating to Mr. Wolfe's damages in this lawsuit and granting of this motion will not change this fact.

With regard to discovery relating to Mr. Wolfe's case-in-chief, Mr. Wolfe's counsel has not yet deposed Google's witnesses and therefore granting this motion will not cause any delay in this regard. Further, this amendment will not require any additional written Requests for Production of Documents and Things pursuant to Fed. R. Civ. P. 34 and/or Interrogatories pursuant to Fed. R. Civ. P. 33. In fact, the parties have proceeded in this lawsuit as if Mr. Wolfe's Answer and Counterclaims already included a request for damages.

Equally as important, granting Mr. Wolfe's motion will not delay the resolution of this dispute. Currently, the close of fact discovery is scheduled for August 15, 2006; Mr. Wolfe's expert disclosures are scheduled for July 14, 2006; Depositions of Mr. Wolfe's experts are scheduled for August 14, 2006; and Google's expert rebuttal report is scheduled for September 12, 2006. Granting this motion will have no impact on the final Pretrial conference set for January 5, 2007, the final Pre-trial Order set for January 26, 2007, and a yet to be determined trial date. In essence, Mr. Wolfe brings this motion in a reasonable time period after learning that his original pleading did not clearly request relief for damages, and in sufficient time such that the Scheduling Order in this lawsuit can remain intact.

---

further deposition on this issue. Since the discovery period is still open, any additional discovery will not unduly delay this proceeding.

4

C.  **The Allegations in Mr. Wolfe's
    Answer and Counterclaims Support a Remedy for Damages**

Mr. Wolfe's original Answer and Counterclaims clearly allege trademark infringement, and should he prevail at trial he should be entitled to damages. A claim for damages is typical in cases such as this one and granting Mr. Wolfe's motion should in no way catch Google "off guard." In fact, Google's own Compliant includes exactly the same prayer for relief. Google is or should already be on notice that Mr. Wolfe is seeking damages if he prevails at trial. Moreover, it is in the best interest of the parties, and judicial economy will be maximized, if all the issues in the matter are heard together and resolved on the merits of the case, rather than on the pleadings or technicalities, including the issue of damages suffered by either party. Foman v. Davis, 371 U.S. 178, at 182.

D.  **Conclusion**

As Mr. Wolfe's request to amend his Answer and Counterclaims is merely to clarify his damages request, he respectfully submits that such an amendment will not prejudice Google in any manner, nor will granting of this motion delay this proceeding. As such, Mr. Wolfe respectfully requests that this motion be granted as justice requires.

Dated: July 14, 2006
       New York, New York

By: _____
    Robert L. Powley (RP 7674)
    James M. Gibson (JG 9234)
    Law Office of Robert L. Powley, P.C.
    417 Canal Street, 4th Floor
    New York, New York 10013
    Telephone: (212) 226-5054
    Facsimile:  (212) 226-5058
    Attorneys for Defendant/Counterclaimant
    RICHARD WOLFE

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Motion, Defendant/Counterclaimant Richard Wolfe's Motion For Leave To Amend His Answer And Counterclaims Pursuant To Fed. R. Civ. P. 15 (with First Amended Answer and Counterclaims attached as Exhibit A), Memorandum of Law in Support of Defendant/Counterclaimant Richard Wolfe's Motion For Leave To Amend His Answer And Counterclaims Pursuant To Fed. R. Civ. P. 15, and Affirmation of James M. Gibson were duly served on counsel for Plaintiff by email and U.S. first class pre-paid mail in an envelope addressed on this 14th day of July as follows:

Andrew P. Bridges (abrides@winston.com)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Virginia R. Richard (vrichard@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Plaintiff,
GOOGLE INC.

_____
James M. Gibson

Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Attorneys for Defendant,
RICHARD WOLFE