Chester P. Rothstein (CR 1417)
Richard S. Mandaro (RM 2602)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

*Attorneys for Plaintiff/Counter-Defendant*
*Google Inc.*

**UNITED STATES EASTERN DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>RICHARD WOLFE d/b/a FROOGLES.COM, an individual,<br><br>Defendant/Counterclaimant. | CV-05-1779 (TCP) (ETB)<br><br>**ECF CASE** |

## PLAINTIFF'S REPLY TO COUNTERCLAIM

Plaintiff/Counter-Defendant, GOOGLE INC. ("Plaintiff" and/or "Counter-Defendant"), for its Reply to the Counterclaims filed by Defendant/Counter-Claimant, Richard Wolfe d/b/a froogles.com ("Defendant" and/or "Counter-Claimant"), alleges as follows:

## BACKGROUND FACTS

1. In response to the allegations set forth in Counterclaim ¶ 1, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.



Dockets.Justia.com

2. In response to the allegations set forth in Counterclaim ¶ 2, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.

3. In response to the allegations set forth in Counterclaim ¶ 3, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Counterclaim ¶ 3 and, therefore, denies same.

4. In response to the allegations set forth in Counterclaim ¶ 4, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.

5. In response to the allegations set forth in Counterclaim ¶ 5, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, therefore, denies same.

6. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 6.

7. In response to the allegations set forth in Counterclaim ¶ 7, Counter-Defendant admits that Counterclaimant filed U.S. Application Serial No. 78/297,093 for the mark FROOGLES on September 8, 2003. Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 7.

8. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 8.

9. Counter-Defendant admits that it filed Application Serial No. 78/187,946 for the mark FROOGLE on November 22, 2002 and, therefore, Counter-Defendant is the senior applicant for the FROOGLE mark. Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 9.

10. In response to the allegations set forth in Counterclaim ¶ 10, Counter-Defendant denies that Counterclaimant owns any right whatsoever in the "trademark FROOGLE for Internet shopping related services. The remaining allegations set forth in Counterclaim ¶ 10 consist solely of attorney argument and not facts and, therefore, no

response thereto is required. To the extent that a response thereto is deemed required, Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 10.

11. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 11.

12. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 12.

13. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 13.

14. In response to the allegations set forth in Counterclaim ¶ 14, Counter-Defendant denies that the panel appointed by the National Arbitration Forum consisted solely of "two retired judges." Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 14 to the extent that such allegations are inconsistent with the cited decision.

15. In response to the allegations set forth in Counterclaim ¶ 15, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 15 to the extent that such allegations are inconsistent with the cited decision.

16. In response to the allegations set forth in Counterclaim ¶ 16, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 16 to the extent that such allegations are inconsistent with the cited decision.

17. In response to the allegations set forth in Counterclaim ¶ 17, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 17 to the extent that such allegations are inconsistent with the cited decision.

18. In response to the allegations set forth in Counterclaim ¶ 18, Counter-Defendant affirmatively asserts that the decision rendered by the panel appointed by the National Arbitration Forum speaks for itself and Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 18 to the extent that such allegations are inconsistent with the cited decision.

**JURISDICTION AND VENUE**

19. In response to the allegations set forth in Counterclaim ¶ 19, Counter-Defendant admits that 28 U.S.C. §§ 1331, 1338, and 1367(a) provide a basis for the exercise of jurisdiction, but denies that any action by Counter-Defendant provides the basis for the exercise of jurisdiction under any of the cited provisions.

20. Counter-Defendant admits the allegations set forth in Counterclaim ¶ 20.

**COUNT I**

**FALSE DESIGNATION OF ORIGIN**

21. Counterclaimant repeats and realleges its responses to Counterclaim ¶¶ 1-20, as if fully set forth herein.

22. In response to the allegations set forth in Counterclaim ¶ 22, Counter-Defendant denies that it uses the "FROOGLES trademark." In further response to the allegations set forth in Counterclaim ¶ 22, Counter-Defendant admits that Counterclaimant purports to set forth a cause of action under 15 U.S.C. § 1125(a), but denies that any action by Counter-Defendant gives rise to any cause of action under the Lanham Act.

23. In response to the allegations set forth in Counterclaim ¶ 23, Counter-Defendant denies that it uses the "FROOGLES trademark." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 23.

24. In response to the allegations set forth in Counterclaim ¶ 24, Counter-Defendant denies that it uses the "FROOGLES trademark." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 24.

25. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 25.

26. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 26.

27. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 27.

**COUNT II**

**REVERSE CONFUSION**

28. Counter-Defendant repeats and realleges its responses to Counterclaim ¶¶ 1-27 as if fully set forth herein.

29. In response to the allegations set forth in Counterclaim  29, Counter-Defendant denies that it uses the "FROOGLES trademark." In response to the remaining allegations set forth in Counterclaim ¶ 29, Counter-Defendant admits that Counterclaimant purports to set forth a cause of action under 15 U.S.C. § 1125(a), but denies that any action by Counter-Defendant gives rise to any cause of action under the Lanham Act.

30. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 30.

31. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 31.

32. In response to the allegations set forth in Counterclaim ¶ 32, Counter-Defendant asserts that its Complaint speaks for itself and, therefore, Counter-Defendant denies the allegations set forth in Counterclaim ¶ 32 to the extent that they are inconsistent with the Complaint.

33. In response to the allegations set forth in Counterclaim ¶ 33, Counter-Defendant asserts that its Complaint speaks for itself and, therefore, Counter-Defendant denies the allegations set forth in Counterclaim ¶ 33 to the extent that they are inconsistent with the Complaint.

34. In response to the allegations set forth in Counterclaim ¶ 34, Counter-Defendant admits that Counterclaimant purports to offer internet search services under the mark FROOGLES, and that such services are identical to services offered by

Counterclaimant under its world-famous GOOGLE names and marks. Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 34.

35. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 35.

36. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 36.

37. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 37.

38. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 38.

39. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 39.

40. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 40.

**COUNT III**

**STATE UNFAIR COMPETITION**

41. Counter-Defendant repeats and realleges its responses to Counterclaim ¶¶ 1-40 as if fully set forth herein.

42. Counter-Defendant admits that Counterclaimant purports to set forth a claim for unfair competition under the cited statute and that this Court may exercise jurisdiction over such claim, but denies that any action by Counter-Defendant gives rise to any cause of action under New York General Business Law § 360-1.

43. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 43.

44. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 44.

**COUNT IV**

**NEW YORK COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

45. Counter-Defendant repeats and realleges its responses to Counterclaim ¶¶ 1-44 as if fully set forth herein.

46. Counter-Defendant admits that Counterclaimant purports to set forth a claim for common law trademark infringement and unfair competition under the common law of the State of New York, and that the Court may exercise jurisdiction over such claim, but

denies that any action by Counter-Defendant gives rise to any cause of action under the common law of the State of New York.

47. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 47.

48. In response to the allegations set forth in Counterclaim ¶ 48, Counter-Defendant denies that it uses the "trademark FROOGLES." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 48.

49. In response to the allegations set forth in Counterclaim ¶ 49, Counter-Defendant denies that Counterclaimant owns the "common law trademark FROOGLE," and in addition denies the remaining allegations set forth in Counterclaim ¶ 48.

50. In response to the allegations set forth in Counterclaim ¶ 50, Counter-Defendant denies that Counterclaimant owns the "common law trademarks in FROOGLE" and that he owns any "rights in the FROOGLE trademark." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 50.

51. In response to the allegations set forth in Counterclaim ¶ 51, Counter-Defendant denies that Counterclaimant owns the "common law trademark FROOGLE." Counter-Defendant denies the remaining allegations set forth in Counterclaim ¶ 51.

52. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 52.

53. Counter-Defendant denies the allegations set forth in Counterclaim ¶ 53.

**WHEREFORE**, Plaintiff/Counter-Defendant prays:

(A) That Defendant/Counter-Claimant's Counterclaims be dismissed in their entirety with prejudice;

(B) That Defendant/Counter-Claimant take nothing by way of its Complaint.

(C) That the relief sought in Plaintiff/Counter-Defendant's Complaint be granted;

(D) That judgment be entered in favor of Plaintiff/Counter-Defendant; and

(C) That Plaintiff/Counter-Defendant be awarded costs and disbursements in this action, together with such other relief as the Court deems proper.

Respectfully submitted,

Dated: September 27, 2006
New York, New York

By: [signature]
Richard S. Mandaro

Chester P. Rothstein (CR 1417)
Richard S. Mandaro (RM 2602)
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

Ramsey M. Al-Salam, Bar No. 18822
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-6385

Michael H. Rubin, State Bar No. 214626
PERKINS COIE LLP
Four Embarcadero Center, 24th Floor
San Francisco, California 94111-5900
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

*Attorneys for Plaintiff/Counter-Defendant Google Inc.*