Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Attorneys for Defendant
RICHARD WOLFE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

-------------------------------------------------------)
GOOGLE INC.,                                           :
a Delaware corporation,                                :      CV-05-1779 (TCP) (ETB)
                                                       :
    Plaintiff/Counter-Defendant,                    :
                                                       :
v.                                                     :
                                                       :
RICHARD WOLFE d/b/a                                    :
FROOGLES.COM,                                          :
an individual,                                         :
                                                       :
    Defendant/Counterclaimant.                      :
-------------------------------------------------------)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT,
MR. WOLFE'S NOTICE OF MOTION TO COMPEL DISCOVERY AND
SEEKING ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 37**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………ii

BACKGROUND FACTS……………………………………………………………..1

ARGUMENT……………………………………………………………………2

     I.     FED. R. CIV. P. 30(b)(6) DEPOSITION
           OF JONATHAN ROSENBERG……………..………….….3

     II.    GOOGLE'S REFUSAL TO PROVIDE PROPER
           RESPONSES TO DISCOVERY LACKS
           LEGAL JUSTIFICATION ………………………………….7

     III.   GOOGLE'S OPPOSITIONS TO MR. WOLFE'S
           30(b)(6) NOTICE ARE BASELESS………………………..10

CONCLUSION………………………………………….…………………………11

i

# TABLE OF AUTHORITIES

**Cases:**

Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)......................................7

Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004)....................................7

Lakewood Engineering and Mfg. Co. v. Lasko Products, Inc., 2003 WL 1220254, * 1 (N.D. Ill. 2003)..................................................................................................................7

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)........................................3

Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492 (2nd Cir. 1961)..........................7

Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004)..........................................7

**Federal Rules of Civil Procedure:**

Fed. R. Civ. P. 26(b)(1)..........................................................................................3

Fed. R. Civ. P. 30(b)(1).............................................................................2, 3, 4, 5, 7

Fed. R. Civ. P. 30(b)(6)..........................................................................2, 3, 4, 9, 10, 11

Fed. R. Civ. P. 37(a)(2)(B)..................................................................................2, 9

Fed. R. Civ. P. 37(a)(4)(A)......................................................................................2

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Attorneys for Defendant
RICHARD WOLFE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------)
GOOGLE INC.,                                       :
a Delaware corporation,                            :    CV-05-1779 (TCP) (ETB)
                                                   :
    **Plaintiff/Counter-Defendant,**          :
                                                   :
v.                                                 :
                                                   :
RICHARD WOLFE d/b/a                                :
FROOGLES.COM,                                      :
an individual,                                     :
                                                   :
    **Defendant/Counterclaimant.**              :
---------------------------------------------------)

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT, MR. WOLFE'S NOTICE OF MOTION TO COMPEL DISCOVERY AND SEEKING ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 37

### BACKGROUND

This action was brought by Google Inc. (hereinafter "Google") on April 7, 2005. Google's primary allegations in its Complaint allege trademark infringement and dilution of Google's mark GOOGLE resulting from Defendant/Counterclaimant, Richard Wolfe's (hereinafter "Mr. Wolfe") use of the mark FROOGLES. Mr. Wolfe's Answer included a counterclaim alleging a likelihood of confusion between Mr. Wolfe's mark FROOGLES and Google's mark FROOGLE.

The trademarks being asserted by Google in this lawsuit are U.S. Reg. Nos. 2,884,502 and 2,806,075, both for the word mark "GOOGLE" (hereinafter the "GOOGLE Marks"). The trademark being asserted in Mr. Wolfe's Counterclaim is U.S. Appln. Ser. No. 78/297,093, for the mark FROOGLES.

In partial support of his defense, Mr. Wolfe served an Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30 (b)(1) on Jonathan Rosenberg, dated September 14, 2006, noticing Mr. Rosenberg's deposition for September 26, 2006, a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), a Third Request for Production of Documents and Things, a Third Set of Interrogatories, and Second Request for Admissions. Google has objected to several of Mr. Wolfe's discovery requests, portions of the 30(b)(6) Notice, and has refused to produce Mr. Rosenberg for deposition -- all without proper justification. Despite Mr. Wolfe's Counsel's ongoing good faith efforts to resolve these issues with counsel for Google, the parties have not been able to resolve their differences, and Mr. Wolfe now seeks the Court's assistance by filing the subject motion to compel pursuant to Fed. R. Civ. P. 37 and requesting that the Court extend discovery as needed so that Google can comply with these requests.

**ARGUMENT**

Because there is no reasonable or legal justification for Google's continued refusal to provide proper responses to Mr. Wolfe's discovery requests or to produce Mr. Rosenberg for deposition as noticed, an order to compel is appropriate under Fed. R. Civ. P. 37(a)(2)(B), as is an award of reasonable expenses and attorney's fees under Fed. R. Civ. P. Rule 37(a)(4)(A).

2

## I.     FED. R. CIV. P. 30 (b) (1) DEPOSITION OF JONATHAN ROSENBERG

The liberal standard governing discovery under the Federal Rules is well known to this Court. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Fed. R. Civ. P. 26(b)(1) (emphasis added). "Relevant" is an extremely broad term encompassing any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

On March 3, 2006, Mr. Wolfe served a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(1) on Jonathan Rosenberg, which directed his deposition to take place on March 30, 2006 at Mr. Wolfe's counsel's office in New York, New York. That Notice is attached hereto as Exhibit A. Google refused to produce Mr. Rosenberg at that time.

On April 6, 2006, counsel for both parties participated in a teleconference with the Honorable E. Thomas Boyle, Magistrate Judge for the United States District Court for the Eastern District of New York. The transcript of that teleconference is attached hereto as Exhibit B. Mr. Wolfe specifically sought the Court's assistance in securing Mr. Rosenberg for deposition as a 30 (b)(1) witness. At that time, the Court's guidance to the parties was:

> **The Court:** What my suggestion would be is add one of these high-level individuals, not Mr. Paige, either Rosenberg or Kalamgar to what you agree on and see where you stand then. As Plaintiff's counsel has suggested, very often the best way to make a case to do an upper level person is to move up the chain and I don't want to make you do unnecessary depositions with regard to lower level people. But you feel that there's value in what they've offered on their 30(b)(6)'s then do that, supplement it – my suggestion would be to supplement it with either Kalamgar or Rosenberg and then see where you are.

> **The Court:** I mean if, as you suspect, Rosenberg or Kalamgar you know provides information that leads you to the Plaintiff and you feel that that deposition is essential then you can do your motion to compel or whatever and you know anything you do before that isn't going to prejudice you. If anything, it's going to put you in a better position to know.
>
> **Mrs. Richard:** Your Honor, I think that that's a very fair and reasonable approach, and we will certainly endeavor to get availability dates for both of those individuals, and whichever one is suitable, we'll go forward with the deposition within the timeframe. Or if we have to wait because Your Honor suggested extending the timeframe for depositions, then we'll do that.

See <u>Exhibit A</u> at Page 11, Lines 7-18 and 20 - 25 as well as Page 12, Lines 10-16.

Notwithstanding the Court's guidance, Google again refused to produce Mr. Rosenberg for deposition.

On May 2, 2006, counsel for both parties participated in a second teleconference before the Honorable E. Thomas Boyle, which concerned primarily other discovery issues but also discussed Google's refusal to produce Mr. Rosenberg for deposition at Mr. Wolfe's attorney's offices in New York. The transcript of that teleconference is attached hereto as <u>Exhibit C</u>. Again, the Court's guidance was:

> **Mr. Gibson:** During that conference, Your Honor, what the parties were debating was whether or not it was necessary for Defendant to depose Mr. Paige, Mr. Kalamgar and Mr. Rosenberg as 30(b)(1) witnesses. And I thought the direction - - as well as for a 30(b)(6) notice and deposition too. I thought – it was my understanding that the Court's recommendation in that area was that we do a 30(b)(1) and see at that point whether it was necessary to do any further depositions. That was my understanding.
>
> **The Court:** Right. I have the notes in front of me, and I didn't put these on the ECF because you had worked this out. But my notes reflect—from that conference reflect the following: Agreed to take one mid-level executive Kalamgar, is it? Or Rosenberg—

See Exhibit C, Page 4, Lines 24-25 and Page 5, Lines 1-8 and 15-20.

On July 7, 2006, Mr. Wolfe served a First Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(1) on Jonathan Rosenberg, which directed his deposition to take place on August 10, 2006 at Mr. Wolfe's counsel's office in New York, New York. That Notice is attached hereto as <u>Exhibit D</u>. Again, Google refused to produce Mr. Rosenberg as noticed.

Finally, on September 14, 2006, Mr. Wolfe served a Second Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(1) on Jonathan Rosenberg, which directed the deposition to take place on September 26, 2006 at Mr. Wolfe's counsel's office in New York, New York. That Notice is attached hereto as <u>Exhibit E</u>. Again, Google failed to produce Mr. Rosenberg under the terms of the Notice. (See <u>Exhibit F</u>, copies of Google's counsel's email dated September 22, 2006, informing Mr. Wolfe's counsel that Mr. Rosenberg would not be produced for deposition.) Google's counsel has not provided a valid or legal reason as to why Mr. Rosenberg has not been produced for deposition.

Google's attorneys have alleged that Mr. Rosenberg is "too senior" of an employee to have any relevant facts regarding the GOOGLE Marks (and Google's FROOGLE mark). This position is disingenuous at best. In Google's initial disclosures, Mr. Rosenberg was identified as an individual likely to have "knowledge relating to Google's history, corporate information, Google's goods and services, use of its GOOGLE names and marks and the fame, value and goodwill associated therewith. Mr. Rosenberg may have knowledge relating to the launch and operation of Google's Froogle internet search and online shopping service, which would be limited to a high-level senior management perspective." A copy of Google's Initial Disclosures are

5

attached hereto as <u>Exhibit G</u>.  Moreover, Mr. Rosenberg's title is Senior Vice President, Product Management, and Marketing, and he is responsible for "overseeing product portfolio and go-to-market strategies.  In this role, [Mr. Rosenberg] oversees the development, improvement and customer acceptance of all Google's products from consumer offerings to business services.  [Mr. Rosenberg] directs the teams with a special focus on delivering exceptional user experiences, continuous innovation, and highly relevant, accountable, and untraditional marketing."  (See Copy from Google's website www.google.com explaining Mr. Rosenberg's responsibilities attached hereto as <u>Exhibit H</u>.)  In Google's own words, Mr. Rosenberg's responsibilities cover areas and subjects that are relevant in the trademark infringement and dilution lawsuit brought by Google.  For example, Mr. Rosenberg is likely to have knowledge as to how the Google (and Froogle) names were created, developed, promoted and used by Google – these are some of his direct job responsibilities.  In addition, it is clear from Google's own documents produced in this lawsuit that Mr. Rosenberg actively participated in the creation of Google's FROOGLE product and is likely to have knowledge on this issue, too.

     Here, the testimony of Mr. Rosenberg is indisputably relevant to the primary issue in the case of whether Mr. Wolfe's mark FROOGLES infringes and dilutes the GOOGLE Marks.  Mr. Rosenberg has knowledge relating to the existence and use of the GOOGLE Marks and Google's reasons for selecting and adopting the GOOGLE Marks.  Courts have repeatedly found that this sort of testimony is not only relevant but also essential in a trademark infringement and dilution lawsuit.  The information sought from Mr. Rosenberg is not alleged by Google to be privileged nor immune from discovery.

Under these circumstances, there is simply no justification for Google to refuse to comply with Mr. Wolfe's discovery requests.

For the foregoing reasons, Mr. Wolfe respectfully requests that this Court compel Google to produce Mr. Rosenberg at Mr. Wolfe's counsel's office in New York for deposition pursuant to Fed. R. Civ. P. 30(b)(1) as soon as possible.

## II.    GOOGLE'S REFUSAL TO PROVIDE PROPER RESPONSES TO DISCOVERY REQUESTS LACKS LEGAL JUSTIFICATION

Pursuant to Fed. R. Civ. P. 37, a party may file a motion to compel discovery when the other party fails to respond to a discovery request or where the response is inadequate, such as an incomplete or evasive response. The Court has broad discretion in ruling on discovery motions. Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the action." Lakewood Engineering and Mfg. Co. v. Lasko Products, Inc., No. 01 C. 7867, 2003 WL 1220254, at *1 (N.D. Ill. 2003) citing Fed. R. Civ. P. 26(b)(1). "The objecting party[] bears the burden of showing why discovery should be denied." Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004), citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

The information sought in the discovery requests at issue in this motion is clearly relevant to the issues of the case. The primary question to be litigated in this action involves whether Richard Wolfe's FROOGLES infringes and dilutes the GOOGLE Marks. The classic framework for analyzing this issue in the context of a claim for trademark infringement is the Polaroid test. Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492 (2nd Cir. 1961). This test considers several factors, including: (1) the

7

strength of the prior owner's mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood the prior owner will bridge the gap between the two products; (5) actual confusion; (6) the defendant's good faith in adopting its own mark; (7) the quality of the junior user's product; and (8) the sophistication of the buyers. Id. at 495. The merits of both Google's case and Mr. Wolfe's case will be analyzed using these factors.

On July 7, 2006, Mr. Wolfe served on Google a Third Request for Production of Documents and Things, a Third Set of Interrogatories and a Second Request for Admissions. On August 7, 2006, Google provided responses to these Discovery Requests. These Discovery responses are attached hereto as Exhibit I, Exhibit J, and Exhibit K, respectively. Mr. Wolfe contends that there is no reasonable justification for the objections made for Google's continued refusal to provide proper responses and to produce the documents requested.

Specifically, Mr. Wolfe notes Document Requests Nos. 1, 2, 3, 4, 5, 7, 9, 10, 11, and 12. Google has objected to these requests for reasons such that the Requests are "overly broad," "unduly burdensome," "neither relevant to the subject matter of the litigation nor likely to lead to the discovery of admissible evidence," "intrusive of the attorney-client privilege and attorney work-product doctrine," "unreasonably cumulative, duplicative or repetitive of other requests," or "harassing or oppressive." Each of these Requests references the use, adoption, license, advertising, sales and/or policing of the GOOGLE Marks and are therefore clearly relevant under the Polaroid Factors listed above.

8

Mr. Wolfe also notes Interrogatory Nos. 1, 2, 3, 6, 7, 8, 9, 10 and 11 to which Google has objected. However, Mr. Wolfe points out that these Interrogatories seek information that bears upon the <u>Polaroid</u> factors in terms of the use, adoption, license, advertising, sales and/or policing of the GOOGLE Marks. As such, the subject matter of all of these requests is clearly relevant to the issue of infringement of the GOOGLE Marks.

Lastly, as to Mr. Wolfe's Second Request for Admissions, Mr. Wolfe specifically notes Request for Admission Nos. 49, 50 and 51. Mr. Wolfe submits that these three (3) requests have a direct bearing on Google's use, adoption, license, advertising, sales and/or policing of the GOOGLE Marks and are therefore relevant to the primary issues in this action and have a direct bearing upon proper likelihood of confusion analysis.

Mr. Wolfe submits that his ability to mount a proper defense to Google's allegations in the Complaint are being compromised by Google's continued refusal to provide proper responses and produce the documents requested, such that an order to compel is appropriate under Fed. R. Civ. P. 37(a)(2)(B).

### III. GOOGLE'S OPPOSITIONS TO MR. WOLFE'S 30(b)(6) NOTICE ARE BASELESS

On July 7, 2006, Mr. Wolfe served a First Amended Notice of Deposition pursuant to Fed. R. Civ. 30(b)(6). On July 27, 2006, Google responded to Mr. Wolfe's notice and objected to several paragraphs on grounds that appear to be baseless. A copy of Google's objections and responses to Mr. Wolfe's 30(b)(6) Notice are attached hereto as <u>Exhibit L</u>.

Numerous Google responses refuse to: (1) produce witnesses to testify on topics as basic as website traffic on www.google.com and www.froogle.com, sales of products on www.google.com and www.froogle.com, revenues and profits, licensing of the GOOGLE Marks, and advertising. (See Exhibit L, Google's Responses at Paragraphs 12, 20-23, 39, 40, 51-53, 55 and 56); (2) produce witnesses to testify as to the GOOGLE Marks (See Exhibit L, Google's Responses at Paragraphs 6, 7, 9, 10, 15-18, 32 and 57); and (3) produce witnesses unless certain situation arise that correspond to certain of Mr. Wolfe's requests, thereby effectively preventing Mr. Wolfe from gathering evidence in support of his position that there is no likelihood of confusion between the GOOGLE Marks and the mark FROOGLES (See Exhibit L, Google's Responses to Paragraphs 27-31, 33 and 34).

All of the paragraphs in Mr. Wolfe's 30(b)(6) Notice that Google has refused to produce witnesses to testify on, are directly related, are in fact required, to be analyzed under the Poloroid test used in the Second Circuit to determine a likelihood of confusion. It should be clear to the Court that Google's objections are baseless, and Google should be ordered to produce a witness(es) to testify to each paragraph as soon as possible. In addition, in the absence of legally sufficient reasons for Google's refusal to properly respond to Mr. Wolfe's discovery requests, Google should be ordered to pay Mr. Wolfe's attorneys' fees associated with the preparing and filing of this motion.

## **CONCLUSION**

For the foregoing reasons, Mr. Wolfe respectfully requests that Google be ordered to produce Mr. Rosenberg for deposition as soon as possible, fully respond to Mr. Wolfe's discovery requests, and produce witnesses to testify to all of the objected paragraphs in Mr. Wolfe's 30(b)(6) Notice as required by the Federal Rules of Civil Procedure and requesting that the Court extend discovery as needed so that Google can comply with these requests.

Respectfully submitted,

Dated: September 27, 2006

By: _____
Robert L. Powley, Esq. (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5058

Attorneys for Defendant,
RICHARD WOLFE

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September true and correct copies of the foregoing Defendant/Counterclaimant, Mr. Wolfe's Notice of Motion to Compel Discovery and Seeking Attorneys' Fees Pursuant to Fed. R. Civ. P. 37; Memorandum of Law in Support of Defendant/Counterclaimant, Mr. Wolfe's Notice of Motion to Compel Discovery and Seeking Attorneys' Fees Pursuant to Fed. R. Civ. P.37 and Declaration of Robert L. Powley in Support of Defendant/Counterclaimant, Mr Wolfe's Motion to Compel and seeking Attorneys' Fees Pursuant to Fed. R. Civ. P. 37 were duly served on counsel for Plaintiff by email and U.S. first class pre-paid mail in envelopes addressed as follows:

> Ramsey Al-Salam, Esq. (RAlsalam@perkinscoie.com)
> Perkins Coie, LLP
> 1201 Third Ave Ste. 4800
> Seattle, WA 98101
> Telephone: (206) 359-6385
> Facsimile: (206) 359-7385
>
> Richard S Mandaro. Esq. (rmandaro@arelaw.com)
> Amster, Rothstein & Bernstein
> 90 Park Avenue
> New York, NY 10016
> Telephone: 212-336-8106
> Facsimile: 212-336-8001
>
>
> Attorneys for Plaintiff,
> GOOGLE INC.

_____
Casimir W. Cook

Powley & Gibson, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Attorneys for Defendant,
RICHARD WOLFE