# EXHIBIT C

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
   ┌─────────────────────────────────┬──────────────────────────────
 3 │ GOOGLE INC., a Delaware         │ Docket No. 05-CV-01779-TCP-ETB
   │ Corporation,                    │
 4 │                                 │ Central Islip, New York
   │                     Plaintiff,  │ May 2, 2006
 5 │                                 │
   │           v.                    │
 6 │                                 │
   │ RICHARD WOLFE, an individual    │
 7 │ doing business as Froogles.com, │
   │                                 │
 8 │                     Defendant.  │
   └─────────────────────────────────┘
 9
                  TRANSCRIPT OF TELEPHONE CONFERENCE
10               BEFORE THE HONORABLE E. THOMAS BOYLE
                    UNITED STATES DISTRICT JUDGE
11
    A P P E A R A N C E S :
12
    For Plaintiff:     Virginia Ann R. Richard, Esq.
13                     Winston & Strawn LLP
                       200 Park Avenue
14                     New York, New York 10166
                       (212) 294-4639; (212) 294-4700 fax
15                     Email: vrichard@winston.com

16                     Andrew P. Bridges, Esq.
                       Winston & Strawn LLP
17                     101 California Street, 39th Floor
                       San Francisco, CA 94111
18                     Email: abridges@winston.com

19  For Defendant:     James Martin Gibson, Esq.
20                     Law Office Of Robert L. Powley P.C.
                       417 Canal Street, Floor 4-H
21                     New York New York 10013
                       (212) 226-5054; (212) 226-5085 fax
22
    Transcriber:       Typing At Your Doorstep
23                     (516) 643-3483; (877) 805-1098
                       Email: TAYDS@optonline.net
24
25  Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.
```

```
                         I N D E X

 1

 2   WITNESSES            DIRECT  CROSS   REDIRECT   RECROSS
     None
 3

 4

 5

 6

 7
                         E X H I B I T S
 8

 9   COURT         DESCRIPTION           MARKED    RECEIVED
     No Documents
10

11

... (lines 12–25)
```

1     COURT OFFICER: Judge Boyle is in the courtroom.
2     MS. RICHARD: Sir, it's Virginia Richard and Jim
3  Gibson on Google v. Wolfe.
4     THE COURT: Who represents the Defendant here?
5     (Searching papers.)
6     THE COURT: Okay.
7     MR. BRIDGES: Also Andrew Bridges, representing Google
8  is on the phone from the San Francisco office of Winston &
9  Strawn.
10    THE COURT: Ms. Richard, do you want to bring me up to
11 date on this?
12    MS. RICHARD: Yes, Your Honor, this matter came to the
13 Court's attention pursuant to a letter which Plaintiff's counsel
14 sent to the Court on April 14.
15    THE COURT: I'm familiar with everything.
16    MS. RICHARD: All right.
17    THE COURT: Let's get to the bottom line.
18    MS. RICHARD: Okay.
19    THE COURT: Do you have lost documents here or do you
20 not?
21    MS. RICHARD: We do not according to the information
22 which we eventually obtained from Defendant's counsel on April
23 17.
24    THE COURT: Why didn't you withdraw this request then?
25    MS. RICHARD: Because, Your Honor, we believe we're

1  entitled to attorney's fees for the time and effort that it took
2  over at least a week to make a determination that in fact the
3  documents were not lost and that our client had not suffered the
4  lost of its highly confidential information into the ether or
5  into the hands of third parties who could have adversely
6  affected its commercial position.
7         THE COURT: Ms. Wolfe (sic), it was obvious you're
8  your papers that this may be a situation of crying wolf. If you
9  want to make your application, I'm going to authorize the
10 Defendant to make its application for costs and expenses in
11 connection with this conference which should have been withdrawn
12 by you.
13        MS. RICHARD: Well, Your Honor, the documents involved
14 in this particular matter were highly confidential business
15 documents --
16        THE COURT: Ms. Gibson (sic), I don't want to hear
17 from you with regard to how valuable they were; they weren't
18 lost. Mr. Gibson, anything you want to say?
19        MR. GIBSON: No, with respect to this matter, Your
20 Honor, no. However, if you do have the time I would like to
21 revisit something that came up in our telephone conference of
22 April 6.
23        THE COURT: Go right ahead.
24        MR. GIBSON: During that conference, Your Honor, what
25 the parties were debating was whether or not it was necessary

1   for Defendant to depose Mr. Paige, Mr. Kalamgar and Mr.
2   Rosenberg as 30(b)(1) witnesses. And I thought the direction --
3   as well as do a 30(b)(6) notice and deposition too. I thought -
4   - it was my understanding that the Court's recommendation in
5   that area was that we do a 30(b)(6) deposition on one of the
6   lower individuals under 30(b)(1) and see at that point whether
7   it was necessary to do any further depositions. That was my
8   understanding.
9           Counsel for Plaintiff has taken the position that in
10  that conference, it was definitively determined that we were not
11  entitled to any 30(b)(1) witnesses, and basically are taking the
12  position that that was decided at our last conference. I would
13  like, if you could, to reiterate your position and
14  recommendation to the parties with respect to that matter.
15          THE COURT: Right. I have the notes in front of me,
16  and I didn't put these on the ECF because you had worked this
17  out. But my notes reflect -- from that conference reflect the
18  following:
19          Agreed to take one mid-level executive Kalamgar, is
20  it? Or Rosenberg --
21          MR. GIBSON: Correct.
22          THE COURT: -- in addition to the 30(b)(6) deposition
23  offered by Froogle."
24          MR. GIBSON: Okay.
25          THE COURT: And then I noted that I had raised the

Google Inc. v. Richard Wolfe                                    6

1  issue of the place of deposition and advised that the general
2  rule would be the forum state rather than California since
3  Google brought the action in New York.
4          So, that's my recollection from my notes.  I must say
5  it's not an independent recollection, but I remember we talked
6  about it, and it was resolved consensually between you.  So,
7  that's my understanding.  So, if there remains any question
8  here, what's the issue now?
9          MR. GIBSON:  No, I just wanted you to clarify for us,
10 Your Honor.  I mean, the issue is my understanding is as you
11 just repeated.  Plaintiff, though, is taking the position we're
12 not entitled to any 30(b)(1).  I don't know whether they'll
13 change their position after today's conference, but I just want
14 it clarified because I anticipate having to file a motion;
15 that's all.
16         THE COURT:  Right, right.  Anything we can work out,
17 Ms. Richard, on this?
18         MS. RICHARD:  Well, Your Honor, I think Mr. Gibson's
19 understanding of our position is erroneous.  We never took the
20 position that they weren't entitled to any 30(b)(1) depositions.
21 We did take the position that they should proceed with the
22 30(b)(6), and after that was completed, make a determination as
23 to who the appropriate 30(b)(1) deponents would be rather than
24 just having a sort of shotgun approach to names of people that
25 appeared to be interesting.

1    And we also discussed actually paying Mr. Gibson's
2    costs to go to California because the fact of the matter is that
3    most of the deponents that he's interested in are in California
4    and Google is very short staffed, and it would be an
5    accommodation to Google if he could take the depositions of
6    those California-based individuals there at our cost.
7         THE COURT:  Okay.
8         MS. RICHARD:  We never got a response to that, and
9    then of course Mr. Neville Manning, who is the Chief
10   Architecture of the Froogle site and was most directly involved
11   in its creation and actual coming to fruition, is in New York.
12   And we've offered him several times, and we've never gotten a
13   response from Mr. Gibson as to when he wants to take his
14   deposition.
15        THE COURT:  Right.
16        MR. BRIDGES:  Your Honor, this is Andrew Bridges out
17   here in San Francisco, physically closer to the Google folks.
18   Yes, the irony is here that although most of Google's personnel
19   are in California, probably the person who is most important for
20   understanding the Google service that is at issue here, Froogle
21   is in fact in New York and we have repeatedly tried to make him
22   available.
23        For some reason the logjam has been that Mr. Wolfe's
24   counsel just didn't want to take his deposition but was looking
25   to reach for others who are much more inconvenienced when the

```
 1  person whose the obvious person happens to be on the spot in New
 2  York.
 3          THE COURT:  Right.
 4          MR. BRIDGES:  And we'd like to start with that.  As a
 5  related issue, Your Honor, in that we do believe that the
 6  parties should make an effort at mediation as they were directed
 7  by the Court to do, it was important to Google to take Mr.
 8  Wolfe's deposition.  It was important before it took place, and
 9  the deposition and its transcripts after the fact illuminate how
10  very important it was because it has in our view illuminated the
11  fact that there is absolutely nothing in this case.  It was
12  important to us to have that deposition before the mediation.
13          THE COURT:  You brought the case; you're saying
14  there's nothing in the case?
15          MR. BRIDGES:  No, there's nothing in -- I'm sorry,
16  there's nothing in Mr. Wolfe's claims.  This case was brought in
17  part because of threats made by Mr. Wolfe.  There's nothing to
18  his arguments.
19          THE COURT:  He had enough to prevail in another forum.
20  Admittedly, it wasn't in this country.
21          MR. BRIDGES:  Your Honor, that forum actually is one
22  for which I'm a (inaudible) arbitrator myself in that --
23          THE COURT:  Right.
24          MR. BRIDGES:  -- and that forum absolutely does not
25  have any discovery, and so it is very easy in that forum to
```

1   shape allegations and facts to create the illusion of a case
2   never tested by discovery.  And there was a proceeding in a
3   trademark trial and appeal board where with we sought to depose
4   Mr. Wolfe, the other side, his counsel -- I think his previous
5   counsel -- filed a motion to keep that from happening.  So, we
6   might have now gotten a deposition of Mr. Wolfe with cross
7   examination.  We needed that for mediation.
8          But, the reason I raise this is when we said we needed
9   that, Mr. Wolfe's counsel stated that they therefore would
10  refuse to mediate.  And so we're dead at the water on mediation;
11  it has not happened.  Google would like to see it happen
12  promptly.
13         Mr. Wolfe's counsel has suggested on several times
14  that now they're not interested since we took Mr. Wolfe's
15  deposition.  And alternatively they said, "well, we need
16  discovery before the mediation.  Google does believe that, as
17  the Court has directed, we should be mediating this case, but
18  we're just at an absolute standstill for some reason on this
19  because of Mr. Wolfe's refusal engage in mediation or to move
20  forward with the obvious if he needed a deposition, sort of a
21  tit for tat to state the mediation we've been offering, the
22  person who is most appropriate for some time now and we've had
23  no progress on that front.
24         THE COURT:  Right.  Mr. Gibson, anything you'd like to
25  say?

1   MR. GIBSON: Yeah, Your Honor, first of all, the ball
2   -- I will admit the ball is in our court with Mr. Neville
3   Manning. We will be re-noticing him. We have no problem taking
4   his deposition.
5   THE COURT: Okay.
6   MR. GIBSON: We want to take his deposition along with
7   any of the other individuals that Plaintiff is willing to
8   designate as part of the 30(b)(6) notice.
9   THE COURT: Okay.
10  MR. GIBSON: Not a problem. But we will be getting to
11  them shortly on that. With respect to remediation, Your Honor,
12  you know, I think it's a little disingenuous for Google to sit
13  back now that they've had their discovery and expect us to
14  proceed to mediation without being at least on the same level
15  playing field and that's our position with mediation; we're not
16  ruling it out.
17  THE COURT: Right.
18  MR. GIBSON: It's just at this particular point in
19  time, we are likely to elect to proceed with some discovery
20  before we hit mediation.
21  THE COURT: Just to make the record reflect what
22  occurred, only on rare occasions do I direct parties to engage
23  in mediation, and there wasn't any mediation order entered here.
24  My practice and belief is that if you have to force parties by
25  virtue of a court order to engage in mediation, the likelihood

1  of any favorable result in that mediation is very, very slim.
2  So, I require the consent of all the parties. I require that
3  for mediation under Section 8311 of our Local Civil Rules. I
4  also require it for a settlement conference. And I'll renew my
5  offers at any time the parties feel that they will benefit from
6  a settlement conference. I do it in the form of a facilitative
7  mediation, and I set aside the entire afternoon. We generally
8  start at around 1:30 and there are no other cases that are
9  scheduled for that afternoon.
10          I need principles present with authority to settle the
11  case; I need a three-page letter; I need a good faith offer and
12  demand prior to the settlement conference. There's an order
13  that goes along with it that spells everything out. So, those
14  are two options that are available to you. If there comes a
15  time when you both feel that it would be beneficial to sit down
16  and engage in some kind of discussion.
17          MR. GIBSON: Your Honor, one other thing I'd just like
18  to put on the record with respect to the initial attempt at
19  mediation, both parties agreed to mediation. In fact,
20  Defendants, we filed our mediation statement. It was Plaintiff
21  who decided at the last moment that it didn't want to mediate.
22          THE COURT: I didn't think there was a mediation order
23  entered.
24          MR. GIBSON: There wasn't.
25          THE COURT: There was not?

1    MR. BRIDGES:  Your Honor, there was an order saying
2  that the mediation should take place by such and such a date.
3    THE COURT:  Okay.
4    MR. BRIDGES:  And we frankly inferred that that was
5  the mediation order and maybe it was merely an advisory saying
6  if there was to be a mediation, it should happen by such and
7  such a date.  We did not in fact cancel the mediation.  We in
8  fact said we've got to get in Mr. Wolfe's deposition before the
9  mediation.  We were told Mr. Wolfe was unavailable because he
10 was traveling, then we noticed his deposition for a date when he
11 appeared to be available based on the discussions of non-
12 availability that had happened beforehand and they said no he's
13 not going to be available then either.  He will just not be
14 available before the mediation period.
15   THE COURT:  Mr. Bridges, do you have a date on that
16 order; perhaps I misstated the situation.
17   MR. BRIGES:  I believe it was -- was it in October?
18 I'm sorry, Your Honor, I don't have it in front of me.
19   THE COURT:  Oh here -- excuse me, excuse me, I do have
20 it.  Mr. Bridges, I stand corrected.  I've got an order dated
21 October 20 sending the case to mediation.  It shall commence by
22 December 15, 2005.
23   MR. BRIDGES:  That date was later extended pursuant to
24 stipulation, Your Honor.
25   THE COURT:  And be completed by February 28.  I see.

1  So, there must have probably been agreement between you when you
2  came into the initial conference or sometime thereafter that you
3  wanted to mediate?
4        MR. BRIDGES:  Yes.
5        THE COURT:  Is that what happened here?
6        MR. BRIDGES:  Yes, I believe it was after the
7  conference.
8        THE COURT:  Okay, I stand corrected.  All right, that
9  remains something that's available to you if there comes a time
10 when you're interested in it.
11       Let me just note further if there's any question with
12 regard to that last conference, you can order the record.
13 Because like this conference, it's being recorded, it's Tape 06-
14 20 and it's lines 1 through 1295.  So, if that is of any
15 assistance to you in getting over this hurdle, that's available.
16       Now, it looks like you have an extension until June
17 15; is that right?
18       MR. BRIDGES:  Yes, Your Honor.
19       THE COURT:  Okay.  And, do you have a conference after
20 that?  I have a final conference November 8, which probably
21 anticipates a motion for summary judgment.  Did somebody want to
22 make a motion for summary judgment before Judge Platt?
23       MR. BRIDGES:  Your Honor, correct, on behalf of
24 Google, I anticipate that we may very well file a motion for
25 summary judgment.

Google Inc. v. Richard Wolfe 14

1    THE COURT: Right, right. Okay, anything else anyone
2 wants to raise?
3    I would suggest -- you have a lot of discovery here, I
4 would suggest you focus on that and stop attacking one another
5 on attorney's fees, but that's up to you.
6    All right, thank you very much.
7    MR. GIBSON: Thank you, Your Honor.
8    MR. BRIGES: Thank you, Your Honor.
9    (Whereupon, the proceeding concluded at this time.)
10            * * * * *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                        CERTIFICATION
 2
 3      I, Rochelle Grant, certify that the foregoing is a correct
 4  transcript from the official electronic sound recording of the
 5  proceedings in the above-entitled matter.
 6
 7  Dated:  May 11, 2006
 8
 9                                      /s/
                                Signature of Approved Transcriber
10
                                   Rochelle V. Grant
11                              Typed or Printed Name
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```