# EXHIBIT I

RAMSEY M. AL-SALAM, WA State Bar No. 18822
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-6385

MICHAEL H. RUBIN, CA State Bar No. 214626
PERKINS COIE LLP
Four Embarcadero Center, 24th Floor
San Francisco, California 94111-5900
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050

CHESTER P. ROTHSTEIN, NY State Bar No. CR 1417
RICHARD S. MANDARO, NY State Bar No. RM 2602
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Telephone:  (212) 336-8000
Facsimile:  (212) 336-8001

Attorneys for Plaintiff/Counter-Defendant
GOOGLE INC.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>RICHARD WOLFE d/b/a FROOGLES.COM,<br>an individual,<br><br>    Defendant/Counterclaimant. | CV-05-1779 (TCP) (ETB) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S/COUNTERCLAIMANT'S
THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34 Plaintiff/Counter-Defendant, Google Inc. ("Plaintiff" or "Google") through its attorneys, Perkins Coie LLP, hereby responds to Richard Wolfe's, d/b/a Froogles.com ("Defendant" or "Wolfe") Third Request for Production of

Documents and Things as follows:

## GENERAL OBJECTIONS

1. Google objects to these Requests for Production to the extent that they seek to impose any obligation or burden on Google that is greater than required by applicable local rules and/or the Federal Rules of Civil Procedure.

2. Google objects to these Requests for Production to the extent that they seek documents subject to the attorney-client privilege and/or attorney work-product immunity. Production of any privileged or otherwise protected documents by Google in the course of this litigation is inadvertent and shall not constitute a waiver of any such privilege(s) and/or protection(s) or other grounds for objection to discovery with respect to such documents.

3. Google objects to these Requests for Production to the extent that they purport to call for production of documents that are publicly available on the ground that such documents are equally available to Defendant and provision of such documents by Google would be unnecessarily burdensome.

4. Google objects to these Requests for Production insofar as they are unlimited with respect to time. Unless an individual request for production is otherwise objectionable, Google will respond to each request by producing documents dated before the date of the commencement of this action or by producing information pertaining to events which occurred before such date.

5. Google objects to these Requests for Production to the extent that they are overly broad, unduly burdensome and seek documents that are not described with reasonable particularity, are not relevant to the subject matter of this lawsuit, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6. Google objects to these Requests for Production to the extent that they are unreasonably cumulative or duplicative, repetitive, redundant, or otherwise excessive, oppressive or harassing.

7.   Google objects to these Requests for Production to the extent that they seek documents that are outside its possession, custody, or control, and/or are obtainable from other sources that are more convenient, less burdensome, or less expensive.

8.   Google objects to these Requests for Production to the extent that Defendant seeks to require Google to produce documents beyond those available to Google after conducting a reasonable search of its own files and after making reasonable inquiries.

9.   The responses given herein or the production of documents or tangible things by Google in response to any one or more of these Requests for Production shall not be deemed to waive any claim or privilege or immunity Google may have as to any response, document or thing, or any question or right of objection as to competency, relevancy, materiality, or admissibility, or any objection Google may have as to a demand for further response to these or other document or discovery requests.

10.   In responding to Defendant's Third Request for Production, Google does not concede the relevancy, materiality, or admissibility of any of the documents sought therein.

11.   The production of documents by Google, if any, in response hereto, from which information has been redacted shall not be deemed to waive any objections Google may have to the production of unredacted versions of such documents.

12.   Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response is an admission respecting the relevance or admissibility in evidence of any statement or characterization contained in any document, or contained in the Request for Production.

13.   Google states that its Responses are based upon its current knowledge, and that additional information may be in documents that Google and/or its attorneys have not yet reviewed or received, or with witnesses Google has not yet interviewed and/or deposed.

14.   Google objects to Defendant's request that Google produce documents at the Law Offices of Robert L. Powley, P.C., 417 Canal Street, 4th Floor, New York, New York 10013 on

the grounds that it is unduly burdensome and oppressive. Google will either produce copies of responsive documents, or make such documents available for inspection and copying at a mutually agreeable time and place.

15. The preceding general objections and following specific objections reflect Google's present knowledge, information and belief, and may be subject to change or modification based on Google's further discovery, or on facts or circumstances which may come to Google's knowledge.

16. The applicable foregoing general objections are incorporated into each of the specific Responses that follow. The stating of a specific Objection or Response shall not be construed as a waiver of Google's general objections. Google reserves the right to supplement these Responses and to make further objections.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff incorporates all of the general objections set forth above into each of the individual responses below as if fully set forth therein.

### REQUEST FOR PRODUCTION NO. 1:

All documents referring or relating to Google's agreements with third parties relating to use of the marks GOOGLE, FROOGLE and/or any mark containing the term "OOGLE."

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Google objects to Request for Production No. 1 as overly broad and unduly burdensome in that it calls for production of "all" documents, seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

### REQUEST FOR PRODUCTION NO. 2:

All documents referring to or relating to Google's agreements and/or arrangements to link third party websites to www.google.com and/or any other website owned and/or controlled by Google.

[41063-0038/BY062000.105]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Google objects to Request for Production No. 2 as overly broad and unduly burdensome in that it calls for production of "all" documents, seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 3:**

All documents referring or relating to third party use of the terms FROOGLE, FROOGLES, GOOGLE and/or GOOGLES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Google objects to Request for Production No. 3 as overly broad and unduly burdensome in that it calls for production of "all" documents, unreasonably cumulative, duplicative or repetitive or other requests, seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 4:**

All documents referring or relating to any licensing arrangements entered into by Google governing use of the marks GOOGLE, FROOGLE or any mark using the letters "OOGLE."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Google objects to Request for Production No. 4 as overly broad and unduly burdensome in that it calls for production of "all" documents, unreasonably cumulative, duplicative or repetitive or other requests, seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 5:**

All documents referring or relating to the date upon which Google first became aware of the mark GOOGLES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Google objects to Request for Production No. 5 as overly broad and unduly burdensome in that it calls for production of "all" documents, seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 6:**

All documents referring or relating to the distribution list of "froogle-team@google.com."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Google objects to Request for Production No. 6 as overly broad and unduly burdensome in that it calls for production of "all" documents, harassing and oppressive in that it purports to seeks the production of all documents "referring or relating" to the distribution list of froogle-team@google.com," and intrusive of the attorney-client privilege and attorney work-product doctrine. Subject to the foregoing objections and its General Objections and without waiver thereof, Google will produce responsive nonprivileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents referring or relating to the distribution of "product-team@google.com."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Google objects to Request for Production No. 7 as overly broad and unduly burdensome in that it calls for production of "all" documents, harassing and oppressive in that it purports to seeks the production of all documents "referring or relating" to the distribution list of "product-team@google.com," seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

[41063-0038/BY062000 105]

**REQUEST FOR PRODUCTION NO. 8:**

All documents referring or relating to the presentation at http://www.corp.google.com/~craignm/GPS112702.pdf (described in Bates No. P0006196).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Google objects to Request for Production No. 8 as overly broad and unduly burdensome in that it calls for production of "all" documents and harassing and oppressive in that it purports to seeks the production of all documents "referring or relating" to the presentation at http://www.corp.google.com/~craignm/GPS112702.pdf. Subject to the foregoing objections and its General Objections and without waiver thereof, Google will produce the presentation at http://www.corp.google.com/~craignm/GPS112702.pdf.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things referring or relating to any action brought by or against Google for use of the names GOOGLE or FROOGLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Google objects to Request for Production No. 9 as overly broad and unduly burdensome in that it calls for production of "all" documents, harassing and oppressive in that it purports to seeks the production of all documents "referring or relating" to "any action brought by or against Google for use of the names GOOGLE or FROOGLE," seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things referring to or relating to search queries returned by Google on its www.google.com and www.froogle.com websites since the dates of first use of each website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Google objects to Request for Production No. 10 as overly broad and unduly burdensome in that it calls for production of "all" documents, harassing and oppressive in that it purports to

seeks the production of all documents "referring or relating" to "search queries returned by Google on its www.google.com and www.froogle.com websites since the dates of first use of each website," seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things referring or relating to any company that advertises through Google on its websites www.google.com and www.froogle.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google objects to Request for Production No. 11 as overly broad and unduly burdensome in that it calls for production of "all" documents, harassing and oppressive in that it purports to seeks the production of all documents "referring or relating" to "any company that advertises through Google on its websites www.google.com and www.froogle.com," seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

All documents referring or relating to advertising prices charged by Google for ads on its websites www.google.com and www.froogle.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Google objects to Request for Production No. 12 as overly broad and unduly burdensome in that it calls for production of "all" documents, harassing and oppressive in that it purports to seeks the production of all documents "referring or relating" to "prices charged by Google for ads on its websites www.google.com and www.froogle.com," seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of

admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 13:**

All documents referring or relating to Google's efforts o combat, police or otherwise address the public's use of the mark GOOGLE in a generic fashion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Google objects to Request for Production No. 13 as vague and ambiguous with respect to the use of the phrase "efforts o combat," overly broad and unduly burdensome in that it calls for production of "all" documents, harassing and oppressive in that it purports to seeks the production of all documents "referring or relating" to "Google's efforts o combat, police or otherwise address the public's use of the mark GOOGLE in a generic fashion," seeking information that it is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and intrusive of the attorney-client privilege and attorney work-product doctrine.

DATED: August 7, 2006.

PERKINS COIE LLP

By _____
MICHAEL H. RUBIN

Attorneys for GOOGLE INC.