# EXHIBIT J

FILE

RAMSEY M. AL-SALAM, WA State Bar No. 18822
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone:   (206) 359-8000
Facsimile:   (206) 359-6385

MICHAEL H. RUBIN, CA State Bar No. 214626
PERKINS COIE LLP
Four Embarcadero Center, 24th Floor
San Francisco, California 94111-5900
Telephone:   (415) 344-7000
Facsimile:   (415) 344-7050

CHESTER P. ROTHSTEIN, NY State Bar No. CR 1417
RICHARD S. MANDARO, NY State Bar No. RM 2602
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Telephone:   (212) 336-8000
Facsimile:   (212) 336-8001

Attorneys for Plaintiff/Counter-Defendant
GOOGLE INC.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | |
| Plaintiff/Counter-Defendant, | CV-05-1779 (TCP) (ETB) |
| v. | |
| RICHARD WOLFE d/b/a FROOGLES.COM, an individual, | |
| Defendant/Counterclaimant. | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S/COUNTERCLAIMANT'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 Plaintiff/Counter-Defendant, Google Inc. ("Plaintiff" or "Google") through its attorneys, Perkins Coie LLP, hereby responds to Richard Wolfe's, d/b/a Froogles.com ("Defendant" or "Wolfe") Third Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.      Google Inc. objects to each request as unduly burdensome and oppressive to the extent that it purports to require Google Inc. to search Google Inc. facilities and inquire of Google Inc. employees other than those facilities and employees that would reasonably be expected to have responsive information.  Google Inc.'s responses are based upon (1) a reasonable search, given the time allocated to Google Inc. to respond to the Interrogatories, of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Google Inc. employees and/or representatives who could reasonably be expected to possess responsive information.

2.      Google Inc. objects to each Interrogatory to the extent that it purports to impose any requirement or discovery obligation on Google Inc. other than those set forth in the applicable local rules and/or the Federal Rules of Civil Procedure.

3.      Google Inc. objects to each Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege.  Such information will not be disclosed.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

4.      Google Inc. objects to each Interrogatory to the extent that it purports to require Google Inc. to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Google Inc. will not provide such information without the consent of the relevant third party or court order.

5.      Google Inc. responds to these Interrogatories with its current knowledge, however the subject matter of these Interrogatories is under continuing investigation.  Google Inc. expressly reserves the right to use or rely upon information not provided in response to these Interrogatories if such information is uncovered during the course of its ongoing investigation or to make any additional objections that may become apparent.

[41063-0038/BY062000.120]

## RESPONSE TO INTERROGATORIES

Plaintiff expressly incorporates the above General Objections as though set forth fully in response to each of the following individual interrogatories, and, to the extent that they are not raised in any particular response, Plaintiff does not waive those objections.

### INTERROGATORY NO. 1:

Identify all facts relating to Google's knowledge of any and all instances of actual confusion between the service mark FROOGLES and/or the website www.froogles.com and the service mark GOOGLE and/or the website www.google.com.

### RESPONSE TO INTERROGATORY NO. 1:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically objects to this Interrogatory on the ground that it is overly broad to the extent it seeks "all facts relating to" the requested subject matter. Google specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to these specific objections and subject to its General Objections, and without waiving them, Google responds to this Interrogatory as follows: Google is not aware of any instances of actual confusion between the service mark FROOGLES and/or the website www.froogles.com and the service mark GOOGLE and/or the website www.google.com, but Google is a large company with multiple sources of contact to the public and therefore may not be aware of all instances of actual confusion. Google expressly reserves the right to amend its response to this Interrogatory.

### INTERROGATORY NO. 2:

Identify all facts relating to Google's first knowledge of the mark GOOGLES.

### RESPONSE TO INTERROGATORY NO. 2:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine,

or other applicable privileges. Google also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3**:

State the date upon which Google first became aware of the mark GOOGLES.

**RESPONSE TO INTERROGATORY NO. 3**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. Google also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4**:

Identify by name and employment title all of the individuals on the distribution list of "froogle-team@google.com."

**RESPONSE TO INTERROGATORY NO. 4**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein.

Subject to its General Objections, and without waiving them, Google responds to this Interrogatory as follows: Andrew Miller, Software Engineer; Bindu Reddy, Project Manager; Jonathan Brunsman, Software Engineer; Chetan Patel, Engineering Manager; Chris Lavoie, Software Engineer; Cos Nicolaou, Engineering Director; Craig Nevill-Manning, Engineering Director; Daniel Yehuda, Software Engineer; Farhan Shamsi, Software Engineer; Jess Jenkins, Software Engineer; Jessica Lee, Software Engineer; Jonathan Wilson, Software Engineer; Jeff Reynar, Tech Lead/Manager; Kamal Nigam, Tech Lead/Manager; Karl Pfleger, Software Engineer; Brian Larson, Software Engineer; Liz Xu, Software Engineer; Mahlen Morris,

Software Engineer; Marissa Mayer, VP Search Products & User Experience; Maya Capur, Online Ops Manager; Michael Popek, Online Ops Assoc. Manager; Neha Narula, Software Engineer; Prakash Janakiramen, Uber Tech Lead; Preeti Uberoy, Online Sr. Assoc.; Russell Quong, Software Engineer; Ram Subbaroyan, Uber Tech Lead; Sarah Bell, Software Engineer; Susan Shannon, Tech. Program Manager; Steven Delao, Online Ops Coordinator (Froogle); Joel Truher, Engineering Director; Wei Li, Software Engineer.

**INTERROGATORY NO. 5**:

Identify by name any individual who was at any time on the distribution list of "froogle-team@google.com" who was or is outside of the employ of Google.

**RESPONSE TO INTERROGATORY NO. 5**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein.

Subject to its General Objections, and without waiving them, Google responds to this Interrogatory as follows: No one who was or is outside of the employ of Google has ever been on the froogle-team@google.com distribution list.

**INTERROGATORY NO. 6**:

Identify by name and employment title all of the individuals on the distribution list of "product-team@google.com."

**RESPONSE TO INTERROGATORY NO. 6**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically to this Interrogatory on the ground that it is overly broad. Google also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7**:

Identify by name any individual who was at any time on the distribution list of "product-team@google.com" who was or is outside of the employ of Google.

**RESPONSE TO INTERROGATORY NO. 7**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically to this Interrogatory on the ground that it is overly broad. Google also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8**:

Describe in detail the scope, nature and process by which Google licenses the marks GOOGLE, FROOGLE, or other marks containing the letters "OOGLE."

**RESPONSE TO INTERROGATORY NO. 8**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. Google also objects to this Interrogatory on the ground that it is overly broad. Google further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9**:

Identify in detail Google's process for creating, selecting, adopting and/or policing all marks to which it claims ownership or it claims are confusingly similar to the marks GOOGLE and/or FROOGLE.

**RESPONSE TO INTERROGATORY NO. 9**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. Google also objects to this Interrogatory on the ground that it is overly broad. Google further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10**:

Identify in detail the processes employed by Google for policing third party use of marks using the letters "OOGLE."

**RESPONSE TO INTERROGATORY NO. 10**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. Google also objects to this Interrogatory on the ground that it is overly broad. Google further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11**:

Describe what steps Google takes in creating, selecting, clearing and adopting a trademark for use in the United States.

**RESPONSE TO INTERROGATORY NO. 11**:

Google incorporates herein by reference the General Objections set forth above, as if fully set forth herein. Google specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine,

or other applicable privileges. Google also objects to this Interrogatory on the ground that it is overly broad. Google further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

DATED: August 7, 2006.

PERKINS COIE LLP

By *[signature]*
MICHAEL H. RUBIN

Attorneys for GOOGLE INC.

[41063-0038/BY062000.120]

## VERIFICATION

Rose Hagan, being duly sworn, deposes and says that she is the Senior Trademark Counsel of Plaintiff/Counter-Defendant, GOOGLE INC., in the above-captioned action, and verifies for and on behalf of Plaintiff/Counter-Defendant that the facts stated in the foregoing Response to Defendant's/Counterclaimant's Third Set of Interrogatories pursuant to Fed R. Civ. P. 33 are true and correct.

Executed on August 7, 2006 at Mountain View, CA.

By: _/s/ Rose A. Hagan_