# EXHIBIT L

Dockets.Justia.com

RAMSEY M. AL-SALAM, Bar No. 18822
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:    (206) 359-8000
Facsimile:    (206) 359-6385

MICHAEL H. RUBIN, State Bar No. 214626
PERKINS COIE LLP
Four Embarcadero Center, 24th Floor
San Francisco, California  94111-5900
Telephone:    (415) 344-7000
Facsimile:    (415) 344-7050

Attorneys for Plaintiff/Counter-Defendant
GOOGLE INC.

## UNITED STATES EASTERN DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, )<br><br>Plaintiff/Counter-Defendant, )<br><br>v. )<br><br>RICHARD WOLFE d/b/a FROOGLES.COM, )<br>an individual, )<br><br>Defendant/Counterclaimant. ) | CV-05-1779 (TCP) (ETB) |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S/COUNTERCLAIMANT'S
## FIRST AMENDED NOTICE OF DEPOSITION
## PURSUANT TO FED. R. CIV. P. 30(B)(6)

Pursuant to Rule 30 of the Federal Rules of Civil Procedure,  Plaintiff/Counter-

Defendant, Google Inc. ("Plaintiff" or "Google") hereby submits its objections to Richard

Wolfe's, d/b/a Froogles.com ("Defendant" or "Wolfe") First Amended Notice of Deposition

Pursuant to Federal Rule of Civil Procedure 30(b)(6).

## GENERAL OBJECTIONS

1.      Google objects to the extent that the topics would elicit the disclosure of testimony protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

2.      Google objects to the deposition notice to the extent it purports to seek testimony which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the deposition notice to the extent that it is not fashioned with reasonable particularity as required by the Federal Rules of Civil Procedure.

3.      Google objects to the instructions and definitions in the deposition notice to the extent that they purport to impose obligations that exceed those imposed by the Court's orders to date, the Federal Rules of Civil Procedure, relevant local rules, and applicable case law. In responding to this deposition notice, Google will follow the applicable law and will ignore any improper instructions and definitions (including, but not limited to, the instruction in violation of Federal Rule of Civil Procedure 30(d)(2) that the deposition will "continue from day to day until completed"). Google further objects to the definitions of "Plaintiff" and "Google" as overly broad and unduly burdensome.

4.      In responding to this deposition notice, Google does not concede the relevancy or materiality of any of its subject matter. Google's response to this deposition notice is made expressly subject to and without waiving any objections in any proceeding, including trial of this action, as to competency, relevancy, materiality, or privilege of any of the issues referred to or the responses given.

5.      Google will produce Mr. Nevill-Manning and Ms. Rose Hagan in New York. To the extent that Mr. Wolfe demands further 30(b)(6) witnesses, and those witnesses are located in California, Google objects to producing such witnesses in New York absent an agreement of the parties. To the extent that Mr. Wolfe is seeking a deposition of multiple California-based

[/SL062080.116]

witnesses, for example, the more efficient way to proceed would be for those depositions to proceed in California.

6.      Google hereby incorporates by reference each and every General Objection set forth above into each and every specific objection set forth below, whether or not separately set forth therein. A specific objection may repeat a General Objection for emphasis or for some other reason. Failure to include any General Objection in any specific objection is not a waiver of any General Objection.

## OBJECTIONS TO DEPOSITION TOPICS

### SUBJECT MATTER NO. 1:

All facts relating to Google's data and document retention policy or policies, specifically including document retention, disposition and/or destruction of any and all documents relating to the conduct or operation of its business, and its data and document retention policy as it relates to information stored by Google relating to individuals conducting searches done on the websites www.google.com and www.froogle.com; and the identification of all persons having knowledge of any such facts.

### RESPONSE TO SUBJECT MATTER NO. 1:

This topic is overly broad (particularly as it relates to Google instead of Froogle), unduly burdensome and seeks testimony that is not reasonably calculated to lead to admissible evidence. Without waiving these objections, Mr. Nevill-Manning is expected to provide responsive testimony.

### SUBJECT MATTER NO. 2:

All facts relating to Google's data and document retention policy and/or policies, specifically including document retention, disposition and/or destruction of any and all documents, in electronic format or otherwise, relating to the conduct and/or operation of its

[/SL062080 116]

business, and its data and document retention policy for all documents pertaining to litigation proceedings and/or of those proceedings before the United States Trademark Trial and Appeal Board, the National Arbitration Forum for resolution of domain name disputes under ICAAN's Uniform Domain Name Dispute Resolution Policy, and/or any other trademark, trade dress or other proceeding which pertains to the marks FROOGLE, and/or GOOGLE and/or FROOGLES; and the identification of all persons having knowledge of any such facts.

**RESPONSE TO SUBJECT MATTER NO. 2:**

This topic is overly broad (particularly as it relates to Google instead of Froogle), unduly burdensome and seeks testimony that is not reasonably calculated to lead to admissible evidence. Without waiving these objections, Ms. Rose Hagan is expected to provide responsive testimony.

**SUBJECT MATTER NO. 3:**

The location or locations at which Google maintains or stores any documents relating to the website www.froogle.com and the mark FROOGLE; and the website www.google.com and the mark GOOGLE.

**RESPONSE TO SUBJECT MATTER NO. 3:**

This topic is overly broad, unduly burdensome and seeks testimony that is not reasonably calculated to lead to admissible evidence. Google objects to producing any witness to testify on this topic.

**SUBJECT MATTER NO. 4:**

All facts relating to any locations where electronic documents are regularly sent by Google relating to the website(s) www.froogle.com or www.froogles.com; and the terms "froogle" or "froogles."

[/SL062080.116]

**RESPONSE TO SUBJECT MATTER NO. 4:**

This topic is vague, confusing, and potentially over broad. Without waiving these objections, Mr. Nevill-Manning is expected to provide responsive testimony.

**SUBJECT MATTER NO. 5:**

All facts relating to any searching performed by or on behalf of Google for the term "FROOGLES;" the domain name froogles.com; and/or any websites including the term "froogles."

**RESPONSE TO SUBJECT MATTER NO. 5:**

The topic is vague (e.g., as to "any searching"), overly broad (e.g., as to time), seeks facts not reasonably calculated to lead to admissible evidence, is unduly burdensome (e.g., to the extent it seeks information about whether any employee of Google has ever searched for such terms), and may seek testimony that is protected by the attorney-client privilege and/or work product immunity. Without waiving these objections, Ms. Hagan is expected to provide responsive testimony.

**SUBJECT MATTER NO. 6:**

All facts relating to any trademark searches done by and/or on behalf of Google for the marks GOOGLE, FROOGLE and/or any other mark using the letters "OOGLE."

**RESPONSE TO SUBJECT MATTER NO. 6:**

This topic is overly broad (e.g., as to time), seeks information not reasonably calculated to lead to admissible evidence (e.g., information concerning any searches concerning the letters "oogle"), seeks information protected by the attorney-client privilege and/or work product immunity, and is unduly burdensome. Without waiving these objections, Ms. Hagan is expected to provide testimony responsive with respect to the adoption of the mark "Froogle."

[/SL062080.116]

**SUBJECT MATTER NO. 7:**

All facts relating to Google's creation, selection, clearance and adoption of the marks GOOGLE and FROOGLE, and identify all person(s) who participated in the same and/or participated in the decision to adopt the mark.

**RESPONSE TO SUBJECT MATTER NO. 7:**

This topic it overly broad (especially with respect to "Google"), and unduly burdensome. Without waiving these objections, Mr. Nevill-Manning and Ms. Hagan are expected to provide testimony responsive with respect to the adoption of the mark "Froogle."

**SUBJECT MATTER NO. 8:**

All facts relating to Google's creation, selection, clearance and adoption of any trademark, and identify all person(s) who participate in the same and/or participate in the decision to adopt any mark.

**RESPONSE TO SUBJECT MATTER NO. 8:**

The topic is overly broad, unduly burdensome, vague, and seeks testimony not reasonably calculated to lead to admissible evidence. Google objects to producing any witness to provide information responsive to this request (although information responsive to this request will be provided in response to other, narrower requests, relating to the adoption of Froogle).

**SUBJECT MATTER NO. 9:**

All facts considered at or prior to the time that the marks GOOGLE and FROOGLE were adopted and first used in connection with the Google Services and Froogle Services, and identify all persons having knowledge of the same, and identify all documents relating to the same.

**RESPONSE TO SUBJECT MATTER NO. 9:**

Google objects to this topic as overly broad (especially with respect to "Google"), unduly burdensome, seeking testimony not reasonably calculated to lead to admissible evidence, and

[/SL062080.116]

unduly vague.  The topic does not explain, for example, what "all facts considered" even means.
Assuming the topic is intended to be limited to "facts considered" relating to the adoption of the
trademarks, Mr. Nevill-Manning and Ms. Hagan are expected to provide responsive testimony
concerning the adoption of the Froogle mark.


**SUBJECT MATTER NO. 10:**

      All facts relating to any opinion(s) from counsel obtained by Google relating to the
availability for use and registration of the marks GOOGLE and FROOGLE and/or any other
mark using the letters "OOGLE."

**RESPONSE TO SUBJECT MATTER NO. 10:**

      Google objects to the topic as overly broad, unduly burdensome, as seeking testimony not
reasonably calculated to lead to admissible evidence, and as seeking testimony protected by the
attorney-client privilege and the work product immunity.  Without waiving these objections, Ms.
Hagan is expected to provide responsive testimony concerning the Froogle mark.


**SUBJECT MATTER NO. 11:**

      All facts relating to Google's first awareness of the mark FROOGLES.

**RESPONSE TO SUBJECT MATTER NO. 11:**

      Google objects to the topic to the extent that it seeks testimony protected by the attorney-
client privilege or work product immunity.  Without waiving these objections, Ms. Hagan is
expected to provide responsive testimony.


**SUBJECT MATTER NO. 12:**

      All facts relating to Google's first awareness of the mark GOOGLES.

[/SL062080.116]

**RESPONSE TO SUBJECT MATTER NO. 12:**

Google objects to this topic as seeking testimony not reasonably calculated to lead to admissible evidence, and testimony protected by the attorney-client privilege and/or work product immunity. Google objects to producing any witness to testify on this topic.

**SUBJECT MATTER NO. 13:**

All facts relating to the date of the first sale of Froogle Services under the mark FROOGLE.

**RESPONSE TO SUBJECT MATTER NO. 13:**

Google objects to this topic as overly broad and vague with respect to "all facts." Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony.

**SUBJECT MATTER NO. 14:**

All facts relating to the manner in which the FROOGLE mark was first used and is currently used; and identify all documents relating to the same.

**RESPONSE TO SUBJECT MATTER NO. 14:**

Google objects to this topic as overly broad and vague with respect to "all facts." Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony.

**SUBJECT MATTER NO. 15:**

All facts relating to the method(s) of promoting and advertising the goods and services offered under the marks GOOGLE and FROOGLE and the websites www.froogle.com and www.google.com from the date(s) of first use to date.

**RESPONSE TO SUBJECT MATTER NO. 15:**

Google objects to this topic as overly broad and vague with respect to "all facts." Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony relating to Froogle.

**SUBJECT MATTER NO. 16:**

All facts relating to the method(s) of soliciting sales of the goods and services under the marks GOOGLE and FROOGLE from the date of first use to date.

**RESPONSE TO SUBJECT MATTER NO. 16:**

Google objects to this topic as overly broad and vague with respect to "all facts." Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony relating to Froogle.

**SUBJECT MATTER NO. 17:**

All facts relating to advertising and promotional expenditures incurred from 2001 to date in connection with advertisements promoting the websites www.froogle.com and www.google.com.

**RESPONSE TO SUBJECT MATTER NO. 17:**

Google objects to the topic as overly broad and unduly burdensome, and as seeking information not reasonably calculated to lead to admissible evidence. Without waiving these objections, Mr. Nevill-Manning is expected to provide responsive testimony with respect to froogle.com.

[/SL062080.116]

**SUBJECT MATTER NO. 18:**

All facts relating to Google's marketing, advertising and/or business plans with respect to the websites www.google.com and www.froogle.com, and the use of the GOOGLE and FROOGLE marks.

**RESPONSE TO SUBJECT MATTER NO. 18:**

Google objects to the topic as overly broad and unduly burdensome, and as seeking highly confidential information not reasonably calculated to lead to admissible evidence. Without waiving these objections, Mr. Nevill-Manning is expected to provide responsive testimony with respect to froogle.com.

**SUBJECT MATTER NO. 19:**

All facts relating to any strategic marketing plan developed by or for Google in respect to the sale of Froogle Services under the mark FROOGLE from the date of first sale of Froogle Services to date; and identify any and all persons who participated in the development of the same; and identify all documents relating to said marketing plan(s).

**RESPONSE TO SUBJECT MATTER NO. 19:**

Google objects to the topic as overly broad and unduly burdensome, and as seeking highly confidential information not reasonably calculated to lead to admissible evidence. Without waiving these objections, Mr. Nevill-Manning is expected to provide responsive testimony with respect to Froogle.

**SUBJECT MATTER NO. 20:**

All facts relating to the traffic and volume of "hits" received on the websites www.froogle.com and www.google.com on a monthly basis since the dates of first use of each website.

**RESPONSE TO SUBJECT MATTER NO. 20:**

 Google objects to the topic as overly broad, unduly burdensome and as seeking highly confidential information not reasonably calculated to lead to admissible evidence. Google objects to producing any witness to testify on this topic.

**SUBJECT MATTER NO. 21:**

 All facts relating to the dollar amount of sales of goods and services under the marks GOOGLE and FROOGLE for each month from the respective dates of first use to date.

**RESPONSE TO SUBJECT MATTER NO. 21:**

 Google objects to the topic as overly broad, unduly burdensome and as seeking highly confidential information not reasonably calculated to lead to admissible evidence. Google objects to producing any witness to testify on this topic.

**SUBJECT MATTER NO. 22:**

 All facts relating to Google's revenues and profits attributable to the websites www.google.com and www.froogle.com from the dates of first use of each website to date.

**RESPONSE TO SUBJECT MATTER NO. 22:**

 Google objects to the topic as overly broad, unduly burdensome and as seeking highly confidential information not reasonably calculated to lead to admissible evidence. Google objects to producing any witness to testify on this topic.

**SUBJECT MATTER NO. 23:**

 All facts relating to Google's monetary investment in the development of the websites, wwww.froogle.com and www.google.com.

[/SL062080.116]

**RESPONSE TO SUBJECT MATTER NO. 23:**

Google objects to the topic as overly broad, unduly burdensome and as seeking highly confidential information not reasonably calculated to lead to admissible evidence. Google objects to producing any witness to testify on this topic.

**SUBJECT MATTER NO. 24:**

All facts relating to the channels of trade and distribution channels relating to the marks GOOGLE and FROOGLE.

**RESPONSE TO SUBJECT MATTER NO. 24:**

Google objects to the topic as overly broad, unduly burdensome and as seeking confidential information not reasonably calculated to lead to admissible evidence. Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony.

**SUBJECT MATTER NO. 25:**

All facts relating to the FROOGLE Services.

**RESPONSE TO SUBJECT MATTER NO. 25:**

Google objects to the topic as overly broad, unduly burdensome and as seeking confidential information not reasonably calculated to lead to admissible evidence. Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony.

**SUBJECT MATTER NO. 26:**

All facts relating to consumers using Google's www.froogle.com website, including but not limited to, the characteristics of the purchases and/or prospective purchases of Froogle Services.

[/SL062080.116]

**RESPONSE TO SUBJECT MATTER NO. 26:**

Google objects to the topic as overly broad, unduly burdensome and as seeking confidential information not reasonably calculated to lead to admissible evidence. Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony.

**SUBJECT MATTER NO. 27:**

All facts relating to any instances of confusion between the websites www.froogle.com, www.google.com, and/or www.froogles.com.

**RESPONSE TO SUBJECT MATTER NO. 27:**

Google objects to this topic as overly burdensome to the extent it is expected to elicit the information of every employee at Google. Without waiving these objections, Google will produce a witness if any such specific instances of confusion are identified.

**SUBJECT MATTER NO. 28:**

All facts relating to any instance of confusion between the marks GOOGLE, FROOGLE, and/or FROOGLES.

**RESPONSE TO SUBJECT MATTER NO. 28:**

Google objects to this topic as overly burdensome to the extent it is expected to elicit the information of every employee at Google. Without waiving these objections, Google will produce a witness if any such specific instances of confusion are identified.

**SUBJECT MATTER NO. 29:**

All facts relating to Google's policy or policies relating to the receipt of misdirected mail, misdirected telephone calls, and/or misdirected electronic mail or other communications in any media received by Google that were intended for Mr. Wolfe.

[/SL062080 116]

**RESPONSE TO SUBJECT MATTER NO. 29:**

Google objects to this topic as vague as to "policy or policies," and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. At the current time, Google is not aware of any such policy or policies, and thus has no responsive testimony to provide.

**SUBJECT MATTER NO. 30:**

All facts relating to the receipt of misdirected mail, misdirected telephone calls, and/or misdirected electronic mail or other communication in any media intended for Mr. Wolfe.

**RESPONSE TO SUBJECT MATTER NO. 30:**

Google objects to the topic as overly broad and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. Without waiving these objections, Google will produce a witness if any of these events are identified.

**SUBJECT MATTER NO. 31:**

All facts relating to any meetings, telephone discussion or written correspondence between Google personnel, representatives or employees regarding misdirected mail or telephone calls intended for Mr. Wolfe and/or relating to the Froogles Services.

**RESPONSE TO SUBJECT MATTER NO. 31:**

Google objects to the topic as overly broad and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. Without waiving these objections, Google will produce a witness if any of these events are identified.

**SUBJECT MATTER NO. 32:**

All facts relating to any consumer complaints regarding the goods or services sold or offered under the marks GOOGLE or FROOGLE.

[/SL062080 116]

**RESPONSE TO SUBJECT MATTER NO. 32:**

Google objects to the topic as overly broad, unduly burdensome, and as seeking highly confidential information not reasonably calculated to lead to admissible evidence. Without waiving these objections, Mr. Nevill-Manning is expected to provide responsive testimony with respect to Froogle.

**SUBJECT MATTER NO. 33:**

All facts relating to any consumer inquiries received by Google regarding a relationship between Mr. Wolfe and Google; and/or froogles.com and froogle.com.

**RESPONSE TO SUBJECT MATTER NO. 33:**

Google objects to the topic as overly broad and unduly burdensome to the extent it expects Google to elicit information from every employee. Without waiving this objection, Google will produce a witness if any of these events are identified.

**SUBJECT MATTER NO. 34:**

All facts relating to any consumer inquiries received by Google in which consumers sought assistance with Mr. Wolfe's website and/or Services.

**RESPONSE TO SUBJECT MATTER NO. 34:**

Google objects to the topic as overly broad and unduly burdensome to the extent it expects Google to elicit information from every employee. Without waiving this objection, Google will produce a witness if any of these events are identified.

**SUBJECT MATTER NO. 35:**

All facts relating to any surveys or market research done by or for Google relating to the marks FROOGLE, GOOGLE and/or FROOGLES.

**RESPONSE TO SUBJECT MATTER NO. 35:**

Google objects to the topic as overly broad and vague with respect to "market research," and is potentially seeking testimony protected by the work product immunity. Without waiving these objections, Mr. Nevill-Manning and Ms. Hagan are expected to provide responsive testimony.

**SUBJECT MATTER NO. 36:**

All facts relating to any investigation initiated by Google regarding the froogles.com website and/or the mark FROOGLES.

**RESPONSE TO SUBJECT MATTER NO. 36:**

Google objects to the topic to the extent it seeks testimony protected by the attorney-client privilege and/or work product immunity. Google further objects to the topic as overly broad and unduly burdensome. Without waiving these objections, Ms. Hagan is expected to provide responsive testimony.

**SUBJECT MATTER NO. 37:**

All facts relating to Google's policies and efforts to police third party use of the terms GOOGLE and FROOGLE and the use of other marks and/or domain names incorporating these terms or similar terms or the letters "OOGLE."

**RESPONSE TO SUBJECT MATTER NO. 37:**

Google objects to the topic to the extent it seeks testimony protected by the attorney-client privilege and/or work product immunity. Google further objects to the topic as overly broad and unduly burdensome. Without waiving these objections, Ms. Hagan is expected to provide responsive testimony.

**SUBJECT MATTER NO. 38:**

All facts relating to Google's agreements with third parties relating to use of marks similar to its GOOGLE and FROOGLE marks or marks that use the letters "OOGLE."

**RESPONSE TO SUBJECT MATTER NO. 38:**

Google objects to the topic to the extent it seeks testimony protected by the attorney-client privilege and/or work product immunity. Google further objects to the topic as overly broad and unduly burdensome. Without waiving these objections, Ms. Hagan is expected to provide responsive testimony.

**SUBJECT MATTER NO. 39:**

All facts relating to Google's agreements and/or arrangements to link third party websites to www.google.com and/or any other website owned and/or controlled by Google.

**RESPONSE TO SUBJECT MATTER NO. 39:**

Google objects to the topic as overly broad, unduly burdensome, and as seeking testimony not reasonably calculated to lead to admissible evidence. Google objects to providing any witness to testify on this subject matter, although responsive testimony may be received from Mr. Nevill-Manning or Ms. Hagan with respect to their testimony on other areas.

**SUBJECT MATTER NO. 40:**

All facts relating to any licensing arrangements entered into by Google governing use of the marks GOOGLE or FROOGLE.

**RESPONSE TO SUBJECT MATTER NO. 40:**

Google objects to the topic as overly broad, unduly burdensome, and as seeking testimony not reasonably calculated to lead to admissible evidence. Google objects to providing any witness to testify on this subject matter, although responsive testimony may be received from Mr. Nevill-Manning or Ms. Hagan with respect to their testimony on other areas.

[/SL062080.116]

**SUBJECT MATTER NO. 41:**

All facts relating to Google's acquisition of the domain name froogle.com.

**RESPONSE TO SUBJECT MATTER NO. 41:**

Google objects to this topic as overly and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. Without waiving this objection, Mr. Nevill-Manning and Ms. Hagan are expected to provide responsive testimony.

**SUBJECT MATTER NO. 42:**

All facts relating to Google's acquisition of the domain names listed in Bates Nos. P0006201 - P0006203.

**RESPONSE TO SUBJECT MATTER NO. 42:**

Google objects to this topic as overly and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. Without waiving this objection, Ms. Hagan is expected to provide responsive testimony.


**SUBJECT MATTER NO. 43:**

All facts regarding any claims made by Google against any third party or brought by any third party against Google, relating to an alleged infringement of the marks GOOGLE, FROOGLE or FROOGLES, either alone or in conjunction with any other word, design, number and/or symbol and/or any marks containing the term "OOGLE."

**RESPONSE TO SUBJECT MATTER NO. 43:**

Google objects to the topic to the extent it seeks testimony protected by the attorney-client privilege and/or work product immunity. Google further objects to the topic as overly broad and unduly burdensome. Without waiving these objections, Ms. Hagan is expected to provide responsive testimony.

[/SL062080.116]

**SUBJECT MATTER NO. 44:**

All facts relating to any state or federal government agency investigations, inquiries or administrative proceedings or state or federal court actions relating to use of the marks GOOGLE or FROOGLE.

**RESPONSE TO SUBJECT MATTER NO. 44:**

Google objects to the topic to the extent it seeks testimony protected by the attorney-client privilege and/or work product immunity. Google further objects to the topic as overly broad and unduly burdensome. Without waiving these objections, Ms. Hagan is expected to provide responsive testimony.


**SUBJECT MATTER NO. 45:**

All facts relating to other disputes between Mr. Wolfe and Google.

**RESPONSE TO SUBJECT MATTER NO. 45:**

Google objects to the topic as overly broad and confusing, insofar as Google is not aware of what "other disputes" is intended to refer to.


**SUBJECT MATTER NO. 46:**

All facts relating to all actions taken by Google to comply with Mr. Wolfe's discovery requests.

**RESPONSE TO SUBJECT MATTER NO. 46:**

Google objects to the topic as overly broad, unduly burdensome, and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. Without waiving these objections, Mr. Nevill-Manning and Ms. Hagan are expected to provide responsive testimony.

**SUBJECT MATTER NO. 47:**

The factual basis for and identification of all documents which support the allegations included in Google's Complaint.

**RESPONSE TO SUBJECT MATTER NO. 47:**

Google objects to the topic as overly broad, unduly burdensome, and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. Without waiving these objections, Mr. Nevill-Manning and Ms. Hagan are expected to provide responsive testimony.

**SUBJECT MATTER NO. 48:**

The factual basis for and identification of all documents which support the allegations included in Google's Responses to Mr. Wolfe's Interrogatories, Request for Production of Documents, and Requests for Admissions.

**RESPONSE TO SUBJECT MATTER NO. 48:**

Google objects to the topic as overly broad, unduly burdensome, and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity. Without waiving these objections, Mr. Nevill-Manning and Ms. Hagan are expected to provide responsive testimony.

**SUBJECT MATTER NO. 49:**

The factual basis for and identification of all documents, which support the allegations included in Google's response to Mr. Wolfe's Counterclaims.

**RESPONSE TO SUBJECT MATTER NO. 49:**

Google objects to the topic as overly broad, unduly burdensome, and as potentially seeking testimony protected by the attorney-client privilege and/or work product immunity.

Without waiving these objections, Mr. Nevill-Manning and Ms. Hagan are expected to provide responsive testimony.

**SUBJECT MATTER NO. 50:**

All facts and documents relating to "Froogle GPS Minutes" (as referenced in Google's Bates Number P0006195-P0006197).

**RESPONSE TO SUBJECT MATTER NO. 50:**

Google objects to the topic as overly broad, unduly burdensome, and seeking testimony not reasonably calculated to lead to admissible evidence. Without waiving these objections, Mr. Nevill-Manning is expected to provide responsive testimony.

**SUBJECT MATTER NO. 51:**

All facts and documents relating to the email address "froogleteam@google.com."

**RESPONSE TO SUBJECT MATTER NO. 51:**

Google objects to this topic as overly broad, vague, and as not reasonably calculated to lead to admissible evidence. Google objects to providing any witness responsive to this topic.

**SUBJECT MATTER NO. 52:**

All facts and documents relating to the email address productteam@google.com.

**RESPONSE TO SUBJECT MATTER NO. 52:**

Google objects to this topic as overly broad, vague, and as not reasonably calculated to lead to admissible evidence. Google objects to providing any witness responsive to this topic.

**SUBJECT MATTER NO. 53:**

All facts and documents relating to the email address "gps-notes@google.com".

**RESPONSE TO SUBJECT MATTER NO. 53:**

Google objects to this topic as overly broad, vague, and as not reasonably calculated to lead to admissible evidence.  Google objects to providing any witness responsive to this subject.

## SUBJECT MATTER NO. 54:

All facts and documents relating to the presentation at http://www.corp.google.com/~craignm/GPS112702.pdf (described in Google's Bates No. P0006196).

## RESPONSE TO SUBJECT MATTER NO. 54:

Google objects to this topic as overly broad and unduly burdensome.  Without waiving this objection, Mr. Nevill-Manning is expected to provide responsive testimony.

## SUBJECT MATTER NO. 55:

All facts relating to the number of search queries returned by Google for the websites www.google.com and www.froogle.com.

## RESPONSE TO SUBJECT MATTER NO. 55:

Google objects to this topic as overly broad, unduly burdensome, and as seeking testimony not reasonably calculated to lead to admissible evidence.  Google objects to producing any witness in response to this topic.

## SUBJECT MATTER NO. 56:

All facts relating to the number of companies that advertise through Google.

## RESPONSE TO SUBJECT MATTER NO. 56:

Google objects to this topic as overly broad, unduly burdensome, and as seeking highly confidential testimony not reasonably calculated to lead to admissible evidence.  Google objects to providing any witnesses in response to this topic.

## SUBJECT MATTER NO. 57:

[/SL062080.116]

All facts relating to advertising prices for ads on the websites www.google.com and www.froogle.com.

## RESPONSE TO SUBJECT MATTER NO. 57:

Google objects to this topic as overly broad, unduly burdensome, and as seeking highly confidential testimony not reasonably calculated to lead to admissible evidence. Without waiving this objection, Mr. Nevill-Manning is expected to provide testimony responsive with respect to froogle.com.

## SUBJECT MATTER NO. 58:

The identity of each document or thing which is within the scope of the document requests set forth in all of Mr. Wolfe's Requests for Production of Documents and Interrogatories served on Google during the course of this proceeding and/or the identity of which is to be the subject of deposition testimony in the foregoing paragraphs of this Schedule A, which is withheld from production for any reason, including but not limited to attorney-client privilege, attorney work product, including the date of the document, its author(s) and/or preparer(s), and identification of the employment and title of each person, the identity of each person to whom the document was sent or furnished or who reviewed it or had custody of it; a brief description of the document; the reason the document is withheld; and the factual basis for the claim of privilege or other reasons for withholding the document together with the identity of the paragraph which calls for production of the document.

## RESPONSE TO SUBJECT MATTER NO. 58:

Google objects to this topic as overly broad, and unduly burdensome. Google objects to producing any witnesses in response to this topic.

## SUBJECT MATTER NO. 59:

All facts and documents relating to Google's efforts to combat, police or otherwise address the public's use of the mark GOOGLE in a generic fashion.

[/SL062080.116]

**RESPONSE TO SUBJECT MATTER NO. 59:**

      Google objects to the topic to the extent it seeks testimony protected by the attorney-client privilege and/or work product immunity.  Google further objects to the topic as overly broad and unduly burdensome.  Without waiving these objections, Ms. Hagan is expected to provide responsive testimony.


DATED:  July 27, 2006.                **PERKINS COIE** LLP


                                    By: _____
                                      Ramsey M. Al-Salam
                                      1201 Third Avenue, 40th Floor
                                      Seattle, Washington  98101
                                      Telephone: (206) 359-8000
                                      Fax (206) 359-9000
                                      Email:  ralsalam@perkinscoie.com

                                    Attorneys for GOOGLE INC.

[/SL062080.116]

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, a true and correct copy of the foregoing was duly

served on counsel for defendant via facsimile and U.S. mail addressed as follows:

James M. Gibson, Esq.
Robert L. Powley, Esq.
Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, NY 10013
Fax: (212) 226-5085

Ramsey M. Al-Salam

{/SL062080.116]