RAMSEY M. AL-SALAM, Bar No. 18822
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-6385

MICHAEL H. RUBIN, State Bar No. 214626
PERKINS COIE LLP
Four Embarcadero Center, 24th Floor
San Francisco, California 94111-5900
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050

Attorneys for Plaintiff/Counter-Defendant
GOOGLE INC.

## UNITED STATES EASTERN DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>RICHARD WOLFE d/b/a FROOGLES.COM, an individual,<br><br>　　　　Defendant/Counterclaimant. | CV-05-1779 (TCP) (ETB) |

## PLAINTIFF GOOGLE, INC.'S OPPOSITION TO DEFENDANT/COUNTERCLAIMANT'S MOTION TO COMPEL DISCOVERY AND FEES

[/11414626_2.DOC]

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | DEFENDANT'S MOTION IS PREMISED ON THE CLAIMS IN THE COMPLAINT | | 2 |
| III. | THE MOTION SHOULD BE DENIED | | 3 |
| | A. | Google Is Dismissing Its Claim | 3 |
| | B. | There Is No Need for Mr. Rosenberg's Deposition and, Should the Court Feel Otherwise, the Deposition Should Be in California | 5 |
| | C. | Defendant's Discovery Requests Are Overly Broad and Unduly Burdensome | 7 |
| IV. | TO THE EXTENT ATTORNEYS' FEES ARE AWARDED, THEY SHOULD BE AWARDED TO GOOGLE | | 9 |
| V. | CONCLUSION | | 9 |

I.     INTRODUCTION

Defendant seeks an order compelling discovery and an award of attorneys' fees. The motion is supported by the Declaration of Robert Powley, counsel for defendant, who repeatedly asserts that Google has objected to discovery without "sufficient legal justification."

The motion should be denied in its entirety and, if fees are awarded, they should be awarded to Google. The premise of defendant's motion is that Google has sued defendant for infringement of its "GOOGLE" trademark, but refuses to provide discovery on the issue, and refuses to produce one of its senior executives—Jonathan Rosenberg—without any justification. The motion also suggests that the Court has previously ordered that Mr. Rosenberg be produced.

The recitation of facts is misleading. First, the Court never ordered Mr. Rosenberg to be produced. In the initial conference before the Court, the Court was addressing whether Google was compelled to produce its founders for deposition and made clear that it was trying to "resolve [the issue] on a consensual basis." In so doing, the Court *suggested* a resolution might involve an earlier deposition of an executive other than Google's founders, Mssrs. Brin and Paige, such as Mr. Rosenberg. In the second hearing, the Court simply noted those discussions—it never ordered Mr. Rosenberg to be produced.

More importantly, the motion *ignores that the parties agreed that Mr. Rosenberg did not need to be produced.* In particular, the only asserted justification for Mr. Rosenberg's deposition is that he knows facts relevant to Google's claims of infringement against defendant. To resolve the discovery issues and in the hope of resolving the entire dispute, *Google offered to dismiss its claims, and defendant agreed Mr. Rosenberg's testimony and the other discovery referred to in its motion would be unnecessary if such dismissal were effected.* Google provided a proposed stipulation of dismissal. Defendant's counsel refused to sign it, however, arguing that the dismissal should be "with prejudice" and should not have a portion referring to the dismissal being "without fees or costs to either party." Google then offered to dismiss the claim with prejudice, but argued that its good faith dismissal should not be the basis for a protracted fee

dispute. When defendant's counsel still refused to sign the dismissal, Google agreed, just last week, that it would promptly file a motion to dismiss. Google made clear that pursuant to its motion, its claim would be dismissed "one way or another," so the discovery dispute would be resolved. Incredibly, defendant's papers make no reference to these facts or the parties' agreement.

Because Google has made clear, in repeated communications and on the record at deposition, that it will be dismissing its claims, and has served a motion to dismiss, there is no basis for the discovery being sought by defendant. Defendant's motion to compel should be thus denied, and because defendant was not forthright with the Court in bringing this motion, Google should be awarded its fees.

This opposition is supported by the Declaration of Ramsey M. Al-Salam filed herewith. Mr. Al-Salam confirms the relevant facts asserted herein, and has attached some of the emails and correspondence cited.

## II.   DEFENDANT'S MOTION IS PREMISED ON THE CLAIMS IN THE COMPLAINT

Defendant's motion to compel focuses on defendant's purported need to get information to defend himself against the allegations in the Complaint. *See* Motion at 2 ("In partial support of his *defense*, Defendant served an Amended Notice Deposition . . ., a Third Request for Production . . ., a Third Set of Interrogatories, and a Second Request for Admissions.") (emphasis added); *id.* at 4 ("[T]he testimony of Mr. Rosenberg is indisputably relevant to the primary issue in the case of whether Defendant's mark "FROOGLES" infringes and dilutes the "GOOGLE" marks."), *id.* at 7 ("The primary question to be litigated in this action involves whether Richard Wolfe's FROOGLES infringes and dilutes GOOGLE marks"); *id.* at 9 ("[T]he subject matter of all these requests is clearly relevant to the issue of infringement of the GOOGLE marks."); *id.* at 10 (". . . thereby effectively preventing Defendant from gathering evidence and supporting his position that there is no likelihood of confusion between the GOOGLE marks and the mark FROOGLES.").

The very foundation of the motion is thus the existence of Google's claims in this case.

### III.   THE MOTION SHOULD BE DENIED

**A.   Google Is Dismissing Its Claim**

Although defendant's motion repeatedly claims the need for discovery to defend against Google's claims, it fails to mention that *Google has agreed to dismiss such claims.* In particular, as discussed in the Declaration of Ramsey M. Al-Salam ("Al-Salam Decl."), Google has recently changed its use and plans for the use of "Froogle."[1] "Froogle" was, at the time this suit was filed, prominently displayed with the Google mark on the Google.com home page. *See* Al-Salam Decl., Exh. 1. For business reasons unrelated to this lawsuit, Google has removed it from the Google.com home page. *See* Al-Salam Decl., Exh. 2.[2]

Because of Google's changed use and plans for "Froogle," there is less chance that there will be confusion vis-à-vis Google's business and defendant's use of "Froogles." This development thus created an opportunity to resolve the entire case or, at the least, to resolve the issues related to defendant's far-ranging and burdensome requests for discovery from Google. *See* Al-Salam Decl., ¶ 4. As to discovery, and as reflected in defendant's motion, defendant seeks voluminous and highly confidential information, repeatedly arguing that such information is discoverable because of Google's claim. Al-Salam Decl., ¶ 3. These demands included a demand that Mr. Rosenberg, a Senior Vice President at Google, located in California, be produced in New York.

In the hope of resolving the issue, Google asked whether defendant would withdraw its request for discovery, including Mr. Rosenberg's deposition, if Google dismissed its claim. Al-

---

[1] Because Google has not made public some of this information, Mr. Al-Salam's declaration is filed under seal.

[2] The "Froogle" search engine can still be accessed by hitting "More" on the Google.com home page.

[/11414626_2.DOC]

Salam Decl., ¶ 5. Defendant's counsel agreed. *Id.* Defendant's counsel made no assertion that the dismissal had to be in any particular form, or contain any particular language. *Id.*, ¶ 6.

Incredibly, defendant's motion makes no mention of these facts. The sole reference to the agreement is in Mr. Powley's declaration, which states that "Google's counsel has represented on several occasions that Google intended to withdraw its case-in-chief, but have failed to do so to date." Powley Decl., ¶ 10. Mr. Powley's assertion is, at best, misleading. Google cannot, under Fed. R. Civ. P. 41, dismiss its claim without the stipulation of defendant or an order of the Court. *See* Fed. R. Civ. P. 41(b).

Accordingly, to effect a dismissal, Google sent defendant's counsel a dismissal on Monday, September 18, 2006, with express authorization to have it filed. Al-Salam Decl., Exh. 3. The dismissal was "without prejudice" because Google wanted to ensure that, should defendant materially change his website so as to mimic or copy a Google website, the claims could be reasserted. The dismissal also provided that it was without fees or costs to either party.

On Friday, September 22, 2006, defendant's counsel rejected the dismissal, for the first time raising new conditions—that the dismissal had to be "with prejudice" and that the reference to being without fees or costs to either party be removed. Al-Salam Decl., ¶ 6, Exh. 4.

In response, Google agreed to dismiss its claims with prejudice.[3] On the other hand, Google wants to avoid having its voluntary dismissal, reflecting a good faith attempt to resolve this case or at least narrow the issues, be asserted by defendant as a basis to recover fees and costs. A protracted dispute, or mini-trial, over the merits of Google's claim would, in effect, undermine the very reason for the dismissal – to resolve the issue. Accordingly, to ensure that the Court understood the context of the dismissal, Google agreed to move to dismiss its claim

---

[3] Google understands that a dismissal "with prejudice" will not preclude Google from making a claim should defendant materially change his web site to more closely mimic or imitate a Google website.

- 4 -

[/11414626_2.DOC]

with prejudice and without fees. These discussions occurred last week, while Google's counsel was traveling for depositions, including the deposition of Mr. Nevill-Manning, a Google 30(b)(6) witness produced in New York. See Al-Salam Decl., ¶ 8.

Nevertheless, defendant insisted last week that Mr. Rosenberg be immediately produced for deposition, and argued that "if Google is not dismissing its case, then many of [its] objections to defendant's discovery requests and 30(b)(6) topics are clearly inappropriate." Al-Salam Decl., Exh. 5. In other words, defendant indicated that there was still a discovery dispute because Google had not dismissed its claim. In response, Google's counsel committed, again, that it would attempt to "get a motion to dismiss our claim on file promptly," and that the "claim will be dismissed, one way or another." Al-Salam Decl., ¶ 8. The commitment was reiterated at Mr. Nevill-Manning's deposition last Thursday. Al-Salam Decl. ¶ 8. Accordingly, Google's counsel believed that the issue had been resolved, and was thus surprised that defendant pursued the instant motion to compel, and more surprised that the motion would make no reference to the discussions and agreement of the parties. Google has now served its motion to dismiss.

**B.    There Is No Need for Mr. Rosenberg's Deposition and, Should the Court Feel Otherwise, the Deposition Should Be in California**

Defendant specifically asserts the need to take the deposition of Jonathan Rosenberg, a senior executive with Google. As an initial matter, the Court has never previously ordered that Mr. Rosenberg be produced for deposition. Even defendant's papers simply refer to the Court as having provided "guidance." In fact, in the April 6, 2006 hearing, the Court has considered whether Google's founders, Messrs. Brin and Paige, had to be produced, and the Court made clear that it was "simply trying to resolve this on a consensual basis." Defendant's Memo, Exh. A at 10. In providing guidance to the parties on how to resolve the issue, the Court suggested defendant begin with lower level executives, and suggested Mr. Rosenberg as a possibility. More importantly, defendant previously agreed that, if Google would dismiss its claims, that deposition would be unnecessary. Because Google has agreed to dismiss its claims, there is no need for the deposition.

- 5 -

[/11414626_2.DOC]

Independent of defendant's agreement, there is no need for defendant to take the deposition of Mr. Rosenberg and, should the Court feel otherwise, the deposition should proceed in California. First, in light of the pending dismissal of Google's claims, the purported justification for the deposition of Mr. Rosenberg is removed.

Although Mr. Rosenberg was identified in Google's initial disclosures, he was not identified as having any substantive information concerning the "Froogle" project. The initial disclosures emphasize his knowledge with respect to the history of Google and expressly state that his knowledge regarding Froogle would be "limited to a high-level senior management perspective." In response to defendant's far-ranging 30(b)(6) notice, which contains 59 different topics for deposition (Defendant's Memo, Exh. L), Google has produced two witnesses to testify on the issues. One of the witnesses, Mr. Nevill-Manning, is the creator of "Froogle" name and was involved with the project throughout its history.[4] See Al-Salam Decl., ¶ 11. In addition, defendant produced Rose Hagan, an in-house Google attorney, who is familiar with the facts concerning Google's "clearance" of the Froogle name and related areas. *Id.*, ¶12. There is nothing I am aware of to suggest that Mr. Rosenberg knows any information concerning the Froogle project beyond what Mr. Nevill-Manning and Ms. Hagan have already addressed in their testimony.

Finally, if the Court finds any reason for Mr. Rosenberg to be produced, Google respectfully requests that the deposition be in California, where Mr. Rosenberg works and resides. When the issue of the location for depositions arose at the April 6, 2006 hearing, the Court noted that, because Google had sued defendant in New York (as a convenience to

---

[4] During the deposition, defendant's counsel identified areas relating to the Froogle project in which Mr. Nevill-Manning did not have direct "responsibility." Fed. R. Civ. P. 30(b)(6) does not require, of course, that a witness have direct responsibility, so long as he or she testifies as to the knowledge of the corporation. Mr. Nevill-Manning prepared for his deposition by educating himself on any material areas where he did not have personal knowledge. Al-Salam Decl. ¶ 11.

{/11414626_2.DOC]

defendant)[5], the Court suggested (but never ordered) Google might have an obligation to provide its witnesses in New York. The Court also made clear, however, if defendant had brought the claim, then the deposition should be in California:

> I mean if California works; I'm not looking to make issues. For instance, if Wolfe . . . had brought—had sued Google, then under the general rule, you would have to do it at party headquarters unless you agreed otherwise, and that would be out in California.
>
> The shoe is on the other foot so, you know, the general rule would seem to be that it occurs in New York.

Defendant's Memo, Exh. A, at 13-14. Because defendant is now, effectively, the plaintiff in this case, he should be required to take any additional depositions of California-based witnesses in California. Google and its counsel have tried to cooperate with defendant on these issues, but now that defendant is in the position of plaintiff, defendant should not be allowed to harass Google and its witnesses by forcing them to travel to New York for depositions.

Accordingly, because Mr. Rosenberg has limited knowledge, is a senior executive residing in California, and the only remaining claims in the case will be counterclaims, any depositions should be taken in California.

### C. Defendant's Discovery Requests Are Overly Broad and Unduly Burdensome

Defendant refers to a number of discovery requests to which Google has objected, and blithely asserts Google has not provided a "sufficient legal justification" for its objections. *See, e.g.,* Powley Decl., ¶ 9. That is not true. The objections are well founded. First, as discussed above, most of these issues are moot in light of the dismissal of the Complaint. In addition, the requests, on their face, are overly broad, unduly burdensome, and/or seek information that is irrelevant to the only claim that will be remaining in the case – defendant's counterclaim of

---

[5] Because Mr. Wolfe conducts an internet-related business that is not local in nature, jurisdiction may have existed in California. Nevertheless, to avoid any issue as to jurisdiction, Google brought suit where the defendant resides.

infringement. As examples, defendant's Request for Production No. 2 requests "all documents referring or relating to Google's agreements or arrangements to link third-party websites to www.google.com and/or any other website owned and/or controlled by Google." This request obviously seeks information that has nothing to do with defendant's claim of infringement.[6]

Similarly, other of defendant's requests seek information concerning a third party's use of "Googles" (Document Request No. 5, Request for Admission Nos. 49, 50 and 51 and Interrogatory No. 2) and all of Google's efforts to police the use of the term "Google" in a generic fashion (Request 13). *See also* Interrogatory No. 11 (asking for steps Google has taken with respect to selecting or adopting any trademark). These issues having nothing to do with defendant's counterclaim.[7] In sum, in light of Google's irrevocable commitment to dismiss its claim Google clearly had a "substantial justification" for its objections to all of the written discovery requests at issue.

Defendant also complains that Google has refused to "produce witnesses to testify on topics as basic website traffic . . . on www.froogle.com, sales of products on . . . www.froogle.com, revenues and profits, . . . and advertising." Defendant's Memo at 10. That is not true. Mr. Nevill-Manning testified on all of those issues with respect to the Froogle project. Al-Salam Decl., ¶ 11.[8]

---

[6] Further, search results from Google.com often have advertising on the page, with links to third-party websites. To the extent that defendant is seeking every document relating to such advertising, the request is overly burdensome.

[7] Further, although defendant took the depositions of Google's two 30(b)(6) witnesses, Google is unaware of any documents that were identified in those depositions that were not previously produced.

[8] Mr. Nevill-Manning's testimony was the day after the filing of Defendant's Motion to Compel.

### IV. TO THE EXTENT ATTORNEYS' FEES ARE AWARDED, THEY SHOULD BE AWARDED TO GOOGLE

As discussed above, defendant's motion is premised on the purported need to defend itself against Google's assertions in the Complaint. Defendant's counsel knew, however, when they filed the motion to compel, that Google unequivocally and irrevocably agreed to dismiss those claims. Nevertheless, they make no mention of those issues in the motion to compel. Defendant's motion is deliberately misleading and is wasting both the Court's and the parties' time and resources. Accordingly, to the extent the attorneys' fees are awarded, they should be awarded to Google.

### V. CONCLUSION

For the reasons set forth above, defendant's motion to compel should be denied and, to the extent attorneys' fees are awarded, they should be awarded to Google.

Respectfully submitted this ____ day of October, 2006.

**PERKINS COIE LLP**

By: _____
Ramsey M. Al-Salam
1201 Third Avenue, 40th Floor
Seattle, Washington 98101
Telephone: (206) 359-8000
Fax (206) 359-9000
Email: ralsalam@perkinscoie.com

Attorneys for Google, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October ____, 2006, a true and correct copy of the foregoing was duly served on counsel for defendant via facsimile and U.S. mail addressed as follows:

James M. Gibson, Esq.
Robert L. Powley, Esq.
Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, NY 10013
Fax: (212) 226-5085


_____
Ramsey M. Al-Salam

41063-0038/LEGAL11414626.2