

Ramsey M. Al-Salam
PHONE: 206.359.6385
FAX: 206.359.7385
EMAIL: ralsalam@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

October 12, 2006

Magistrate Judge E. Thomas Boyle
U.S. District Court for the Eastern District of New York
Long Island Courthouse
1044 Federal Plaza
Central Islip, NY 11722-4438

**Re:  Google Inc. v. Richard Wolfe d/b/a Froogles.com
      Case No. 05-cv-1779 TCP-ETB**

Dear Judge Boyle:

    Google Inc. ("Google") respectfully moves to strike portions of defendant's Reply in support of its Motion to Compel and for Fees or, in the alternative, for leave to file a surreply, on the basis that the Reply contains new evidence to which Google has not had an opportunity to respond. In particular, defendant has moved to compel the deposition of Jonathan Rosenberg in New York. Defendant's original motion asserted that Mr. Rosenberg was likely to have information concerning Google's claim that defendant's use of "Froogle" infringes or dilutes Google's famous GOOGLE trademark.

    Google opposed the motion, noting that it has moved to dismiss its claim, and therefore there is no need for Mr. Rosenberg's deposition. In its Reply, defendant asserts that Mr. Rosenberg should be produced because he may have information concerning *defendant's* claim of infringement. In support, defendant argues that Google's 30(b)(6) witnesses were not sufficiently prepared to testify. In particular, defendant cites snippets of testimony from Craig Nevill-Manning, purportedly to show that he "has extremely limited knowledge" on various topics. Reply at 3. *The testimony was not presented in defendant's original motion,[1] and Google has not had an opportunity to address it or otherwise respond.* Further, the snippets are out of context or misleading. Accordingly, it would be unfair to consider those portions of the Reply. Google thus moves to strike that portion of the Reply or, in the alternative, for leave to file a surreply to address those issues.

    We have tried to resolve this issue without involvement of the Court. In particular, we requested that defendant's counsel allow us to file a surreply addressing issues

---

[1] Mr. Nevill-Manning's deposition had not been taken at the time defendant filed its motion.

41063-0037/LEGAL11632931.1

Magistrate Judge E. Thomas Boyle
October 12, 2006
Page 2

concerning Mr. Nevill-Manning's deposition. Because they would not, this motion is necessitated.

Defendant's reply memorandum is directed, in large part, to complaints concerning the testimony of one of Google's 30(b)(6) witnesses—Craig Nevill-Manning. See Reply at 4-6. Because this evidence was not presented in connection with the moving papers, and Google has had no opportunity to respond, the evidence should be stricken. See Lujan v. National Wildlife Federation, 497 U.S. 871, 894-95 (1990) (affirming the district court's exercise of discretion in rejecting late-filed supplemental affidavits); Doebele v. Sprint/United Management Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("...[W]e conclude the court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in [Defendant's] reply brief."). Alternatively, the Court should allow Google to submit a surreply. Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc., 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992) ("Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion.").

The length limit on letter motions does not allow us to explain, in full, why the submissions are misleading. As an example, however, defendant first complains that Mr. Nevill-Manning had no information on the "sales and marketing" of the Froogle service, citing a single question and answer, where Mr. Nevill-Manning indicates that he has not had "responsibility relating to the sales or marketing of any Google products." Reply at 4. Incredibly, defendant does not mention that Mr. Nevill-Manning specifically testified as to the extent of sales and marketing of the Froogle service, and that he had investigated the issue for the deposition. As an example, his testimony included the following:

> Q.   Do you have any knowledge about Google – how Google goes about promoting and advertising the Froogle product?
>
> A.   Yes, I have some knowledge about it.
>
> Q.   How does Google promote and advertise the Froogle product?
>
> A.   We don't do it very much. We spend on the order of a few tens of thousands of dollars per year in promotion, largely on sites like Yahoo.com.
>
> Q.   I'm sorry?
>
> A.   Largely on sites like Yahoo.com. where we placed ads in the past. We also placed ads on Google.com, our own product, to point people towards Froogle when it

Magistrate Judge E. Thomas Boyle
October 12, 2006
Page 3

> looks like they are searching for a product. We spent a small amount of money for producing collateral for trade shows where there have been merchants present who want to sell – to provide listings to us, but Google in general didn't spend a lot on marketing.
>
> * * *
>
> Q. Do you know how the mark would be promoted at the trade shows?
>
> A. I don't remember the exact form, but the essence was reminding merchants that Froogle was a way that uses – used defined products to buy and if they want they products to be found, they should give us a listing of the products they sell.
>
> Q. Any other way that Google promotes or advertises the Froogle mark?
>
> A. Not other than what I said.

Rough Transcript at 44-45.

Again, this is only an example. Google respectfully submits that, should the Court be inclined to consider the portions of testimony submitted by defendant, it should provide Google an opportunity to respond, so that the Court has a complete understanding of the testimony provided by Mr. Nevill-Manning.

Respectfully submitted,

Ramsey M. Al-Salam

RMA:nr

cc:  Robert W. Powley
     James M. Gibson
     Johanna Calabria