UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- X
GOOGLE INC., a Delaware corporation,     :

       Plaintiff,                       :

  -against-                             :

RICHARD WOLFE, an individual doing       :
business as Froogles.com,                      CIVIL ACTION NO.
                                         :     2:05-cv-01779 (TCP) (ETB)
       Defendant,                       :

  -and-                                 :

                                         :

                                         :
---------------------------------------- X
                                         :
RICHARD WOLFE, an individual,
                                         :
       Counter-Claimant,
                                         :
  -against-
                                         :
GOOGLE INC., a Delaware corporation,
                                         :
       Counter-Defendant.
                                         :

                                         :
---------------------------------------- X

**GOOGLE INC.'S SURREPLY IN OPPOSITION TO MOTION
TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES**

41063-0038/LEGAL11631529.2

Google Inc ("Google") submits this surreply pursuant to the Court's order of October 13, 2006. As discussed in Google's motion to strike or for leave to file surreply, defendant cites snippets of testimony from Craig Nevill-Manning, a Google 30(b)(6) witness, and claims that the snippets show that he was unprepared to testify on various topics. Reply at 3. The snippets of testimony cited by defendant are out of context or misleading. The sales and marketing issue, for example, is addressed, in part, in Google's motion to strike.

Defendant next cites an answer suggesting that Mr. Nevill-Manning knew nothing concerning "Google's document retention policies." Reply at 4. That is false. Mr. Nevill-Manning expressly testified that Google has no document retention policy:

> Q. I'm going to ask you a couple of questions about document retention policies, et cetera here, and I'd like to start off by asking you if you would describe in your own words what Google's document retention policy is in general with respect to documents.
>
> A. We don't have a document retention policy.
>
> Q. There is no formal policy?
>
> A. That's correct.

Nevill-Manning at 9-10.[1]

Defendant next complains that Mr. Nevill-Manning had limited information concerning the "creation, selection, clearance or adoption of trademarks." Reply at 4. Again, this is misleading. First, Mr. Nevill-Manning is the person who coined the term "Froogle," so clearly he has knowledge concerning its creation. More importantly, Ms. Hagan, in-house trademark lawyer for Google, was also produced to provide responsive information on that topic, and provided such information. The witnesses made clear that Mr. Nevill-Manning coined the term, and that clearance was the responsibility of Ms. Hagan's department. In fact, defendant's reply memorandum refers to paragraph 5 as one of the relevant topics, but as defendant knows, Ms.

---

[1] The cited pages are attached as Exhibit A.

Hagan, not Mr. Nevill-Manning, was produced to provide information responsive to that topic. See Exh. B (correspondence objecting to topics and identifying witnesses on each topic).

Defendant then complains that Mr. Nevill-Manning knew nothing about the allegations in the Complaint. Again, this is misleading. Because Google is dismissing the Complaint, there was no need for Mr. Nevill-Manning to become acquainted with that subject matter, and this issue was made both before and at the deposition. At the deposition, for example, Mr. Al-Salam emphasized these facts:

> "[G]iven that [we are going to dismiss the complaint,] we have not prepared Mr. Nevill-Manning to testify [about] the evidence supporting the allegations in our complaint."

Nevill-Manning at 87-88.

Defendant next complains that Mr. Nevill-Manning did not provide sufficient information concerning "advertising" for "Froogle." Defendant cites Mr. Nevill-Manning's statement that he was unsure whether there was a "formal written advertising budget" for the "Froogle mark." Reply at 5. As discussed in Google's motion to strike, Mr. Nevill-Manning specifically testified concerning the advertising and promotion of the "Froogle" service. He explained that there was very little advertising of Froogle. See 49-52 (testifying that most customers "come via word of mouth," that any advertising was "negligible," and that he had investigated the issue).

Defendant then raises the issue of "marketing" of Froogle again (see above). This time, defendant cites testimony that Mr. Nevill-Manning did not know who is currently the head of marketing and does not deal with marketing "on a regular basis [because] it is not a function that is particularly important at Google." Reply at 5. As discussed in Google's motion to strike, however, Mr. Nevill-Manning specifically investigated and addressed the marketing and advertising for the Froogle service.

Further, although Mr. Nevill-Manning did not know, at the time of deposition, who was the head of marketing, he identified people in the marketing department (Nevill-Manning Dep. at

57-59), identified who was the head of marketing at the time Froogle was launched (76-77), explained that he was "aware of the ways that Froogle is marketed to the extent it was marketed at all" (Nevill-Manning Dep. at 136), and testified that there has never "been a detailed plan of how to market Froogle." (*Id.* at 54).

Defendant then complains that Mr. Nevill-Manning had little if any information concerning the way that the defendant uses his Froogles website. Reply at 5-6. Again, the issue is irrelevant in light of the dismissal of Google's Complaint. It is defendant who is pursuing the case, and claiming infringement, not Google.

Defendant also cites testimony that Mr. Nevill-Manning is not "responsible" for customer complaints. Reply at 6. Although he may not be responsible, Mr. Nevill-Manning explained how consumer complaints are handled at Google. (*Id.* at 71-73).

Finally, defendant complains that Mr. Nevill-Manning had no knowledge about "market surveys or market research that Google has done with respect to the Froogle mark." Reply at 6. Defendant cites Mr. Nevill-Manning's statement that he is not "aware of any surveys that have been done." *Id.* Defendant does not cite, however, his statement that if surveys had been done, he would have seen them. *See* Transcript at 75 ("If they were done, I have reasonable confidence I would have seen them.").

Accordingly, Mr. Nevill-Manning was prepared to testify on the relevant topics.

Respectfully submitted this 25th of October, 2006

PERKINS COIE LLP

By: *Ramsey M. Al-Salam*
Ramsey M. Al-Salam, Bar No. 18822
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
206.359.8000/206.359.9000
Attorneys for Plaintiff and Counter-Defendant Google Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to the following: Robert L. Powley and James Gibson, Powley & Gibson, 304 Hudson Street, 2nd Floor, New York, NY 10013.

Dated: Seattle, Washington.

October 25, 2006

PERKINS COIE LLP

By: *Ramsey M. Al-Salam*
Ramsey M. Al-Salam, Bar No. 18822
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
206.359.8000
Attorneys for Defendant