RAMSEY M. AL-SALAM, Bar No. 18822
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:    (206) 359-8000
Facsimile:    (206) 359-6385

MICHAEL H. RUBIN, State Bar No. 214626
PERKINS COIE LLP
Four Embarcadero Center, 24th Floor
San Francisco, California 94111-5900
Telephone:    (415) 344-7000
Facsimile:    (415) 344-7050

Attorneys for Plaintiff/Counter-Defendant
GOOGLE INC.

**UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>RICHARD WOLFE d/b/a FROOGLES.COM, an individual,<br><br>    Defendant/Counterclaimant. | CV-05-1779 (TCP) (ETB) |

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)**

### I.    INTRODUCTION

In the hope of resolving this dispute, or at least resolving outstanding discovery issues, Google Inc. ("Google") seeks an order dismissing the Complaint with prejudice, and without fees to either party. Google is willing to dismiss because its changed approach to the

10/24/06

41063-0038/LEGAL11419522.2

use of "Froogle" which reduces the likelihood of confusion arising from the parties' activities. Further, both counsel have agreed that if the claim is dismissed, it will resolve many or all the discovery issues between the parties. Nevertheless, defendant's counsel refuses to agree to a dismissal if it states "without fees," thereby precluding defendant from later seeking the recovery of attorneys' fees on the claim. Because there is no basis for defendant to recover fees, and the issue should be resolved now as opposed to a protracted mini-trial on the merits of Google's claim, the Court should dismiss the Complaint with prejudice and without fees to either party.

This motion is supported by the declaration of Ramsey Al-Salam filed herewith. Mr. Al-Salam, Google's counsel, confirms the relevant facts herein.

## II.   FACTUAL BACKGROUND

### A.   Google's Claims and Its Changed Use of "Froogle"

Google is the owner of the famous "Google" brand, one of the most recognized brands in the United States. In 2002, Google introduced its Froogle shopping search engine, and prominently displayed the Froogle mark on the Google.com home page. In September 2003, ten months after Google filed a trademark application with the Patent and Trademark Office ("PTO") for "Froogle," defendant filed a trademark application for "Froogles." When the PTO suspended prosecution of defendant's application, citing Google's earlier trademark application, he filed an opposition to Google's application for Froogle at the Trademark Trial and Appeal Board. [1]

---

[1] The parties were also involved in a UDRP proceeding, where in a 2-1 decision, the panel of arbitrators allowed defendant to continue to use froogles.com.

In April 2005, Google responded by filing this action, asserting trademark infringement and related causes of action. Defendant has counterclaimed, asserting that Google is infringing his alleged trademark rights in "Froogles" by its use of "Froogle."

Recently, Google, for reasons independent of this dispute, materially changed its use of "Froogle." In particular, at the time the suit was file, "Froogle" was prominently displayed on the Google.com home page. That has changed. The initial home page no longer prominently displays "Froogle."[2] Declaration of Ramsey Al-Salam in Support of Google's Motion to Dismiss ("Al-Salam Decl."), Exh. 2. Further, although not yet public information, Google has plans relating to the use of "Froogle" which should moot the issue between the parties. See *Id.*, ¶4. These developments provide an opportunity for the parties to resolve this dispute or, at the least, narrow the issues. Accordingly, Google believes that dismissal of its claim will promote judicial economy and the possibility of settlement.

**B.     Dismissal Will Resolve Discovery Issues**

Defendant has also been demanding far-ranging and burdensome discovery concerning Google's past and current business relating to its Google trademark, and has served a motion to compel. The motion to compel relates to discovery concerning Google's affirmative claims that defendant's use of Froogles infringes Google's GOOGLE trademark, as opposed to defendant's counterclaim that Google's use of FROOGLE is infringing his rights. In particular, defendant insists that Google produce a substantial amount of information relevant solely to Google business activities that are unrelated to its "Froogle" project. These include a demand that Google produce Jonathan Rosenberg, a Google Senior

---

[2] The search engine can still be accessed by hitting "More" on the google.com web site, where the Froogle search engine is displayed.

Vice-President, based in California, in New York for deposition concerning that business. *Id*. ¶ 3. [3]

After Google told defendant's counsel that Google intended to dismiss its claims, defendant's counsel agreed they would not insist on Mr. Rosenberg appearing for deposition, nor would they insist on the production of extensive sensitive information concerning Google's business. Al-Salam Decl. ¶ 3. Google has tried to incorporate that dismissal into an overall settlement of all claims, but to no avail. When it became apparent that this could not work, Google agreed to dismiss its claims independent of a global settlement. *Id.*. ¶ 5.

### C. Defendant Refuses to Agree to Dismissal Without Fees

Pursuant to the parties' agreement, Google forwarded a form of Stipulated Dismissal to defendant's counsel for execution. The dismissal was without prejudice, and without fees or costs to either party, but would have effected a complete dismissal of all of Google's claims. Al-Salam Decl. ¶ 6. Defendant's counsel refused to execute the dismissal, insisting instead that the dismissal both be with prejudice *and* leave defendant the option of seeking fees. *Id*. Google then agreed to dismiss its claims with prejudice but, consistent with the law, and so as to avoid an unnecessary and unproductive dispute concerning fees, asked that it be without fees to either party. Defendant's counsel refused. *Id*. ¶ 7. Accordingly, Google brings this motion to resolve the issue.

### III. THE COURT SHOULD DISMISS THE CLAIMS WITHOUT FEES TO EITHER PARTY

Defendant's counsel has refused to stipulate to a dismissal of Google's claims on the basis that they want to reserve the right to seek fees relating to Google bringing the claim.

---

[3] Mr. Rosenberg has a high level familiarity with the Google business, but has had no substantive involvement with respect to Froogle.com, and has limited information on issues related to the project. Al-Salam Decl. ¶ __.

Because there is no basis for the recovery of fees, and this will simply delay resolution of the entire case, the issue should be addressed now.

A.     **The Court Should Grant Google's Motion to Dismiss**

Rule 41(a)(2) grants the Court the power to dismiss claims according to "terms and conditions [it] deems proper." Fed. R. Civ. P. 42(a)(2). Where parties cannot agree on the terms by which claims should be terminated, a court order is necessary. Fed. R. Civ. P. 42(a)(2) ("An action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."). When the Rule 42(a)(2) motion seeks voluntary dismissal *with prejudice* of the party's claims, as Google does here, "it has been held that the district court must grant that request." *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y. 1996) (citations omitted) (dismissing plaintiff's claims with prejudice pursuant to Rule 42(a)(2) where plaintiff so requested in order to avoid imposition of fee award).

The limited circumstances where a court could deny a motion for voluntary dismissal with prejudice are not present here. For example, Rule 41 provides that "the action shall not be dismissed against the defendant's objection unless [its] counterclaim can remain pending for independent adjudication by the court." Fed. R. Civ. P. 42(a)(2). Here, defendant's claims are independent of Google's claims so this would not present a valid justification for denying Google's motion. The other potential ground for denial involves assessing "whether the dismissal of the action will be unduly prejudicial to the defendants." *See Securities and Exchange Commission v. Lorin*, 869 F. Supp. 1117, 1119 (S.D.N.Y. 1994) (granting motion for voluntary dismissal with prejudice after observing that "it is difficult to understand how dismissal with prejudice will adversely affect him."); *see also Securities and Exchange Commission v. American Board of Trade*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990) (granting motion for voluntary dismissal with prejudice after determining that "[b]ecause the dismissal

will be with prejudice, there can be no adverse effect on the defendants here.") Where the defendant cannot make that showing, the motion should be granted. *Id.* Dismissing Google's claims *with prejudice* will not prejudice defendant—it is the very relief that defendant seeks.

### B.   Any Dismissal Should be Expressly Conditioned on Each Party Bearing its Own Attorney's Fees

It is hornbook law that in the normal course, each party to a litigation bears its own fees. *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). This "American Rule" is only deviated from where there is "statutory authorization or an established contrary exception," or a party "litigates frivolously or in bad faith." *Id.*; *see also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616. Neither of those two exceptional conditions is present here.

First, while some of the statutes under which Google brought suit do contain fee provisions, the Court should never reach the merits of the analyses under those statues, as each requires that defendant first be declared the "prevailing party." *See, e.g.*, 15 U.S.C. § 1117 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.") Defendant cannot pass that initial hurdle here: "Generally the defendant is not considered the prevailing party when … there is a voluntary dismissal of the action by the defendant with prejudice." *Colombrito*, 764 F.2d at 133; *Nemeroff v. Abelson*, 620 F.2d 339, 250 (2d Cir. 1980) (per curiam); *Mobile Power Enterprises, Inc. v. Power Vac, Inc.*, 496 F.2d 1311, 1312 (10 in Cir. 1974). Nothing unique about this case renders that general principle inapposite. Defendant cannot be considered the prevailing party on Google's claims if they are dismissed with prejudice at this stage.

Second, because Google brought legitimate claims in good faith—a far cry from the frivolous and bad faith exception—the court cannot use its inherent authority to award fees. *Colombrito*, 764 F.2d at 133. The bad faith exception *only* permits a fee award where there

is a showing that a claim is "entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper purposes." *Colombrito*, 764 F.2d at 133. This standard is extremely high, and "neither meritlessness alone, nor improper motives alone, will suffice." *Id.*; *Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 69 (N.D.N.Y. 2002) ("the showing for an award of attorneys' fees with a voluntary dismissal with prejudice under Rule 41(a)(2) is extremely high").

Google's claims remain valid today and the rationale for dismissing the case is one based on a different business context. That in no way diminishes the legal validity of Google's claims.

Nor is there any evidence of bad faith or that Google has acted to harass Wolfe. Indeed, there is evidence to the contrary. Google's reevaluation of its litigation position in light of changed business circumstances is anything but evidence of bad faith. *See Beer*, 211 F.R.D. at 70 (plaintiff's dismissal based on reevaluation of litigation "gave defendants the best possible outcome. They are now relieved of all liability and saved the additional expense of continuing to litigate").

### C.  Defendant's Counterclaim was Brought in Bad Faith and Without Any Evidence

Further, it is ironic that defendant's counsel should be asserting that they are entitled to fees, when defendant's counterclaim is rife with baseless allegations. Defendant's counterclaim asserts that Google is creating confusion as a result of its Froogle shopping service. Google's Froogle shopping engine is directly associated with the famous Google trademark, and there is no evidence that anyone has been confused as a result of Google's activities. Defendant Richard Wolfe testified as a 30(b)(6) witness on, among other things, the allegations in the Answer and Counterclaim. In response, he repeatedly admitted he was aware of no basis for many of the allegations, and that other allegations were a "mistake." Indeed, the testimony was so contradictory to the allegations made, that Google's former

counsel put defendant's counsel on notice that they would consider seeking sanctions. See Al-Salam Decl., Exh. 5 (April 6, 2006 letter to R. Powley). Google is not suggesting that it will definitely seek sanctions in the case. Nevertheless, if the issue is which party pled better-founded allegations, Google respectfully submits it would be Google and not defendant. Nevertheless, neither the Court nor the parties should prolong this case to pursue requests for fees. Google's claims were objectively meritorious, and the issue of fees should be resolved now. Otherwise, this case will be unnecessarily delayed, and the fee issues could result in a long, costly and unproductive motion practice by each party.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss its claims with prejudice and order that each party be responsible for its own attorney's fees.

RESPECTFULLY SUBMITTED: October 24, 2006.

PERKINS COIE LLP


By */s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam
Attorneys for Plaintiff Google Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 24, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to the following: Robert L. Powley and James Gibson, Powley & Gibson, 417 Canal Street, 4th Floor, New York, NY 10013.

                                              /s/ *Ramsey M. Al-Salam*
                                              Ramsey M. Al-Salam