RAMSEY M. AL-SALAM, Bar No. 18822
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-6385

MICHAEL H. RUBIN, State Bar No. 214626
PERKINS COIE LLP
Four Embarcadero Center, 24th Floor
San Francisco, California 94111-5900
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Plaintiff/Counter-Defendant
GOOGLE INC.

**UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>RICHARD WOLFE d/b/a FROOGLES.COM,<br>an individual,<br><br>　　　　Defendant/Counterclaimant. | CV-05-1779 (TCP) (ETB) |

**GOOGLE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 41(a)(2)**

### I.　INTRODUCTION

Google Inc. ("Google") seeks an order dismissing the Complaint with prejudice, and without fees. Google is willing to dismiss its claims because of its revised use of the trademark "FROOGLE" which minimizes the likelihood that consumers will believe that

10/24/06

Dockets.Justia.com

defendant's "FROOGLES" website is sponsored by or associated with Google. Further, dismissal of Google's claims will significantly narrow (if not resolve) the discovery disputes between the parties, and should, if defendant acts reasonably, lead to a resolution of the entire case.

Defendant does not oppose dismissal, but claims entitlement to an award of attorneys' fees and costs.[1] To justify the award, defendant rants that there is no change in circumstances that justifies Google's decision to dismiss, that Google never provided defendant with significant discovery on its claims, and that Google's desire to dismiss and failure to provide discovery establishes that the claims are frivolous and were brought in bad faith to "harass" defendant.

Defendant's assertions are baseless and, under controlling law, do not support an award of fees. Google's claims were brought in good faith and are objectively reasonable. Google brought the action because it was concerned that defendant's use of "FROOGLES" might create confusion, particularly when Google was prominently using "FROOGLE" on its Google.com home page. In light of the de-emphasis of "FROOGLE" on the Google website, however, and its other plans for FROOGLE (see Al-Salam Decl. ¶ 4), the likelihood of confusion is strongly diminished.

Defendant's complaints about discovery concerning Google's claims do not, in any manner, reflect on the merits of Google's claims. As defendant's counsel knows, Google has for months been in discussions with defendant concerning Google's changed plans for the use of FROOGLE, in the hope that those plans could lead to a global resolution of the entire

---

[1] Defendant's opposition suggests Google seeks dismissal without payment of any "costs" to either party. That is incorrect. Google simply seeks a dismissal that has each party bear their own *fees*. Google takes no position on costs.

dispute.[2]  Similarly, although defendant discusses issues such as the claimed need to take the deposition of Jonathan Rosenberg, that issue, which is separately addressed in briefing on the motion to compel, is irrelevant to this motion.

Because there is no basis for defendant to recover fees, and the issue should be resolved now as opposed to later in a protracted mini-trial on the merits of Google's claim, the Court should dismiss the Complaint with prejudice and without fees to either party.

## II. THE COURT SHOULD DISMISS GOOGLE'S CLAIMS WITHOUT FEES

### A. To Recover Fees, Defendant Must Show that Google's Claims Were Both Meritless and Brought in Bad Faith

The test in this Circuit for fee awards in the context of a Rule 41(a)(2) motion to dismiss is unambiguous:  absent independent statutory authority the court cannot grant fees unless it finds that a party has litigated in bad faith.  *Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir. 1985).  Because there is no statute that authorizes fees here, only a finding of bad faith would permit defendant to recover its fees here.  To show bad faith, the court must find Google's claims to be "entirely without color and [to have been] been asserted wantonly, for purposes of harassment or delay, or for other improper purposes."  *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078 1088 (2d Cir. 1977) (reversing fee award where no showing of meritlessness *and* bad faith made).

As Google's opening papers illustrate, this standard is extremely high, in part because "neither meritlessness alone, nor improper motives alone, will suffice."  *Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir. 1985); *Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 69 (N.D. N.Y. 2002) ("the showing for an award of attorneys' fees with a voluntary dismissal with prejudice under Rule 41(a)(2) is extremely high").

---

[2] Google made a specific settlement offer to defendant, to which defendant promised to respond.  No response has ever been received.

Defendant's authorities do not suggest a different standard, and in fact undermine defendant's position. Defendant cites *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898 (2d Cir. 1983), for example, in support of its argument that Google brought this litigation in bad faith. In *PRC Harris*, however, the Second Circuit *reversed* the district court's fee award. There, PRC Harris brought a claim in New York court that was barred by res judicata because of a judgment from a district court ruling in Washington State. The Second Circuit determined that while the res judicata issue did in fact render PRC Harris' claim against Boeing meritless, there was no showing of bad faith. Here, there is neither a judgment to bar this action nor any evidence of bad faith.

The other case upon which defendant relies, *Gerena-Valentin v. Koch*, 739 F.2d 755, 761 (2d Cir. 1984), is legally inapposite. While it addresses an attorney's fee issue, it is not under Rule 41(a)(2) nor is it even under the standard bad faith test. The case arose under the Voting Right Act and, as such "defendants in civil rights cases are entitled to fees under Section 1988 upon a showing that the complaint is frivolous without regard to the state of mind of either the plaintiff or his or her counsel." *Id.*

**B.     Google's Claims Are Not Meritless and Were Not Brought in Bad Faith**

Google's claims of trademark dilution and trademark infringement, as set forth in the Complaint, are *not* objectively meritless, and were *not* brought in bad faith. Google's GOOGLE trademark is one of the most famous brands in the world. At the time of the Complaint, Google had adopted the trademark "FROOGLE," and was using it prominently on the Google.com homepage. To the extent that consumers associate Google with a family of OOGLE marks, including FROOGLE, there is a greater likelihood that they would be confused into believing that "FROOGLES" is associated with Google. There is absolutely nothing frivolous about that claim.

Defendant cannot genuinely assert, for example, that the GOOGLE trademark is not famous, as required for a dilution claim pursuant to 15 U.S.C. § 1125(c)(1). Whether the use of "FROOGLES" would dilute the GOOGLE trademark is an issue of fact. *See Savin Corp. v. Savin Group,* 391 F.3d 439 (2d Cir. 2004) (reversing summary judgment to defendant on claims of trademark dilution and trademark infringement in light of genuine issues of fact). Defendant has submitted no evidence indicating that the claim of dilution is frivolous.

Similarly, whether or not defendant's use of "FROOGLES" is likely to cause confusion vis-a-vis the GOOGLE trademark is an issue of fact. *See Savin Corp.,* 391 F.3d at 456.

### C. The UDRP Result Supports Google's Position

Though defendant makes numerous accusations, defendant has cited no evidence supporting its claim that Google's claims are frivolous or were brought in bad faith. The only plausible evidence that defendant has cited is the results of the Uniform Dispute Resolution Procedure ("UDRP") dispute between Google and defendant concerning defendant's froogles.com domain name. See Def.'s Opp. at 5; Exhibit A (UDRP decision). Defendant claims that the UDRP panel determined that Google's "case and claims were not justified," suggesting that the decision supports its allegations that Google's claims are frivolous. Opp. at 5. The contrary is true – the UDRP proceeding, to the extent it is relevant at all, supports Google's position. First, a UDRP proceeding involves a higher standard of proof than a dilution or infringement action. In a UDRP proceeding, a petitioner, without the right to any discovery, must establish the following three elements: (1) the domain name is

identical or confusingly similar to a trademark or service mark in which the complainant has rights; (2) the domain name holder has no rights or legitimate rights in respect of the domain name; and (3) the domain name has been registered and is being used in bad faith.  Exh. A at 3.  The registration and use of a trademark in bad faith is *not* a requirement to prove trademark infringement or trademark dilution.  See 35 U.S.C. § 1125.

In the UDRP proceeding between Google and defendant, the panel split 2-1 on whether defendant should have to transfer the froogles.com domain name to Google.  Although the majority found for the defendant, the Honorable Richard B. Wickersham (Ret.) dissented, opining that the use of "FROOGLES" was confusingly similar to "GOOGLE," that defendant was not making a bona fide offering of goods or services, and that defendant had registered and used the froogles.com domain name in bad faith.  See Exh. A 5-7.

Again, the UDRP proceeding did not allow discovery and required proof (e.g. registration and use in bad faith) that is not required for proof of trademark dilution or trademark infringement.  Nevertheless, the fact that three experienced panelists differed on the merits of the UDRP claim is compelling evidence that Google's infringement and dilution claims are not frivolous, and were not brought in bad faith.

> **D.** **The Discovery Issues are Irrelevant**

Defendant also argues that Google engaged in a "complete lack of disclosure as it relates to its 'GOOGLE' mark."  Opp. at 10.  Defendant intimates that such alleged lack of disclosure establishes that Google's claims were frivolous.  This argument is, in itself, frivolous for at least three reasons.  First, the inference is that discovery would have shown

that Google's claims are meritless. This makes no sense, however, in the context of the allegations. Defendant never identifies, even once, what discovery it could obtain that would establish that Google's claims are frivolous. There is none. Google's claims that its famous GOOGLE trademark could be diluted by the use of "FROOGLES" for a shopping search engine are, on their face, meritorious. Defendant does not even contend, for example, that the GOOGLE brand is not famous.

Second, defendant's counsel was informed months ago concerning Google's plans for the use of "FROOGLE" in the hope that those plans could lead to a global settlement of the dispute. Throughout this time, Google proceeded on the assumption that its claims would be ultimately dismissed, "one way or another," and therefore there was no need to provide discovery on those claims. See, e.g., Al-Salam Declaration and Opposition to Motion to Compel, Exh. 5.

Finally, there is no logical nexus between Google's objections to defendant's overreaching and burdensome discovery requests, and the merits of Google's case. Defendant began harassing Google for depositions of Google personnel in New York (even if they are based in California), and for confidential information concerning every aspect of Google's business. Google's objections to such far reaching discovery requests do not evidence that Google's underlying claims are frivolous.

Defendant also argues that the dismissal of Google's claims will not resolve all discovery issues. See Opp. at 7-9. Even if it does not resolve all discovery issues, the dismissal of Google's claims will certainly narrow the issues significantly. In that regard, defendant argues Google's witnesses concerning its use of "FROOGLE" did not "provide

adequate testimony" and were "not able to testify as to many categories in the 30(b)(6) Notice." Id. at 7-8. As reflected in Google's reply to defendant's motion to compel (see, e.g., surreply) that argument is misleading at best. Mr. Nevill-Manning was prepared to testify on all relevant aspects of the 30(b)(6) notice. In any case, that issue is irrelevant as to whether Google's claims were meritorious.

### E.   Defendant's Counterclaim – and Amendment to Add Seek Damages – was Brought in Bad Faith and Without Any Evidence

Finally, in its motion to dismiss, Google noted that, if fees were to be awarded in this case, they should be awarded to Google because *defendant's claims*, particularly in light of his deposition testimony, are frivolous. In particular, defendant has asserted that Google is infringing his trademark rights, and is creating a likelihood of confusion in connection with his website. There is no reasonable basis for contending that any user of Google will believe that it is associated with defendant's website. Although defendant argues that there could be reverse confusion, reverse confusion cases "involve consumers dealing with a senior trademark-holder *believing all the while* that they were doing business with a junior user." *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1079 (9th Cir. 2005) (emphasis added); *see also Strange Music, Inc. v. Strange Music Inc.*, 326 F. Supp. 2d 481, 485 (S.D.N.Y. 2004). In order to support a claim for reverse confusion, a plaintiff must produce evidence demonstrating that prospective customers believed that plaintiffs' products were produced by or affiliated with the defendant. *Lang v. Retirement Loving Publishing Co. Inc.*, 949 F.2d 576, 583 (2d Cir. 1991). The misperception becomes actionable when it influences purchasing decisions. *Lang*, 949 F.2d at 583. Thus the reverse confusion doctrine only protects against mistaken purchasing decisions, not general confusion. Id. (citing Restatement (Third) of Unfair Competition § 20 (Tent. Draft No. 2, 1990); *Strange Music Inc.,* 326 F. Supp. 2d at 494.

Google's use of "FROOGLE" has always been directly associated with its famous GOOGLE trademark. In particular, at the time this case was brought, "FROOGLE" was prominently displayed on the Google.com home page. Because consumers clearly know that Google is offering the service, there is no plausible basis for asserting that Google's use of "FROOGLE" is likely to confuse consumers. Further, Wolfe was candid in his deposition testimony, and openly admitted that there was no confusion and that he was aware of no damage.

Defendant's only substantive response is to attach a short letter sent to Google's prior counsel. Although that letter refers to changes to the deposition transcript, defendant did not submit any changes to this certified deposition transcript within the allotted time limit. As a result, his testimony cited in the April 6, 2006 letter to R. Powley attached as Exhibit 5 to the Al-Salam Declaration that, among other things, he was of no basis for many of the allegations, that other allegations were a "mistake," and that he had no financial records to substantiate a damages claim, remain the unaltered testimony of record. Thus, if the merits of the parties' respective claims were at issue, Google's claims are more objectively reasonable. At the least, those who live in "glass houses" should not throw stones.

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss its claims with prejudice and order that each party be responsible for its own attorney's fees respecting Google's claims.

RESPECTFULLY SUBMITTED: October 25, 2006.

PERKINS COIE LLP

By /s/ Ramsey M. Al-Salam
Ramsey M. Al-Salam
Attorneys for Plaintiff Google Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on October 24, 2006, I caused to be sent via email, facsimile and U.S. Mail a copy of the foregoing to the following:  Robert L. Powley and James Gibson, Powley & Gibson, 417 Canal Street, 4th Floor, New York, NY  10013.

              /s/ *Ramsey M. Al-Salam*
              Ramsey M. Al-Salam