Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendant
RICHARD WOLFE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------)
GOOGLE INC.,                                       :
a Delaware corporation,                            :    CV-05-1779 (TCP) (ETB)
                                                   :
    Plaintiff/Counter-Defendant                 :
                                                   :
v.                                                 :
                                                   :
RICHARD WOLFE d/b/a                                :
FROOGLES.COM,                                      :
an individual,                                     :
                                                   :
    Defendant/Counterclaimant                    :
---------------------------------------------------)

MR. WOLFE'S OPPOSITION TO GOOGLE'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)

dockets.Justia.com

**TABLE OF CONTENTS**

                                                                                              Page(s):

TABLE OF AUTHORITIES..................................................................i

      INTRODUCTION...................................................................1

I.     PLAINTIFF HAS HARASSED MR. WOLFE AND PURSUED
       MERITLESS CLAIMS.............................................................3

II.    PLAINTIFF'S MOTION TO DISMISS WILL NOT RESOLVE ALL
       DISCOVERY ISSUES..............................................................7

III.   MR. WOLFE'S COUNTERCLAIMS WERE BROUGHT IN
       GOOD FAITH.........................................................................9

      CONCLUSION.........................................................................9

## TABLE OF AUTHORITIES

**Case:**                                                                                              **Page(s)**

Alyeska Pipeline Service Co. v. Wilderness Society,
421 U.S. 240 (1975).................................................................................... 3

Beaver Associates v. Cannon,
59 F.R.D. 508 (S.D.N.Y. 1973)....................................................................... 3

Browning Debenture Holders' Committee v. DASA Corp.,
560 F.2d 1078 (2d Cir. 1977)......................................................................... 4

Coit Drapery Cleaners, Inc. v. Coit Drapery Cleaners of New York, Inc.,
423 F. Supp. 975 (E.D.N.Y. 1975).................................................................. 4

Colombrito v. Kelly,
764 F.2d 122 (2d Cir. 1985)........................................................................... 3

Gerena-Valentin v. Koch,
739 F.2d 755 (2d Cir. 1984)........................................................................... 3

Modular Cinemas of America, Inc. v. Mini Cinemas Corp.,
348 F. Supp. 578 (S.D.N.Y. 1972).................................................................. 4

PRC Harris, Inc. v. Boeing Co.,
700 F.2d 894 (2d Cir. 1983),
cert. denied, 464 U.S. 936 (1983).................................................................. 3

**Statute(s):**

Fed. R. Civ. P. 30 (b)(6)

Fed. R. Civ. P. 41 (a)(2)

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendant
RICHARD WOLFE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------)
GOOGLE INC.,                              :
a Delaware corporation,                   :      CV-05-1779 (TCP) (ETB)
                                          :
　　Plaintiff/Counter-Defendant            :
                                          :
v.                                        :
                                          :
RICHARD WOLFE d/b/a                       :
FROOGLES.COM,                             :
an individual,                            :
                                          :
　　Defendant/Counterclaimant              :
-----------------------------------------------------)

MR. WOLFE'S OPPOSITION TO GOOGLE'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)

INTRODUCTION

Plaintiff, Google, Inc. (hereinafter "Plaintiff") is asking this Court for an order dismissing its case-in-chief and ordering the parties to bear their own costs. To be clear, Defendant (hereinafter "Mr. Wolfe") does not oppose Plaintiff's motion to dismiss its case-in-chief, provided that any such dismissal be granted only upon the condition that Plaintiff be ordered to pay Mr. Wolfe's attorneys' fees and costs incurred in his defense

of this lawsuit through the date upon which Plaintiff's motion was filed.

Plaintiff is asking this Court for an order dismissing its case-in-chief because "Google, for reasons independent of this dispute, materially changed its use of "Froogle." (See Plaintiff's Motion to Dismiss p. 3). However, it should be clear to this Court that Plaintiff brought this lawsuit alleging, inter alia, trademark infringement and trademark dilution of its mark "GOOGLE" as a result of Mr. Wolfe's use of his mark "FROOGLES." All six counts in Plaintiff's complaint are based on the mark GOOGLE – not the mark FROOGLE. In this respect, *not a single issue has changed*. Plaintiff has failed to point to one change in its position as it relates to use of the marks GOOGLE and FROOGLES that would justify a dismissal leaving Mr. Wolfe without recourse to recoup his attorneys' fees and costs in what now appears to be a frivolous case brought by Plaintiff to harass Mr. Wolfe in hopes that the internet giant "Google" could intimidate and scare the small business man, Mr. Wolfe, into surrendering his trademark and domain name rights to Plaintiff in the face of extended litigation and burgeoning costs. Under the circumstances present here, Plaintiff's motion should be granted only upon the condition that it reimburses Mr. Wolfe's attorneys' fees and costs in this matter.

In the alternative, if on the record presently available, the Court is inclined to grant Plaintiff's motion without ordering Plaintiff to reimburse Mr. Wolfe's attorneys' fees and costs, Mr. Wolfe asks this Court to postpone entering a decision on ordering payment of fees and costs until Defendant can depose Plaintiff on the reasons why it brought this case and now moves to dismiss the same when all facts relevant to its initial

2

lawsuit remain unchanged today.

I.    <u>Plaintiff Has Harassed Mr. Wolfe And Pursued Meritless Claims</u>

Rule 41 (a)(2) of the Federal Rules of Civil Procedure states, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).[1] The decision to grant or deny a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2) is within the sound discretion of the Court. <u>Beaver Associates v. Cannon</u>, 59 F.R.D. 508, 510 (S.D.N.Y. 1973). That discretion extends to the terms and conditions of the dismissal. Id. at 510.

In the Second Circuit, the standard for the award of attorneys' fees in cases of voluntary dismissal under Fed. R. Civ. P. 41 is articulated in <u>Colombrito v. Kelly</u>, 764 F.2d 122 (2d Cir. 1985). When a lawsuit is voluntarily dismissed *with prejudice* under Fed. R. Civ. P. 41(a)(2), an award of fees is appropriate when there is independent statutory authority for such an award or when exceptional circumstances are present. Id. at 134. While the "American Rule" holds that each party to litigation bears its own fees, there are exceptions. One such exception occurs when a party litigates frivolously and in bad faith. <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, at 258-259; <u>Gerena-Valentin v. Koch</u>, 739 F.2d 755, 761 (2d Cir. 1984); <u>PRC Harris, Inc. v. Boeing Co.</u>, 700 F.2d 894, 898 (2d Cir.), cert. denied, 464 U.S. 936, 104 S. Ct. 344, 78 L. Ed. 2d 311 (1983).

---

[1] Plaintiff's discussion as to the Court's power to grant dismissal in its Motion to Dismiss incorrectly refers to Fed. R. Civ. P. 42(a)(2). (See Plaintiff's Motion to Dismiss at page 5).

3

The bad faith exception permits an award upon a showing that the claim is "entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977).

A brief summary of the history of litigation between the parties reveals Plaintiff's true motives in attempting to enforce its trademark rights in its "GOOGLE" mark against Mr. Wolfe, all of which Plaintiff now appears prepared to drop after two plus years of litigation. As stated in Plaintiff's motion, it did file an application to register its mark FROOGLE with the United States Patent and Trademark Office before Mr. Wolfe filed his trademark application. Plaintiff's point disregards the basic premise that trademark rights stem from the first to use a mark in commerce and not the first to file with the United States Patent and Trademark Office. Coit Drapery Cleaners, Inc. v. Coit Drapery Cleaners of New York, Inc., 423 F. Supp. 975, 978 (E.D.N.Y. 1975); Modular Cinemas of America, Inc. v. Mini Cinemas Corp., 348 F. Supp. 578, 581 (S.D.N.Y. 1972). Once Mr. Wolfe learned that Plaintiff had filed to register its mark FROOGLE for virtually identical services, Mr. Wolfe took action by filing an opposition against Plaintiff's application. In essence, Mr. Wolfe's action in filing an opposition against Plaintiff's application to register the mark FROOGLE mirrors his counterclaim in this lawsuit. Mr. Wolfe took action to prevent losing his trademark rights.

In this case, Mr. Wolfe began using his mark FROOGLES at least as early as December 31, 2001, almost a full year before Plaintiff's first use of its mark FROOGLE.

For Plaintiff to insinuate that its filing of a trademark application before Mr. Wolfe somehow entitles it to superior trademark rights over Mr. Wolfe is legally incorrect and misleading to the court. (See Plaintiff's Motion to Dismiss at p. 2). The opposition proceeding is currently suspended pending the outcome of this litigation.

Plaintiff's response to the opposition filed by Mr. Wolfe was to further escalate litigation by filing a UDRP proceeding to try and convince a panel of three judges that Plaintiff, and not Mr. Wolfe, was entitled to own the domain name froogles.com. Here too, Plaintiff's asserted its "GOOGLE" mark in this proceeding, not its alleged rights in the mark FROOGLE. Nevertheless, the panel deciding the UDRP proceeding determined that Mr. Wolfe was entitled to maintain his domain name and that Plaintiff's case and claims were unjustified.

Not satisfied that its U.S. trademark application was surely going to be refused by the Trademark Office because Mr. Wolfe has priority of use, and that a panel of domain name experts had ruled in Mr. Wolfe's favor allowing him to retain his domain name, Plaintiff's next plan of attack to heighten litigation even further was to file this lawsuit. Here again, the claims Plaintiff asserts against Mr. Wolfe are all based on its rights in the mark GOOGLE and not FROOGLE because Plaintiff recognizes that Mr. Wolfe has superior rights in the trademark FROOGLES.

Plaintiff's pattern of seeking new and different venues to try and attack Mr. Wolfe's rights in his mark FROOGLES is testament to its efforts to harass and pursue

litigation it knows, or should know, has little to no chance of success. The facts are simple, (1) the marks FROOGLE and FROOGLES are virtually identical, (2) used in connection with virtually identical services, and (3) travel in the same channels of trade. This leaves little doubt that Mr. Wolfe's trademark rights in his mark FROOGLES are superior to Plaintiff's rights in its FROOGLE mark. Rights Plaintiff apparently now acknowledges as it seeks to have its case-in-chief withdrawn despite no changes in Mr. Wolfe's use of his mark FROOGLES and no change to its own use of the mark GOOGLE. The fact that Plaintiff has made a business decision to allegedly change its plans for its mark FROOGLE is simply irrelevant to the lawsuit it filed against Mr. Wolfe, and demonstrates without doubt that its initial lawsuit is frivolous and undertaken to harass Mr. Wolfe.

Also telling throughout this lawsuit is Plaintiff's complete lack of disclosure as it relates to its "GOOGLE" mark, the mark it asserted against Mr. Wolfe. Rather than produce responsive discovery materials and designate witnesses to testify as to relevant issues relating to Plaintiff's "GOOGLE" marks, Plaintiff raised numerous objections, failed to provide meaningful discovery or produce and <u>never</u> designated any witnesses to specifically testify to several important issues relating to its "GOOGLE" marks. For example, most of the discovery issues covered in Mr. Wolfe's Motion to Compel relate to "GOOGLE," and both of Plaintiff's 30(b)(6) witnesses testified primarily on issues relating to "FROOGLE," not "GOOGLE." In fact, Plaintiff's primary 30(b)(6) witness, Mr. Nevill-Manning had virtually no knowledge of the mark "GOOGLE."

6

In essence, Plaintiff's decision to dismiss its case-in-chief does not come as surprise to Mr. Wolfe because the record in this case demonstrates that Plaintiff has done virtually nothing to advance its case-in-chief, choosing instead to focus its efforts on discrediting Mr. Wolfe's use of his mark FROOGLES, again in an attempt to intimidate Mr. Wolfe. Plaintiff has not built a record as to its mark "GOOGLE" to successfully litigate this case because it is simply unwilling to disclose the facts necessary to prevail. It appears as though Plaintiff initiated this action knowing it would not disclose information relevant to its mark GOOGLE, and now is deciding to dismiss its case-in-chief to accomplish that goal. Given these circumstances, Plainitff's only purpose in filing the present suit was clearly to harass Mr. Wolfe.

II.     **Plaintiff's Motion To Dismiss Will Not Resolve All Discovery Issues**

Plaintiff's assertion that withdrawing its case-in-chief will resolve all, or almost all, of the discovery issues associated with Mr. Wolfe's Motion to Compel is simply wrong. Mr. Wolfe's counsel indicated to Plaintiff's counsel that deposing Mr. Rosenberg would not be necessary if Plaintiff withdrew its case-in-chief on the assumption that Plaintiff's other witnesses would provide adequate testimony on the categories identified in Mr. Wolfe's 30(b)(6) Notice of Deposition. The particulars outlined in Mr. Wolfe's Motion to Compel (filed October 5, 2006) make it clear that Plaintiff's witnesses failed to provide adequate testimony. Moreover, the circumstances surrounding the need to depose Mr. Rosenberg were discussed before Plaintiff's 30(b)(6) witnesses were deposed and on the representations of Plaintiff's counsel that these witnesses would be able to answer all of Mr. Wolfe's questions relating to issues listed in the Notice. Clearly,

counsel's representations were far from accurate as can be seen by the testimony provided by Plaintiff's primary witness Mr. Nevill-Manning (See Mr. Wolfe's Motion to Compel). Given that Plaintiff's witnesses were not able to testify to many categories in the 30(b)(6) Notice, the deposition of Mr. Rosenberg, as to issues relating to Plaintiff's mark FROOGLE is now more important and necessary than before.

It is telling that Plaintiff has failed to follow the Court's Rules by having Mr. Rosenberg execute a declaration stating that he does not have knowledge as to the issues in Mr. Wolfe's 30(b)(6) Notice. In fact, Mr. Wolfe has already agreed to withdraw its Notice of Mr. Rosenberg if he complies with the Court's Rules and executes such a declaration. (See Mr. Wolfe's Motion to Compel). Yet Plaintiff has failed to provide any such declaration which would put an end to the mystery as to whether Mr. Rosenberg does or does not have information responsive to Mr. Wolfe's Notice. Yet the best Plaintiff has done on this issue is to include a footnote in its Motion to Dismiss its case-in-chief whereby Plaintiff's counsel states that Mr. Rosenberg "has had no substantive involvement with respect to Froogle.com, and thus has limited information on issues related to the project." Not surprisingly, counsel's statement is not even supported by a paragraph in his declaration. (See footnote 3 on page 4 of Plaintiff's Memorandum in Support of its Motion to Dismiss). Plaintiff's antics on this point are ongoing and it makes one wonder why Plaintiff has gone to such extremes in avoiding clarifying this issue for Mr. Wolfe and the Court. The logical answer is that Mr. Rosenberg does not feel he is in a position to execute such a declaration. Counsel's efforts to avoid such a simple solution to this issue speaks volumes as to Mr. Rosenberg's likely knowledge

about Plaintiff's FROOGLE product – a product that he is ultimately responsible for at Google. Plaintiff's end run to dismiss its case-in-chief should not provide it with a means to shield witnesses that have information relevant to Mr. Wolfe's case. Regardless of whether Plaintiff's case-in-chief is dismissed, Plaintiff should be ordered to produce Mr. Rosenberg for deposition in New York.

III.    Mr. Wolfe's Counterclaims Were Brought In Good Faith

Plaintiff's counsel asserts in its motion that Mr. Wolfe's counterclaims were brought in bad faith and if fees are to be awarded they should be awarded to Plaintiff. This argument is so disingenuous that it hardly warrants a response, however, so that the record is clear, Mr. Wolfe will respond.

Again, Plaintiff presents an empty threat to seek sanctions against Mr. Wolfe and his attorneys, this time based on a letter written by prior counsel and sent to Mr. Wolfe's attorneys over six months ago. Counsel for Mr. Wolfe responded to prior counsel's threats to seek sanctions and attaches a copy of that letter hereto as Exhibit A. If Plaintiff's current counsel is of the opinion that sanctions are warranted, it is free to so apply to the Court. Counsel for Mr. Wolfe will respond accordingly.

CONCLUSION

From the onset of this lawsuit, Plaintiff has been unwilling to engage in meaningful discovery as evidenced by its continued objections to discovery requests pertaining to the GOOGLE marks, and its refusal to produce witnesses to testify about the GOOGLE marks. Plaintiff's refusal to provide meaningful discovery as to its GOOGLE marks begs the question as to why it brought this lawsuit in the first instance if it never intended to disclose information relating to its GOOGLE marks. The

9

straightforward answer appears to be to harass Mr. Wolfe and to try and intimidate him into succumbing to Plaintiff's wishes. For the reasons stated above, Plaintiff has wasted the valuable time and resources of this Court by bringing this lawsuit to harass Mr. Wolfe. Accordingly, this Court should grant Plaintiff's Motion to Dismiss its case-in-chief only if Mr. Wolfe is awarded his attorneys' fees and costs incurred in defending this action. Alternatively, Defendant asks this Court to postpone a decision on attorneys' fees and costs, pending further discovery of Plaintiff as to the exact facts behind its decisions to initiate this lawsuit and to now seek its dismissal despite no change in the facts upon which it initially brought this case.

Respectfully submitted,

Dated: October 17, 2006

By: *(signature)*
Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendant
RICHARD WOLFE

# EXHIBIT A

# FACSIMILE COVER SHEET

Law Office of
## Robert L. Powley
pc



417 Canal Street
4th Floor
New York, NY 10013
212.226.5054
fax 212.226.5085
mailbox@powleylaw.com

**To**    Virginia R. Richard, Esq.

**From**    James M. Gibson, Esq.

**Reference**    Google Inc. v. Richard Wolfe
Our Ref. No.: 246.1

**Date**    April 12, 2006

**Fax Number**    (212) 294-4700

**Number of Pages**
(including cover page)    3

**Message**

This facsimile message and accompanying documents are intended only for the use of the addressee indicated above. Information that is privileged or otherwise confidential may be contained therein. If you are not the intended recipient, you are hereby notified that any dissemination, review, or use of this message, documents or information contained therein is strictly prohibited. If you have received this message in error, please notify us immediately by telephone or facsimile and mail the original to us at the above address. Thank you.

VIA FACSIMILE

April 12, 2006

Virginia R. Richard
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166

    Re: Google v. Froogles.com
      Our Ref. No.: 246.1

Dear Virginia,

Law Office of
**Robert L. Powley**
pc

We have reviewed your letter dated April 6, 2006 and disagree with the issues Google raises therein. Therefore, Mr. Wolfe refuses to (1) withdraw his Answer and Counterclaims, (2) withdraw the Trademark Trial and Appeal Board opposition proceeding, and (3) transfer the domain name Froogles.com to Google.

As an initial matter, we note that Mr. Wolfe is still in the process of reviewing his deposition transcript for any changes as to form or substance pursuant to Fed. R. Civ. P. 30(e). A copy of any changes will be sent to Google's counsel in the near future.



Second, despite Google's unsubstantiated position that Mr. Wolfe's use of the FROOGLES mark is not "bona fide" trademark use (apparently only use equivalent to or in excess of Google's volume of use is satisfactory trademark use), it is absolutely clear from Mr. Wolfe's testimony, as well as the documents produced by Mr. Wolfe, that (1) Mr. Wolfe began using his service mark "FROOGLES" in U.S. commerce during December 2001, and he has used it continuously while providing services associated with his website, (2) that Mr. Wolfe actually earned commission checks for services provided in connection with his website "www.froogles.com" in early 2002 – well before Google began use of its alleged mark "FROOGLE," and (3) Mr. Wolfe has produced documentation establishing these facts. In fact, Plaintiff entered many of these documents into evidence at Mr. Wolfe's deposition and he testified about them. In light of this evidence, which Google has not challenged (other than arbitrarily classifying it as not "bona fide"), it is without regard to the facts that Google takes the position that Mr. Wolfe has no enforceable trademark rights in "FROOGLES."

417 Canal Street
4th Floor
New York, NY 10013
212.226.5054
fax 212 226 5085
mailbox@powleylaw.com

Moreover, many of the issues in your letter (that were also raised at deposition) involve legal issues that in turn require legal training or an understanding of the legal issues in this lawsuit. All of which are beyond the

Virginia R. Richard
April 12, 2006
Page 2 of 2

scope of Mr. Wolfe's knowledge as a fact witness. We remind you that Mr. Wolfe is not a lawyer nor does he have any legal training.

In addition, your April 6th letter is replete with other inaccuracies and misstatements that we will respond to at a later date.

Finally, if Google files a motion for sanctions against Mr. Wolfe and his counsel, despite the evidence in support of Mr. Wolfe's position in this lawsuit, Mr. Wolfe will counter for sanctions against Google and its counsel as well as seek all costs associated with his counsel having to defend against a meritless motion.

Thank you,

*[signature]*

James M. Gibson

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October true and correct copies of the foregoing Mr. Wolfe's Opposition to Google's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2) was duly served on counsel for Plaintiff by email, facsimile and U.S. first class pre-paid mail in envelopes addressed as follows:

Ramsey Al-Salam, Esq. (ralsalam@perkinscoie.com)
Perkins Coie, LLP
1201 Third Ave Ste. 4800
Seattle, WA 98101
Telephone: (206) 359-6385
Facsimile: (206) 359-7385

Richard S Mandaro. Esq. (rmandaro@arelaw.com)
Amster, Rothstein & Bernstein
90 Park Avenue
New York, NY 10016
Telephone: 212-336-8106
Facsimile: 212-336-8001

Attorneys for Plaintiff,
GOOGLE INC.

_____
Casimir W. Cook

Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendant,
RICHARD WOLFE