UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- -x

GOOGLE, INC.,                                          :
A Delaware corporation,
                                                       :
         Plaintiff/Counter-Defendant,                  :           CV-05-1779(TCP) (ETB)
                                                       :
         v.                                            :
                                                       :
RICHARD WOLFE d/b/a                                    :
FROOGLES.COM,                                          :
An individual,                                         :
                                                       :
         Defendant/Counterclaimant.                    :
----------------------------------------------------------------x


MEMORANDUM OF LAW IN SUPPORT OF
CAMERON & HORNBOSTEL'S MOTION TO FIX A CHARGING LIEN


I.       BACKGROUND

         Cameron & Hornbostel LLP ("C&H") represented Richard Wolfe before the Trademark

Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO")

in opposing Google's application to register FROOGLE.[1] C&H instituted the proceeding against

Google on April 2, 2004 and represented Mr. Wolfe until its authority to do so was revoked and

new counsel substituted in its place on July 12, 2005. (Humphrey Decl. at ¶¶ 3, 8-10, 14-15, 18,

22.)

         Beginning on or about July 1, 2004 and continuing until it was formally discharged in

July 2005, C&H represented Mr. Wolfe in the TTAB proceeding on a contingent fee basis.

(Humphrey Decl. at ¶¶ 8, 11.) A copy of the Legal Services Agreement (the "Agreement")

---

[1]      Declaration of Stephen L. Humphrey, attached hereto, at ¶ 2 (hereinafter "Humphrey Decl.").

Dockets.Justia.co

establishing the contingent fee arrangement is attached to the Humphrey Declaration as Exhibit 1.

The Agreement provides that C&H shall receive 35% "of any consideration received by [Mr. Wolfe] from Google or any third party in any settlement of the Opposition Proceeding . . . ." (Agreement at ¶ 3(a).) The Opposition proceeding is still pending; however, it was suspended on Google's motion for suspension filed in the TTAB on the same day that it filed the instant civil action in this Court, and remains suspended pending the outcome of this case. Any agreement to settle the instant civil action will necessarily include settling the Opposition proceeding as well.[2] If Google agrees to pay consideration to Mr. Wolfe as part of any such settlement, C&H is entitled to share in such consideration. C&H respectfully requests this Court to fix a charging lien in order to preserve and protect C&H's interest in the proceeds of a settlement. Although the charging lien should be granted now, the amount of the lien can be determined at a later time. The amount of the lien need not be determined until after the parties reach a settlement that includes an undertaking by Google to grant or pay consideration to Mr. Wolfe and an undertaking by Mr. Wolfe to dismiss the Opposition proceeding.

Pursuant to and in reliance upon the fee Agreement, C&H's lawyers and staff devoted over 600 hours to its representation of Mr. Wolfe during the period from July 1, 2004 through the end of July 2005. (Humphrey Decl. at ¶ 24.) Its time and services are fully documented in C&H's detailed time and billing records produced by C&H to Mr. Wolfe's counsel in this case on April 28, 2005 in response to a document production request served on counsel by Google.

C&H was discharged as counsel for Mr. Wolfe in the TTAB proceeding solely because it declined to represent Mr. Wolfe in the instant civil action. The fee Agreement entered into

---

[2]    In his Counterclaims filed in the instant civil action, Mr. Wolfe requests that this Court "issue an order directing the U.S. Patent and Trademark Office to sustain the opposition filed by defendant against Plaintiff's U.S. Application Serial No. 78/187,946 to register FROOGLE." (Def.'s Countercls., Prayer for Relief at ¶10.)

between C&H and Mr. Wolfe provides that C&H will represent Mr. Wolfe in the Opposition proceeding and that such representation shall not extend to "representation of [Mr. Wolfe] in connection with any claim filed or proceedings commenced by . . . Google . . . in a court of law . . . ." (Agreement at ¶ 3.)[3]

Mr. Wolfe understood that C&H's representation was limited to the Opposition proceeding and that he would need to retain new counsel to represent him in the event that Google were to file a civil action against him in federal or state court. Nevertheless, as more fully explained in the Humphrey Declaration, C&H did appear in this action on behalf of Mr. Wolfe in order to protect his interests until new counsel could be identified.

## II.    ARGUMENT

### A.    C&H IS ENTITLED TO A CHARGING LIEN UNDER NEW YORK LAW

When an attorney's retainer agreement with its client assigns to the attorney a portion of the proceeds of the action, the attorney "acquires . . . a vested property interest which cannot subsequently be distributed by the client or anyone claiming through or against the client." People v. Keeffe, 50 N.Y.2d 149 (1980). C&H entered into a contingency fee agreement with Mr. Wolfe and relied thereon in representing Mr. Wolfe in the Opposition proceeding. Even in the absence of an explicit fee agreement, New York provides for an attorneys' charging lien by statute.

Thus, N.Y. Judiciary Law § 475 (McKinney 1983) provides that:

> From the commencement of an action in any court or *before any . . . federal department* . . . , the attorney who appears for a party has a lien upon his client's cause of action . . . which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and *the lien*

---

[3]    C&H did appear for Mr. Wolfe in this proceeding briefly at the outset for the limited purpose of obtaining additional time for Mr. Wolfe to answer the Complaint and avoid judgment by default until new counsel could be identified.

> *cannot be affected by any settlement between the parties before or after judgment, final order or determination.* The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. CLS Jud. art. 15, § 475 (2006) (emphasis provided).

An attorney may rely on the charging lien created by the New York statute to trace the proceeds of a settlement into the hands of a third person or hold a defendant responsible if the defendant knowingly pays the client and frustrates collection of the attorney's fee. Goldstein, Goldman, Kessler & Underberg v. 4000 East River Road Associates, 409 N.Y.S.2d 886 (1978), aff'd, 48 N.Y.2d 890 (1979).

By its plain terms, Section 475 applies to proceedings instituted in the USPTO, which is part of the Department of Commerce and thus a "federal department" within the meaning of the statute. Furthermore, C&H lawyers "appear[ed]" for Mr. Wolfe in the Opposition proceeding. The Opposition proceeding is clearly connected to the instant civil action in that in his Counterclaims, Mr. Wolfe is seeking, *inter alia*, an order directing the USPTO to sustain his Opposition and refuse registration of FROOGLE. In other words, Mr. Wolfe seeks in this Court the same relief sought in the pending Opposition proceeding. Moreover, as noted above, the Opposition proceeding was suspended specifically because this Court can resolve all issues related to Mr. Wolfe's cause of action and thereby avoid requiring the parties to litigate in more than one forum and risk possibly conflicting rulings. The statute plainly applies to funds paid to a party "either by judgment or settlement" and it is upon such funds "that the lien is imposed." In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir. 1979) (citations omitted); Field v Truro Cab Corp., 274 N.Y.S.2d 62 (1966). (The lien described in § 475 attaches to the sum or value agreed upon in a settlement, the same as it would attach to a judgment had a prosecution of the cause of action resulted in the lien.)

4

C&H's lien attaches to the proceeds of a settlement in the instant case notwithstanding the fact that this is a different forum than the USPTO, where C&H instituted the Opposition proceeding on behalf of Mr. Wolfe. In an analogous situation, the Court of Appeals of New York stated as follows:

> [T]he parties now agree that Cohen has a statutory lien which attaches to the recovery notwithstanding that the final judgment was obtained in Federal court. That rule has been applied repeatedly in the Appellate Division by decisions holding that *the lien is imposed on the cause of the action and that the proceeds, wherever found, are subject to it. And this is so even if recovery is obtained in an action different from the one in which the services were rendered* (see, Neimark v Martin, 7 AD2d 934, 935; Morgan v Drewry, S. A. R. L., 285 App Div 1, 4; Matter of Lourie, 254 App Div 555; see also, Matter of Board of Water Supply [Bell], 179 App Div 877, 878). Cohen v. Grainger, 622 N.E.2d 288, 289 (1993) (emphasis provided); see also In re Pyrocolor Corp., 46 F.2d 554, 556 (S.D.N.Y. 1990) ("[T]he lien must be limited to the proceeding, or at least *connected with the proceeding* in which the fund arises." (emphasis provided)).

The rationale for applying the charging lien statute to the proceeds of a judgment or settlement obtained in a later proceeding is simple and clear, as the Court in Cohen explained:

> Were the rule otherwise, the client and the successor attorney could easily frustrate the remedial purposes of the statute by the simple expedient of instituting a new action, thereby extinguishing the prior action, and leaving the discharged attorney without security . . . . Accordingly, we hold that Cohen's rights attached when he commenced the State action and he is entitled to a statutory lien against the proceeds of the Federal action.

Cohen v. Grainger, 622 N.E.2d 288, 289 (1993).

C&H performed its services pursuant to an agreement with Mr. Wolfe whereby C&H would be compensated for its efforts only out of any funds that Google might pay to Mr. Wolfe in settlement of the Opposition proceeding. The Agreement expressly provides that C&H will not receive any compensation in the event that the TTAB rules against Mr. Wolfe and declines to refuse registration of FROOGLE. (Agreement at ¶ 3.) The Agreement constitutes a wholly fair exchange of risks and rewards between the parties.

5

The Opposition proceeding, which is essentially a litigation proceeding, was hard fought against one of the largest litigation firms in the country representing one of the wealthiest clients in the country. Clearly there was no guarantee of success.

Thus, this Court should grant a charging lien in favor of C&H although the amount of the charging lien can be determined under a *quantum meruit* basis at a later time. DeSalvatore v. Lavigne, 533 N.Y.S.2d 41 (1988).

## B.    THIS COURT HAS JURISDICTION TO ISSUE AN ORDER TO FIX A CHARGING LIEN IN FAVOR OF C&H

It is well settled that the federal courts may exercise supplemental jurisdiction to hear fee disputes between litigants and their attorneys. As a general matter, supplemental jurisdiction "may be asserted for two related purposes: to permit disposition by a single court of factually interdependent claims, and to allow a court to 'function successfully, that is, to manage its proceedings, indicate its authority, and effectuate its decrees.'" United States v. Weissman, 1997 WL 334966 *3 (S.D.N.Y. 1997) (quoting Kokkenen v. Guardian Life Ins. Co., 511 U.S. 375, 380 (1994)). As discussed more fully below, both of these purposes would be served here by adjudicating the fee dispute between C&H and Mr. Wolfe.

Moreover, in the context of fee disputes, a district court properly exercises ancillary jurisdiction when the dispute relates to the main action and when the court is familiar with the amount and quality of the work performed by the attorney. Joseph Brenner Assocs. v. Starmaker Entm't, Inc., 82 F.3d 55, 58 (2d Cir. 1996); Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 251, 256 (2d Cir. 1988); Editions Musicales et Cinematographique Pouchenel, S.P.L.R. v. MTI Enters., 2002 U.S. Dist. LEXIS 12964, No. 01 CN 2695, at *1 (S.D.N.Y. July 16, 2002).

Mr. Wolfe, in his Counterclaims filed in the instant action, requests that this Court issue an order sustaining the Opposition filed against Plaintiff's application to register the mark

6

FROOGLE. (Def.'s Countercls., Prayer for Relief at ¶ 10.) In addition, Google, in its Motion for Suspension of the Opposition, states that "the [c]ivil [a]ction will dispose of all issues currently pending before the Trademark Trial and Appeal Board . . . ." Google Inc. Mot. for Suspension (Apr. 8, 2005). The TTAB also notes in its Order that, "Should the District Court determine that . . . [Mr. Wolfe's] use of the mark 'FROOGLES' infringes on . . . [Google's] 'GOOGLE' mark and grant the requested relief, then such finding and order would obviously and directly impact this [O]pposition." TTAB Order (July 28, 2005).

It is clear that any agreement to settle the instant civil action will necessarily settle and dispose of the Opposition proceeding. The TTAB does not have authority to grant attorneys' liens. Therefore, a dispute over fees which originated in the Opposition proceeding is related to the instant civil action and should be adjudicated by this Court for reasons of judicial efficiency.

C&H has maintained an office in New York for over 30 years, since 1975, and its attorneys have appeared in proceedings before the state and federal courts and agencies in New York. As noted above, C&H appeared in this action on behalf of Mr. Wolfe just after the case was filed. Although the decision to hear an ancillary claim is discretionary, Ashr v. Brown & Root Servs. Corp., 1998 U.S. Dist. LEXIS 2103 (1998), the Second Circuit has stated that the district court has a "responsibility to protect its own officers in such matters as fee disputes." Itar-Tass Russian News Agency, 140 F.3d at 444 (quoting Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F .2d 251, 256 (2d Cir. 1988)).

### C.   C&H IS ENTITLED TO SHARE IN ANY SETTLEMENT PROCEEDS

Judiciary Law § 475 confers upon an attorney the right to a charging lien on his or her client's cause of action and hence any proceeds that ensue therefrom whether by way of a judgment or settlement. C&H appeared as attorneys of record for Mr. Wolfe in the Opposition proceeding and participated in all legal proceedings on Mr. Wolfe's behalf until it was replaced by new counsel.

C&H devoted over 600 hours working on a contingent fee basis on the Opposition proceeding on behalf of Mr. Wolfe. C&H represented Mr. Wolfe on an hourly rate basis prior to July 1, 2004. In reliance on the contingent fee Agreement, C&H provided its services and incurred expenses on Mr. Wolfe's behalf with the expectation and understanding that it would share in the proceeds of any settlement that provided for Google to pay or grant consideration to Mr. Wolfe in exchange for his agreement to terminate the Opposition proceeding. Thus, it would be profoundly unfair for Mr. Wolfe to be permitted to collect sums under a judgment or settlement of the civil action that also necessarily settles the Opposition proceeding as well, without compensating C&H in accordance with the fee Agreement or the fair value of its services rendered and costs incurred.

### III.   CONCLUSION

For all of these reasons, we respectfully request that this Court issue an Order fixing a charging lien to be satisfied out of the proceeds of any judgment or settlement as may be entered or reached in this civil action that includes or involves a dismissal or other disposition of the Opposition proceeding.

Dated: New York, New York
      October 31, 2006

                                    CAMERON & HORNBOSTEL LLP

By:                                                           
Jayni Edelstein Alegria (JE 2408)
866 United Nations Plaza, Suite 249
New York, NY 10017
(646) 840-6666

Steven L. Humphrey
818 Connecticut Avenue N.W.
Washington, D.C. 20006
(202) 293-3529

## Certificate of Service

I hereby certify that on October 31, 2006, I caused a copy of the foregoing **Notice of Motion to Fix a Charging Lien, Memorandum in Support of Cameron & Hornbostel's Motion to Fix a Charging Lien,** and accompanying **Declaration of Stephen L. Humphrey in Support of Motion to Fix a Charging Lien** to be served by Federal Express, prepaid, on:

Counsel for Plaintiff/Counter-Defendant:

Richard S. Mandaro, Esq.,
Amster, Rothstein & Bernstein
90 Park Avenue
New York, NY 10016
(212) 336-8106

Counsel for Defendant/Counterclaimant:

Robert L. Powley, Esq.
Powley & Gibson P.C.,
304 Hudson Street, 2nd Floor
New York, NY 10013
(212) 226-5054

Jayni Edelstein Alegria