Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street – 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile:  (212) 226-5085

Attorneys for Defendant
RICHARD WOLFE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------)
GOGGLE INC.,                                                :
a Delaware corporation,                                :         CV-05-1779 (TCP) (ETB)
                                                                       :
    Plaintiff/Counter-Defendant              :
                                                                       :
v.                                                                    :         Opposition to Motion to Fix
                                                                       :         a Charging Lien
RICHARD WOLFE d/b/a                            :
FROOGLES.COM,                                        :
an individual,                                                 :
                                                                       : .
    Defendant/Counterclaimant                :
-------------------------------------------------------)

### DEFENDANT/COUNTERCLAIMANT'S OPPOSITION
### TO CAMERON & HORNBOSTEL'S MOTION TO FIX A CHARGING LIEN

Cameron & Hornbostel, LLP (hereinafter "C&H") has filed a motion asking this court to fix a charging lien in its favor in the above captioned matter. For the reasons outlined below, and the facts stated in the Declaration of Richard Wolfe, submitted in support of his opposition, C&H's motion should be denied in its entirety.

## ARGUMENT

### I. C&H FAILED TO PROPERLY INFORM MR. WOLFE OF ISSUES IMPACTING HIS REPRESENTATION

It is black letter law that in the attorney/client relationship, the onus is squarely on the attorney to prove that a retainer agreement is fair, reasonable and fully comprehended by the client. Kin Cheung Wong v. Michael Kennedy, P.C., et al., 853 F.Supp. 73, 80 (E.D.N.Y. 1994). Typically, this will involve advising the client to seek independent counsel should the attorney and client reach a situation where their respective interests may conflict. In this case, Mr. Wolfe was no properly informed of his right to seek independent counsel's advice at the time he entered into the contingency agreement that C7H now seeks to enforce against him.

On or about May 30, 2003, Mr. Wolfe entered into a standard retainer agreement with C7H for services related to the filing of a trademark application for the mark FROOGLES and to protect the mark FROGGLES. The retainer agreement required Mr. Wolfe to compensate C&H for services rendered based on the number of hours worked times an hourly rate for the attorneys and other staff members working on Mr. Wolfe's behalf. The parties operated under this agreement for over a year and Mr. Wolfe paid C&H in excess of $43,000.00 for its services during this period. (Wolfe Decl. ¶ 2). Copies of cancelled checks evidencing Mr. Wolfe's payments to C&H are attached to the Wolfe Declaration as Exhibit B.

On or about September 1, 2004, Mr. Wolfe informed C&H that he was no longer in a position to continue paying C&H on an hourly basis and sought to have C&H

continue working on his behalf on a contingency basis. The parties discussed this option and came to a verbal agreement that C&H would continue to represent Mr. Wolfe on a contingency basis. At no time during the discussions leading up to the verbal contingency agreement did C&H express any concern to Mr. Wolfe that it would not continue to represent him and do whatever was necessary to protect his intellectual property right in the mark FROOGLES. (Wolfe Decl. ¶ 3).

Notwithstanding that the parties came to a verbal agreement as to the scope of C&H's representation of Mr. Wolfe on or about September 1, 2004, C&H did not reduce the terms of the new "contingency" agreement and forward a copy of the proposed agreement to Mr. Wolfe for execution until December 1, 2004, approximately three months after the parties originally came to a verbal agreement. A copy of the new "contingency" agreement is attached to the Wolfe Declaration at Exhibit C. One week later on December 8, 2004, C&H filed a motion with the Trademark Trial and Appeal Board (hereinafter "TTAB") seeking summary judgment in the pending opposition, a motion that C&H knew would likely suspend proceedings in the TTAB and believed could even have been dispositive of the matter. C&H failed to inform Mr. Wolfe that its filing of the summary judgment motion could in fact conclude the TTAB proceeding if the motion was decided in Mr. Wolfe's favor. (Wolfe Decl. ¶ 4).

On January 21, 2005, Mr. Wolfe, unaware that the pending summary judgment might well conclude all work necessary on the part of C&H, executed and returned the new "contingency" agreement wherein he allegedly granted a 35% interest in any settlement he might receive from Google. Had Mr. Wolfe know that C&H's motion for summary judgment could have in effect been the last legal work performed for him in the

3

TTAB proceeding, he would not have executed the contingency agreement but opted to pay the cash value of C&H's services. (Wolfe Decl. ¶ 4).

In addition, at the time Mr. Wolfe executed the new contingency agreement, he assumed that C&H's representation would be without limitation and that C&H would continue to represent him and do whatever was necessary to protect his interests in FROOGLES. Because of this belief, Mr. Wolfe simply executed and returned the contingency agreement to C&H without closely reviewing it. More importantly, C&H did not advise Mr. Wolfe to have independent counsel advise him before signing a contingency agreement that granted C&H a possible 35% interest in Mr. Wolfe's rights. (Wolfe Decl. ¶ 4). In hindsight, had Mr. Wolfe understood the limitations of C&H's representation as outlined in the contingency agreement, he never would have signed it. (Wolfe Decl. ¶ 5). In essence, Mr. Wolfe learned from Mr. Humphrey that C&H would not represent him in this lawsuit only after the lawsuit was filed. (Wolfe Decl. ¶ 6).

## CONCLUSION

For the foregoing reasons, Mr. Wolfe submits that the contingency agreement he executed with C&H, and that C&H bases its request for a charging lien on, is not enforceable because C&H failed to properly advise Mr. Wolfe to retain independent counsel prior to executing the agreement, and failed to disclose the intended scope of its services. Mr. Wolfe respectfully requests that the motion of C&H be denied in its entirety.

Respectfully submitted,

Dated: November 20, 2006

By: _____
Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street – 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085
Attorneys for Defendant
RICHARD WOLFE