Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5058

Attorneys for Defendant
RICHARD WOLFE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------)
**GOOGLE INC.,**                                :
**a Delaware corporation,**                     :        **CV-05-1779 (TCP) (ETB)**
                                                :
    **Plaintiff/Counter-Defendant**             :
                                                :
              **v.**                            :        **DECLARATION OF**
                                                :        **RICHARD WOLFE**
**RICHARD WOLFE d/b/a**                         :
**FROOGLES.COM,**                               :
**an individual,**                              :
                                                :
    **Defendant/Counterclaimant**               :
-----------------------------------------------------)

### DECLARATION OF RICHARD WOLFE IN SUPPORT OF
### DEFENDANT/COUNTERCLAIMANT'S OPPOSITION TO
### CAMERON & HORNBOSTEL'S MOTION TO FIX A CHARGING LIEN

Richard Wolfe, pursuant to 28 U.S.C. § 1746, states:

1. I, Richard Wolfe, submit this declaration based on my personal knowledge and in support of my Opposition to the Motion to Fix a Charging Lien.

2. On May 30, 2003 I entered into a retainer agreement with the law firm of Cameron & Hornbostel, LLP (hereinafter "C&H"). The May 30, 2003 retainer

Dockets.Justia.com

agreement is attached hereto as <u>Exhibit A</u>. I paid C&H a total of $43,506.65 under the May 30, 2003 retainer agreement, an amount that I understood was in full payment for services rendered while the agreement was in effect. The checks evidencing these payments are attached hereto as <u>Exhibit B</u>. This retainer agreement was in effect until sometime around September of 2004.

3. On or about September 1, 2004, I informed C&H that I could no longer pay its legal fees and the parties began discussing the possibility of a second agreement based on a contingency arrangement for the continued representation of my interests in the name FROOGLES. For several months around September 2004, C&H and I operated under an oral agreement, based on contingency, under which I understood C&H would represent me and do whatever was necessary to protect my interests in FROOGLES. C&H ultimately reduced its interpretation of this agreement to a writing on or about December 1, 2004 and sent it to me on that date for execution. A copy of this agreement is attached hereto as <u>Exhibit C</u>.

4. I executed and returned the second agreement to C&H on or about January 21, 2005, believing it to convey my understanding of the relationship between C&H and myself. At that time, my understanding was that C&H would represent me and my interests in the name FROOGLES and do whatever needed to be done to protect my interests in FROOGLES, albeit on a contingency basis. At that point, C&H had not indicated to me that it would not represent me should the TTAB proceeding be moved to district court. Further, to the best of my recollection, C&H never informed me that the Motion for Summary Judgment filed with the TTAB would likely suspend the proceedings in the TTAB and that C&H would not have anything else to do in the

proceeding if the motion was granted. To the best of my recollection, at no time did C&H inform me that the Summary Judgment motion could conclude the TTAB proceeding if the motion was decided in my favor. If I knew that was the case, I would have opted to pay cash for the services performed at that time. I certainly would not have signed the second agreement which effectively conveyed to C&H 35% of any judgment I might be awarded. At no point did C&H direct me to seek counsel to review the second agreement nor explain to me the terms included in the writing and I never did receive legal counsel regarding the second agreement.

5. To the best of my recollection, the first time I realized that C&H would not represent me in this lawsuit, was on or about April 8, 2005 when Google, Inc. filed its complaint in the United States District Court for the Eastern District of New York.

6. I would never have agreed to convey 35% of any possible judgment in this matter to C&H if I had known that its representation of me and my interests was limited to solely the TTAB proceeding.


I hereby declare under the laws of the United States of America that the foregoing is true and correct.


Dated: November 20, 2006

By: _____
        Richard Wolfe
        Defendant/Counterclaimant

# EXHIBIT A

## CAMERON & HORNBOSTEL LLP
### 818 CONNECTICUT AVENUE, N.W.
### WASHINGTON, D.C. 20006-2722

PETER A. HORNBOSTEL
DUNCAN H. CAMERON
WILLIAM KITCHELL INCE
HOWARD L. VICKERY
FREDERICK SIMPICH
ALEXANDER W. SIERCK
DENNIS JAMES, JR.
MICHELE SHERMAN DAVENPORT
DEAN HOLBROOK*
JIM TOM HAYNES
STEPHEN L. HUMPHREY
THOMAS SILBIGER*
LUIZ CLAUDIO DUARTE**
THOMAS E. SKILTON
J.A. ANTUNES MACIEL**

YONG LEE*
MATTHEW J. MARTIN*
JAYNI EDELSTEIN ALEGRIA*
VALERIE ELLIS

(202) 293-4690
FAX: (202) 293-1877
lawyersdc@cameron-hornbostel.com

NEW YORK OFFICE:
866 UNITED NATIONS PLAZA
NEW YORK, N.Y. 10017
Tel. (646) 840-6666
Fax: (646) 735-3759
lawyersny@cameron-hornbostel.com

OF COUNSEL:
BERTRAND J. DELANNEY*
RICHARD C. KATZ*
LUIS ALBERTO ANINAT***

*not admitted in D.C.
**admitted only in Brazil
***admitted only in Chile

### Stephen L. Humphrey
### Direct Dial: (202) 293-3529
### shumphrey@cameron-hornbostel.com

May 30, 2003

Mr. Richard Wolfe
D/b/a FROOGLES.COM
17 Castle Lane
Holtsville, NY
11742

Re: Trademark Advice and Protection

Dear Mr. Wolfe:

This is to confirm that, at your request, I have agreed to represent you in seeking to register and protect your trademark, FROOGLES.COM. In addition, as we discussed, I will advise you as to steps that may be taken in addressing use of the FROOGLE.COM and similar domain names and trademarks by others, and I will represent you in taking such action as we consider appropriate under the circumstances. As a first step, as we discussed, I will need to evaluate your rights in the matter.

My services will be provided based on a rate of $300 per hour, plus expenses and other non-fee charges. Expenses and other non-fee charges may include, for example, filing fees charged by the U.S. Government (*e.g.*, Trademark Office filing fee of $335 per class for a trademark application), copying charges and the like as may be required. I bill monthly or as services are provided, and payment is due upon receipt of a billing statement. In an effort to keep costs down and to provide services in an efficient manner, I may use associates, paralegals and outside services to assist with certain matters as appropriate. I charge a flat fee of $450 to prepare and file a trademark application in one class with the United States Patent and Trademark Office.

As we discussed, I ask that you forward a retainer in the amount of $3,000 to me by check payable to CAMERON & HORNBOSTEL LLP, which will be applied against fees and expenses incurred.

Please sign and return a copy of this letter to me by fax and by regular mail to indicate that the foregoing terms of retention are acceptable to you. I will begin work on this matter for you after receiving

Mr. Richard Wolfe
May 30, 2003
Page 2

a signed copy of this letter and the retainer check.

Please send me information concerning your use of FROOGLES.COM, along the lines we discussed. This should include dates of use (e.g., date registered as domain name; date you began using the trademark on your web site; dates of use and registrations by others as available), states from which you have received inquiries, states into which sales have been made based on visits to your web site, and information concerning use of domain names and trademarks similar to FROOGLES.COM by others. Also, please prepare a simple narrative explaining to me how your business operates, how you promote your web site, arrangements with the "middleman" sites you described for me in our telephone conversation this morning and other information as may seem useful in providing me with as complete a picture as possible of your business, your use of FROOGLES.COM and the use of similar names by others.

Please call me if you have any questions. I look forward to working with you on this matter.

Sincerely,

*Stephen L. Humphrey*

Stephen L. Humphrey

**Accepted:**

Mr. Richard Wolfe,
D/b/a FROOGLES.COM

*Richard Wolfe*

Date:   May 30, 2003

# EXHIBIT B

**Richard C. Wolfe**
17 Castle Ln.
Holtsville, NY 11742

1048

55-7267/212
04-085-1813

Date 5-30-03

Pay to the Order of Cameron & Hornbostel LLP   $ 3,000 00/xx

Three thousand and 00/xx ————————————— Dollars

**citi**
Citibank Federal Savings Bank
111 Sylvan Ave
Englewood Cliffs, NJ 07632-1514

Richard Wolfe

memo ⑈⑆0 2 1 2 7 2 6 7 ⑈⑆ 0 6 2 4 1 3 1 7 0 9 0 4 7 ⑈⑆ 1 0 4 8   MP

RICHARD WOLFE  2306
17 CASTLE LN
HOLTSVILLE NY 11742-1601

Merrill Lynch                    101

June 1  04  62-16
                311

PAY
TO THE
ORDER OF  Cameron & Hornbostel LLP  $ 4,506.05

Four thousand five hundred six and 05/xx  DOLLARS

MBNA America
Wilmington, Delaware

FOR

⑈031100160⑈ 20021191135⑈025101

**Richard C. Wolfe**
17 Castle Lane
Holtsville, NY 11742

1110

T264/2260

DATE 6-15-04

PAY TO THE
ORDER OF Cameron & Hornbostel LLP    $ 14,000 08/xx

Fourteen thousand and 00/xx DOLLARS

New York Community Bank
2350 No. Ocean Avenue
Farmingville, NY 11738

FOR Froogles Trademark dispute    Richard Wolfe

⑈:2260 7264 7⑈: 0264 "00605" ⑈"    1110

Richard C. Wolfe
17 Castle Lane
Holtsville, NY 11742

1116

1-7264/2250

DATE 7-28-04

PAY TO THE
ORDER OF Cameyon & Hornbostel LLP          $ 7000 00/100

Seven Thousand and 00/100 ———————— DOLLARS

New York Community Bank
2350 Rte Ocean Avenue
Farmingville, NY 11738

FOR Froogles

⑆ 226072647⑆ 0264 00605 7⑈ 1116

Richard C. Wolfe
17 Castle Lane
Holtsville, NY 11742

1124

1-7264/2260

DATE 9-10-04

PAY TO THE ORDER OF _Cameron + Hornbostel_    $ 100 00/100

_One Hundred and 00/100_    DOLLARS

New York Community Bank
2350 No. Ocean Avenue
Farmingville, NY 11738

FOR _Frayles_    Richard Wolfe

⑆226072647⑆ 0264 00605 71 1124

---

KATHRYN DOWNING
3327 91ST ST APT 1B
JACKSON HTS NY 11372-1723

Merrill Lynch

101

Sept 6   2004    62-16 / 311

PAY TO THE ORDER OF _Cameron + Hornbostel_    $ 14,900 00

_fourteen thousand nine hundred_    00/100 DOLLARS

MBNA America
Wilmington, Delaware

FOR _Rich Wolfe_    Kathryn Downing

⑆031100160⑆ 200236811331 025101

# EXHIBIT C

SLH
Copy

# LEGAL SERVICES AGREEMENT

This LEGAL SERVICES AGREEMENT ("Agreement") is made as of September 1, 2004, by and between Richard Wolfe ("Client"), an individual residing at 17 Castle Lane, Holtsville, New York 11742and Cameron & Hornbostel LLP ("Attorney"), a New York registered limited liability partnership having an office at 818 Connecticut Avenue, NW, Suite 700, Washington, D.C.

## RECITALS

WHEREAS, Client owns the domain name Froogles.com and operates a website at that address under the mark FROOGLES, and Client is seeking to register the mark FROOGLES in the United States Patent and Trademark Office ("USPTO") (Client's domain name, mark, pending application in the USPTO (Ser. No. 7829093) and any resulting registration, website and all assets and rights related to any of the forgoing are hereinafter referred to as "Client's Assets");

WHEREAS, Google Inc. ("Google"), a publicly-traded company, owns the domain name Froogle.com and operates a website at that address under the mark FROOGLE, and Google is seeking to register the mark FROOGLE in the USPTO (Ser. No. 78187946);

WHEREAS, Client wishes to prevent Google from obtaining a USPTO registration for the mark FROOGLE,  and at Client's request Attorney has commenced an opposition proceeding on behalf of Client against the pending FROOGLE application in the USPTO before the Trademark Trial and Appeal Board (Opp. No. 91159991) ("Opposition Proceeding");

WHEREAS, Google has filed its answer in the Opposition Proceeding; the parties are in the discovery period in the Opposition Proceeding at the present time; Google filed a Complaint under the Uniform Domain Name Dispute Resolution Policy in May 2004 in which it sought to have Client's domain name transferred to it; Attorney successfully defended that action on behalf of Client, obtaining a dismissal of Google's complaint and thus allowing Client to keep its domain name Froogles.com; Attorney has to date provided additional legal services and incurred expenses as set forth in its billing statements;

WHEREAS, Client wishes for Attorney to continue to prosecute the pending application to register the mark FROOGLES in the USPTO and to continue through the Opposition Proceeding to seek to prevent Google from registering the mark FROOGLE in the USPTO (those matters are referred to herein together as the "USPTO Matters"); but is unable to compensate Attorney for Attorney's services at Attorney's regular hourly rates; and

WHEREAS, Client has previously requested that Attorney represent him on a contingent fee basis but Attorney has declined; Client has sought out other attorneys to represent him on a contingent fee basis but those attorneys have declined to take the matter on that basis as well; Attorney is prepared now to agree to handle the USPTO Matters on a limited contingent fee basis subject to the terms and conditions set forth below.

NOW THEREFORE, in consideration of the mutual covenants herein contained, Client and Attorney agree as follows:

1.    Scope of Legal Services.  The parties agree that the legal services to be provided by Attorney to Client pursuant to this Agreement shall be limited to representation of Client in the USPTO Matters and possible related settlement negotiations. Legal services that are not to be provided by Attorney under this Agreement specifically include, but are not limited to, representation of Client in connection with any claim filed or proceeding commenced by any person or party (including but not limited to Client or Google) in a court of law or before any panel appointed under the Uniform Domain Name Dispute Resolution Policy or any other arbitrator or arbitration panel.  Attorney's provision of legal services pursuant to this Agreement is referred to herein as the "Representation".

2.    Responsibilities of Attorney and Client. Attorney shall perform the legal services called for under this Agreement, keep Client informed of progress and developments regarding the Representation, and respond promptly to Client's inquiries and communications. Client will be truthful and cooperative with Attorney and keep Attorney informed of all developments of which Client is aware regarding the USPTO Matters.  Any communications that Client may wish to have with Google or other persons (including the press and other media) concerning the subject of this Representation shall be made by Attorney.  Any attempts by Google or such

persons to communicate with Client shall be referred by Client to Attorney for response.

3.    <u>Attorney Fees</u>.

    (a)  The amount Attorney shall receive from Client for attorney's fees for the legal services provided under this Agreement will be equal to:

        (i) (A) thirty five percent (35%) of any consideration received by Client from Google or any third party in any settlement of the Opposition Proceeding or as payment for Client's Assets, or one hundred and fifty thousand dollars ($150,000), whichever is greater, or (B) thirty five percent (35%) of the aggregate total value of Client's Assets ("<u>Value</u>") in the event that Google or any third party either purchases an interest of less than 100% in Client's Assets or invests in any of Client's Assets, or one hundred and fifty thousand dollars ($150,000), whichever is greater; or (C) a thirty five percent (35%) interest in Client's Assets in the event that Client receives no consideration or investment for any or all of such assets; <u>plus</u>

        (ii) any amounts billed and unpaid for legal services provided by Attorney to Client prior to or during the Representation, up to an amount equal to five percent (5%) of the value of any consideration received by Client in accordance with subsection (a)(i) above, <u>provided that</u>, if Google or any third party agrees to pay all or any portion of Attorney's legal fees separately as part of a settlement, sale or investment contemplated under subsection (a)(i) above, then Client shall not be responsible for paying Attorney any amount pursuant to this subsection (ii) to the extent that the amount paid by the third party at least equals or exceeds an amount equal to five percent (5%) of any consideration received by Client pursuant to subsection (a)(i)(A) above or Value as calculated pursuant to subsection (a)(i)(B) above.

        (iii) For purposes of this Section 3, the term "Value" shall mean the quotient resulting where the dividend is the amount paid by Google or a third party for a less than a 100% interest in Client's Assets and the divisor is the percentage of such interest acquired by Google or such third party.

    (b)  If payment of all or any part of any amount to be received by Client pursuant to a settlement, sale or investment in accordance with subsection (a) above is to be deferred (such as in the case of an annuity, a

structured settlement, or periodic payments), the consideration or Value for purposes of calculating the Attorney's fees, will be the initial lump-sum payment plus the present value, as of the time of the settlement, sale or investment, of the payments to be received thereafter. The Attorney's fees will be paid out of the initial lump-sum payment. If the initial lump-sum payment is insufficient to pay the Attorney's fees in full, the balance will be paid from the immediately following payment or payments of the recovery before any distribution to Client.

(c)  Client understands and agrees that the Attorney's fees as fixed in this Agreement are not set by law but rather have been negotiated freely between Client and Attorney.  CLIENT AND ATTORNEY AGREE THAT IN THE EVENT THAT THE USPTO TRADEMARK TRIAL AND APPEAL BOARD REJECTS CLIENT'S PETITION TO PREVENT GOOGLE FROM OBTAINING A REGISTRATION FOR THE MARK FROOGLE, THEN ATTORNEY WILL RECEIVE NO ATTORNEY'S FEES WITH RESPECT TO THE REPRESENTATION.

4.    Reimbursable Expenses.  Client will reimburse Attorney for all reasonable expenses incurred by Attorney in connection with the Representation, including but not limited to, travel, filing fees, transcript costs, telephone, fax, photocopy and courier.  No out-of-the-ordinary expenses will be incurred by Attorney without Client's prior consent. Attorney will bill Client for such expenses periodically or on a monthly basis, and such expenses shall be due and payable by Client within thirty (30) days of receipt of such bill.

5.    Attorney Right to Renegotiate Agreement:

(a)  Attorney, at its sole discretion, shall have the right to renegotiate this Agreement:

(i)  in the event that Client desires to expand the scope of the Representation to have Attorney provide legal services not covered by this Agreement (including, but not limited to, representation of Client in a lawsuit, other court proceeding, or domain name dispute); and

(ii)  at the end of each successive three (3) month period following the date of this Agreement.

4

(b) If Attorney indicates that it desires to renegotiate this Agreement pursuant to subsection (a) above, and Attorney and Client are unable to agree upon new terms and amend this Agreement accordingly, then this Agreement shall nevertheless remain in effect except that Attorney shall have the right in its sole discretion to terminate the Representation and withdraw from the USPTO Matters and any other proceedings or cases (in all instances preserving Attorney's rights to fees as set forth in Section 8 below).

6.    <u>Purchase and Settlement Offers</u>. Attorney shall not agree to any purchase offer or "settlement" offer without the approval of Client, who shall have the absolute right to accept or reject any such offer. Attorney shall notify Client promptly of the terms of any offer received by Attorney.

7.    <u>Attorney's Lien</u>. Attorney shall have a lien for Attorney's fees and costs advanced on all of Client's Assets and on all proceeds of any settlement, sale or investment as referred to herein.

8.    <u>Discharge and Withdrawal</u>.

(a)  Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately upon its receipt from Attorney. Notwithstanding the discharge, Client will remain obligated to pay Attorney attorney's fees as they would be calculated pursuant to Section 3(a) had Attorney not been discharged or in an amount equal to any amounts billed and unpaid for legal services provided by Attorney to Client prior to or during the Representation, whichever is greater, plus any unreimbursed expenses incurred by Attorney on Client's behalf prior to or during the Representation.

(b)  In the event Attorney terminates the Representation and withdraws from any cases or proceedings pursuant to subsection 5(b) above, Client will remain obligated to pay Attorney, out of any amounts received in any settlement, sale or investment as referred to herein, an amount equal to any amounts billed and unpaid for legal services provided by Attorney to Client prior to or during the Representation or an amount equal to thirty five

5

percent (35%) of any settlement, sale or investment as referred to herein, whichever is greater, plus any unreimbursed expenses incurred by Attorney on Client's behalf prior to the withdrawal.

(c)  This Section 8 shall remain in effect for a period of three years following any termination of this Agreement by Attorney or Client.

9.    Disclaimer of Guaranty.  Although Attorney may advise Client as to possible results regarding the subject matter of this Agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any advice or opinion offered by Attorney in the future will not constitute a guaranty of any outcome.

10.   Entire Agreement. This Agreement contains the entire agreement of the parties with respect to the subject matter hereof. No other agreement, statement, or promise, written or oral, made on or before the effective date of this Agreement will be binding on the parties.

11.   Severability in Event of Partial Invalidity. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

12.   Modification by Subsequent Agreement. This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both.

13.   Applicable Law; Disputes.

(a)  THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO THE PRINCIPLES THEREOF RELATING TO CONFLICTS OF LAWS.

(b)  The prevailing party in any action or proceeding to enforce any provision of this Agreement will be awarded reasonable attorney's fees and costs incurred in the action or proceeding or in efforts to negotiate the matter.

6

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first above written.

CLIENT                                    ATTORNEY

_Richard Wolfe_ _____             _____

Richard Wolfe (d/b/a Froogles.com)        Cameron & Hornbostel LLP
                                          By: Stephen L. Humphrey, Partner

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November true and correct copies of the foregoing Defendant/Counterclaimant's Opposition to Cameron & Hornbostel's Motion to Fix a Charging Lien were duly served on the following by email and U.S. first class pre-paid mail in envelopes addressed as follows:

Steven L. Humphrey (shumphrey@camhorn.com)
Cameron & Hornbostel, LLP
818 Connecticut Avenue, NW
Washington, DC 20006
Telephone: 202-293-3529
Fax: 202-293-1877

Ramsey Al-Salam, Esq. (ralsalam@perkinscoie.com)
Perkins Coie, LLP
1201 Third Ave Ste. 4800
Seattle, WA 98101
Telephone: (206) 359-6385
Facsimile: (206) 359-7385

Richard S Mandaro. Esq. (rmandaro@arelaw.com)
Amster, Rothstein & Bernstein
90 Park Avenue
New York, NY 10016
Telephone: 212-336-8106
Facsimile: 212-336-8001

Casimir W. Cook

Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendant,
RICHARD WOLFE